UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DARRIEN GOETZENDANNER ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 05-11553-JLT |
| ) | |
| LUIS SPENCER, Superintendent, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS**

**Introduction**

The respondent, Luis Spencer, hereby respectfully requests that this Court dismiss the petitioner's petition for a writ of habeas corpus. As grounds for this motion, the respondent states that the petition must be dismissed as time-barred under 28 U.S.C. § 2244(d), the statute of limitations for federal habeas corpus petitions, which is contained in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Moreover, the petition must be dismissed because the claims in the petition have not been exhausted, i.e., the petitioner has not first afforded the Massachusetts state courts the opportunity to pass on his claims.[1]

**Prior and Ongoing State Court Proceedings**

On February 5, 1993, the petitioner was convicted by a Berkshire County Superior Court

---

[1] Respondent's remaining defenses are not addressed here because the running of the statute of limitations and the failure to exhaust the petitioner's claims mandate dismissal of the petition. In the event that this Court declines to dismiss the petition as time-barred and/or unexhausted, the respondent reserves the right, and requests the opportunity, to file an answer and assert all other applicable defenses.

jury of multiple crimes, including two counts of aggravated rape, two counts of assault and battery with a dangerous weapon, and one count of kidnaping. For the crime of aggravated rape, the petitioner was sentenced to a term of not less than twenty years and not more than thirty years "to be served from and after the expiration of all previous sentences which the [petitioner] has been ordered to serve . . . ." *See* Mittimus, Berkshire County Criminal Action No. 1992-00379, attached hereto as Exhibit A.

More than ten years later, on June 5, 2003, the petitioner filed a petition for a writ of habeas corpus in the Massachusetts Superior Court for Norfolk County. On June 5, 2003, the court (Cratsley, J.) issued a notation on the case which stated, in relevant part, "Case to enter. Court in its discretion waives oral argument. Hearing set for June 27, 2003, in the appropriate tracking session." *See* Docket Sheet for Norfolk County Civil Action No. 2003-01010 (hereinafter, "Docket Sheet"), attached hereto as Exhibit B. On June 26, 2003, the respondents in the Superior Court case[2] filed a return on the habeas petition, and on August 6, 2003, the respondents filed a motion to dismiss, or, in the alternative, for summary judgment. On June 1, 2004, the court (Chernoff, J.) granted the respondent's motion to dismiss the petition.

On June 11, 2004, the Norfolk Superior Court received a letter from the petitioner's counsel requesting a hearing, on the grounds that Judge Cratsley's order of June 5, 2003, had indicated that a hearing would be scheduled. In response to the petitioner's letter, Judge Chernoff noted that "[a] hearing should be scheduled to address: (1) whether the dismissal

---

[2] In the Superior Court case, Mr. Spencer, the respondent in this action, and Michael Toledo (in their capacities as Superintendent and Deputy Superintendent) were named as respondents. These respondents were represented in the Superior Court matter by David Slade, Esq., Sentencing Counsel for the Department of Correction.

should be vacated; [and] (2) whether the petitioner is presently entitled to a hearing under Judge Cratsley's order." *See* Clerk's Notice, dated June 25, 2004, attached hereto as Exhibit C.

Pursuant to the June 25, 2004, notation, a hearing was held in the Norfolk Superior Court on December 3, 2004. During this hearing, the court (Gershengorn, J.) held that Judge Chernoff should decide this matter, since Judge Chernoff had both granted the motion to dismiss and made the notation on June 25, 2004. At the hearing, the parties were informed that Judge Chernoff would review the papers in the case and "determine whether he requires a hearing or this ruling is to stand without further proceedings." *See* Clerk's Notice, dated December 3, 2004, attached hereto as Exhibit D.

The petitioner has never filed a notice of appeal from the Superior Court's ruling on the motion to dismiss his state habeas petition. *See* Docket Sheet, Exhibit B. On March 7, 2005, the petitioner filed his petition for relief in the nature of mandamus in the Massachusetts Supreme Judicial Court (hereinafter, "the SJC"). *See* Petition for Relief Pursuant to Mass. Gen. L. Ch. 211, § 3, attached hereto as Exhibit E (exhibits to Petition excluded). On April 12, 2005, Judge Chernoff issued a Memorandum, requiring the counsel for the parties in the state habeas case to appear before him on July 11, 2005, for an "on-the-record conference with counsel" on the issues raised by the petitioner, namely the "request to vacate the finding of dismissal or a request to consider again the merits of the [motion to dismiss the habeas petition]."[3] *See* Memorandum, attached hereto as Exhibit F.

On May 16, 2005, the SJC denied the mandamus petition without prejudice, pending the

---

[3] The conference which had been scheduled for July 11, 2005, was cancelled by the Superior Court and has not yet been rescheduled. *See* Docket Sheet, Exhibit B.

scheduled July 11 status conference. *See* Notice of Docket Entry, attached hereto as Exhibit G. On May 18, 2005, the petitioner gave notice of his intent to appeal the single justice's ruling on his mandamus petition to the full bench of the SJC. *See* Notice of Appeal, attached hereto as Exhibit H. The petitioner's appeal is currently pending in the SJC. *See* SJC Docket Sheet, attached hereto as Exhibit I.

## Argument

**I.    The Petition Must Be Dismissed as Time-Barred Under the Statute of Limitations for Federal Habeas Corpus Petitions.**

The petitioner's request for a writ of habeas corpus must be dismissed under the statute of limitations enacted by Congress as part of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. §2244(d), which became effective April 24, 1996. That provision, which is applicable to federal habeas corpus petitions filed by state prisoners, provides that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) *the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review*;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or

not       other collateral review with respect to the pertinent judgment or claim is pending shall
be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(emphasis added).

In the instant case, the SJC denied the petitioner's appeal from his conviction on July 8, 1997.  *See Commonwealth v. Goetzendanner*, 425 Mass. 1105 (1997)(table).  Allowing ninety (90) days in which the petitioner could file a petition for a writ of certiorari with the United States Supreme Court, the petitioner's conviction became final on October 6, 1997.  *See* 28 U.S.C. § 2244(d)(1)(A).  Any habeas petition was, then, due on or before October 6, 1998. *Id.*

The petitioner did not, however, file his petition until July 22, 2005, more than six and one-half years after the statute of limitations had expired.  The petitioner has not asserted that he could not have discovered the factual predicate of his habeas claims with the exercise of due diligence.[4]  Likewise, the petitioner has not argued that he is entitled to equitable tolling of the statute of limitations, even though a party seeking to invoke the equitable tolling doctrine "bears the burden of establishing the basis for it."[5]  *See Neverson v. Farquharson*, 366 F.3d 32, 42 (1st

---

[4] The petitioner asserts, in his habeas petition, that at the time he filed his direct appeal "it was not apparent" that the now-claimed deficiencies in his sentence existed . *See* Habeas Petition, ¶¶ 12(c)(2).  However, he does not make any showing as to what efforts, if any, he expended to investigate the facts underlying his claim between the date of his conviction in 1993 and the expiration of the time for filing a habeas petition in 1998.

[5] Although this Court has recognized that in very limited situations the one-year statute of limitations for filing a habeas petition may be equitably tolled, it has cautioned that the doctrine should be invoked only "sparingly" and is "justified only in extraordinary circumstances." *Neverson v. Farquharson*, 366 F.3d 32, 42 (1st Cir. 2004) (citations omitted).  *See also David v. Hall,* 318 F.3d 343, 346 (1st Cir.), *cert. denied*, 540 U.S. 815 (2003)("If equitable tolling is available to extend section 2244(d)'s limitations period, it can only do so for the most exceptional reasons"); *Donovan v. Maine*, 276 F.3d 87, 93 (1st Cir. 2002)("We have made it pellucid" that if equitable tolling is permissible under 28 U.S.C. § 2244(d)(1), it may be invoked only in the most "extraordinary circumstances"); *Delaney v. Matesanz*, 264 F.3d 7, 14-15 (1st
(continued...)

Cir. 2004). Since the petitioner provides this Court with no basis to excuse his failure to comply with AEDPA's statute of limitations for filing habeas claims, the petition is time-barred and must be dismissed. *See* 28 U.S.C. § 2244(d)(1)(A); *Gaskins v. Duval,* 183 F.3d 8, 9 (1st Cir. 1999); *Currie v. Matesanz*, 281 F.3d 261, 264 (1st Cir. 2002).

II.     **The Petition Must Be Dismissed Because the Claims in the Petition Have Not Been Exhausted in State Court.**

   A.     Standard

It is well established that "a federal court should not consider questions posed in a habeas petition until the 'power of the highest state court in respect to such questions' has been exhausted." *Mele v. Fitchburg District Court,* 850 F.2d 817, 819 (1st Cir. 1988), *quoting United States ex rel. Kennedy v. Tyler*, 269 U.S. 13, 17 (1925). *See also Rose v. Lundy,* 455 U.S. 509, 518-19 (1982); *Adelson v. DiPaola*, 131 F.3d 259, 261-62 (1st Cir. 1997); *Dougan v. Ponte*, 727 F.2d 199, 202 (1st Cir. 1984); 28 U.S.C. § 2254(b)(1)(A). The longstanding exhaustion requirement[6], in addition to ensuring that state courts have the first opportunity to correct their own constitutional errors made in their proceedings, enables federal courts to accord appropriate respect to the sovereignty of the states and promotes comity by "minimiz[ing] friction between our federal and state systems of justice." *Rose*, 455 U.S. at 518. *See also Duncan v. Henry*, 513

---

[5](...continued)
Cir. 2001). Equitable tolling is "not available to rescue a litigant from his own lack of due diligence," and is appropriate "only when circumstances beyond the petitioner's control have prevented him from filing on time." *Neverson*, 366 F.3d at 42.

[6] The exhaustion requirement is codified at 28 U.S.C. §§ 2254(b) and (c), which preclude federal habeas review unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). *See also Mele v. Fitchburg Dist. Ct.*, 850 F.2d 817, 819 (1st Cir. 1988).

U.S. 364, 365-66 (1995); *Ex parte Royall,* 117 U.S. 241, 251 (1886)(state and federal courts are "equally bound to guard and protect rights secured by the Constitution"); *Scarpa v. DuBois,* 38 F.3d 1, 6 (1st Cir. 1994), *cert. denied,* 513 U.S. 1129 (1995); *Duckworth v. Serrano*, 454 U.S. 1, 3 (1984); *Mele*, 850 F.2d at 819.

It is the petitioner's heavy burden to demonstrate that his any federal errors in the state court proceedings were fairly presented to the state's highest court. *Nadworny v. Fair*, 872 F.2d 1093, 1098 (1st Cir. 1989). In order to present a claim sufficiently for exhaustion purposes, "a petitioner must inform the state court of *both* the factual and legal underpinnings of the claim." *Scarpa*, 38 F.3d at 6 (emphasis added). Further, in order for it to be said that the petitioner has exhausted his state remedies as to his federal habeas claims, he must have presented the state court with evidence of the federal nature of his claim, such as:

> "specific constitutional language, constitutional citation, appropriate federal precedent, substantive constitutional analogy, argument with no masking state-law character . . . such as would in all likelihood alert a reasonable jurist as to the existence of a federal question."

*Nadworny,* 872 F.2d at 1101. "The fewer the [federal] trappings that adorn a petitioner's state court filings, the less likely that [a federal court] will find his federal claim to have been exhausted." *Adelson*, 131 F.3d at 262.

    B.    <u>The Petitioner Has Not Exhausted His Claims, since He Has Not Given the SJC the Opportunity to Rule on His Constitutional Claims</u>.

        1.    The Petitioner Has Never Brought a Direct Appeal of the Superior Court's <u>Ruling to the SJC.</u>

The petitioner has never taken a direct appeal of the Superior Court's dismissal of his habeas petition, even though, as Judge Gershengorn noted in her December 3, 2004, endorsement, the Superior Court had ruled on the dismissal of the petition "on the merits." *See*

7

Docket Sheet, Exhibit B.  To the extent that the petitioner claims that the Superior Court's dismissal of his petition has never been entered as a final judgment, he has never moved for the entry of judgment in the matter so he might bring an appeal.  *See id.*   Likewise, he has not sought a writ of habeas corpus from the SJC, as he could have done pursuant to M.G.L. ch. 248, § 2. *See* M.G.L. ch. 248, § 2 (a state writ of habeas corpus "may be issued, irrespective of the county in which the person is imprisoned or restrained, by the supreme judicial or the superior court, by a probate or a district court or by a judge of any of said courts").  Under the exhaustion doctrine, the petitioner is required to bring his claims to the SJC for resolution before approaching the federal court for habeas review.  *See Rose*, 455 U.S. at 518-19; *Mele*, 850 F.2d at 820.  Since the petitioner has never presented his claims to the SJC, his petition is not exhausted and should be dismissed.

        2.       The Petitioner's Appeal of the Denial of His Mandamus Petition Is Currently Pending Before the SJC.

The petitioner did bring a petition for mandamus to a single justice of the SJC  pursuant to Mass. Gen. Laws. ch. 211, § 3.  *See* Exhibit E.  In this mandamus claim, the petitioner did not seek relief on constitutional grounds; rather, the petitioner requested that the SJC exercise its superintendent powers over the lower state courts and order the Superior Court to rule on his application for a hearing.  *See id.*   However, even assuming that this mandamus petition constituted presentation of claims to the SJC for purposes of the exhaustion doctrine,[7] the claims still would not be exhausted.  The petitioner has appealed the denial of his mandamus petition to

---

[7] As is set forth in section II(B)(3), below, the recitation of the constitutional provisions which appears briefly in the mandamus petition does not constitute sufficient notice to the SJC of the nature of the constitutional claims for exhaustion purposes.

the full bench of the SJC, and that appeal is currently pending in the SJC. *See* SJC Docket Sheet, attached hereto as Exhibit I. This Court should not intervene in the state court proceedings until the SJC has had the opportunity to rule upon the claims pending before it. *See Picard v. Connor*, 404 U.S. 270, 275 (1971)("It would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation")(quoting *Darr v. Buford,* 339 U.S. 200, 204 (1950)).

        3.      The Petitioner's Mandamus Petition Filed in the SJC Did Not Adequately Alert the SJC to the Constitutional Nature of the Petitioner's Claims.

Furthermore, the passing reference to constitutional provisions in the petitioner's mandamus petition did not suffice to present the constitutional basis of any claimed error in the trial court's decision to the SJC. To satisfy the exhaustion requirement, "the petitioner must have fairly presented the substance of his federal habeas claim to the state court before seeking federal habeas review." *Martens v. Shannon,* 836 F.2d 715, 717 (1st Cir. 1988)**,** quoting *Gagne v. Fair,* 835 F.2d 6, 8 (1st Cir. 1987). *Accord Dougan*, 727 F.2d at 200. Exhaustion requires the petitioner to "fairly present . . . the issue" to "the state's highest tribunal." *Mele*, 850 F.2d at 820. In Massachusetts, "an appealed issue cannot be considered as having been fairly presented to the SJC for exhaustion purposes unless the applicant has raised it within the four corners" of the pleading to the SJC. *Mele*, 850 F.2d at 823.

It is not sufficient for a petitioner to rest on a bare suggestion of a federal claim in his appeal to the SJC; rather, the petitioner must set forth an analysis in the document which is "likely to alert the court to the claim's federal nature." *Nadworny*, 872 F.2d at 1098, *quoting Daye v. Attorney General of New York*, 696 F.2d 186, 192 (2nd Cir. 1982)(en banc), *cert. denied,* 464 U.S. 1048 (1984). "[T]he exhaustion requirement requires a habeas applicant to do more

than scatter some makeshift needles in the haystack of the state court record.  The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined.  Oblique references [that] hint that a [federal] theory may be lurking in the woodwork will not turn the exhaustion trick." *Martens,* 836 F.2d at 717.

Here, the petitioner's mandamus petition contains only a passing reference to federal constitutional violations.  In paragraph 56 of a 57-count petition, the petitioner states that "[t]he Petitioner's claim addresses substantial, substantive rights including the right to be free from cruel and unusual punishment[;] the right to be free from a deprivation of liberty without due process of law; and the right to be free from double jeopardy as guaranteed by the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution . . . ." *See* SJC Mandamus Petition, ¶ 56, attached hereto as Exhibit E.  The mandamus petition contains nothing beyond this one statement to explain how the petitioner's sentence allegedly violates the constitutional provisions recited by the petitioner.  *See id.*  The fact that the petitioner mentioned several constitutional rights in one paragraph of his mandamus petition does not preserve his claim, for courts have held that "the mere incantation of constitutional buzzwords, unaccompanied by any federal constitutional analysis, does not suffice to carry the burden of demonstrating fair presentment of a federal claim."  *Adelson*, 131 F.3d at 263.  *See also Gagne,* 835 F.2d at 8; *Dougan*, 72 F.2d at 201.

**Conclusion**

For the reasons set forth above, the respondent respectfully requests that this Court dismiss this habeas petition on the grounds that it is time-barred and that the claims asserted in the petition have not been exhausted in state court.

Respectfully submitted,

LUIS SPENCER,

By his attorneys,

THOMAS F. REILLY
ATTORNEY GENERAL


/s/ Maura D. McLaughlin
Maura D. McLaughlin
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200 ext. 2857
BBO No. 634923

Dated: August 24, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon counsel for the petitioner, Darrien Goetzendanner, on August 24, 2005, by depositing the copy in the office depository for collection and delivery by first-class mail, postage pre-paid, addressed as follows: Joseph F. Krowski, Sr., Esq., Law Offices of Joseph F. Krowski, Esq., 30 Cottage Street, Brockton, Massachusetts 02301.

/s/ Maura D. McLaughlin
Maura D. McLaughlin
