# EXHIBIT A

# The Commonwealth of Massachusetts

BERKSHIRE, ss.                                          No. 920379

To the Sheriff of our County of Berkshire, his Deputies, and to the Superintendent of the Massachusetts Correctional Institution, Cedar Junction, in the County of Norfolk,

GREETING:

WHEREAS, by the consideration of our Superior Court, holden at Pittsfield, within and for the County of Berkshire, on the **3rd** ~~Wednesday~~ ~~XXXXXX~~ **March** in the year of our Lord one thousand nine hundred and **ninety two** ,

### Darrien Goetzendanner

now in the custody of the Sheriff of our said County of Berkshire, convicted of the crime of

**Aggravated Rape (C. 265, S. 22A))**

was, on the **5th** day of **February** in the year of our Lord one thousand nine hundred and **ninety three** , sentenced to be confined in said Massachusetts Correctional Institution, Cedar Junction, for a term of not more than **Thirty (30)** years and a term of not less than **Twenty (20)** years, with credit of **320** days for time spent in confinement awaiting trial disposition, to be served from and after the experation of all previous sentences which the defendant has been ordered to serve — defendant also assessed $50.00 v/witness assistance fee. (Simons J.)

and was ordered to stand committed in pursuance of said sentence:

WE, THEREFORE, COMMAND YOU, the said Sheriff and Deputies, to remove the said Darrien Goetzendanner from our jail in Pittsfield, in the said County of Berkshire to the said Massachusetts Correctional Institution, Cedar Junction, in the said County of Norfolk and him safely deliver to the Superintendent thereof. And we also command you, the said Superintendent, to receive the said Darrien Goetzendanner and immediately thereon to cause him to be confined in said Massachusetts Correctional Institution, Cedar Junction, for a term of not more than **Thirty (30)** years and a term of not less than **Twenty (20)** years.

And for so doing, this shall be your warrant. And you are to make return of this warrant, with your doings thereon, to the office of the clerk of our Superior Court in Pittsfield, as soon as may be.

WITNESS, **Robert L. Steadman** , Esquire, Chief Justice of said Superior Court, at Pittsfield, this **5th** day of **February** in the year of our Lord one thousand nine hundred and **ninety three**

A true copy
attest: _____          Deborah S. Capeless ................... Clerk.
            Deputy Sheriff

# EXHIBIT B

# Commonwealth of Massachusetts
## NORFOLK SUPERIOR COURT
## Case Summary
## Civil Docket

## Goetzendanner v Spencer, Superintendent MCI Norfolk et al

Details for Docket: NOCV2003-01010

**Case Information**

| | | | |
|---|---|---|---|
| **Docket Number:** | NOCV2003-01010 | **Caption:** | Goetzendanner v Spencer, Superintendent MCI Norfolk et al |
| **Filing Date:** | 06/05/2003 | **Case Status:** | Active |
| **Status Date:** | 06/05/2003 | **Session:** | Non Jury-CtRm 8 |
| **Lead Case:** | NA | **Case Type:** | Standard |

**Tracking Deadlines**

| | | | |
|---|---|---|---|
| **TRK:** | X | **Discovery:** | |
| **Service Date:** | 09/03/2003 | **Disposition:** | 01/01/2004 |
| **Rule 15:** | | **Rule 12/19/20:** | |
| **Final PTC:** | 12/02/2003 | **Rule 56:** | |
| **Answer Date:** | 11/02/2003 | **Jury Trial:** | NO |

**Case Information**

| | | | |
|---|---|---|---|
| **Docket Number:** | NOCV2003-01010 | **Caption:** | Goetzendanner v Spencer, Superintendent MCI Norfolk et al |
| **Filing Date:** | 06/05/2003 | **Case Status:** | Active |
| **Status Date:** | 06/05/2003 | **Session:** | Non Jury-CtRm 8 |
| **Lead Case:** | NA | **Case Type:** | Prisoner Habeas Corpus |

**Tracking Deadlines**

| | | | |
|---|---|---|---|
| **TRK:** | X | **Discovery:** | |
| **Service Date:** | 09/03/2003 | **Disposition:** | 01/01/2004 |
| **Rule 15:** | | **Rule 12/19/20:** | |
| **Final PTC:** | 12/02/2003 | **Rule 56:** | |
| **Answer Date:** | 11/02/2003 | **Jury Trial:** | NO |

## Parties Involved

3 Parties Involved in Docket: NOCV2003-01010

| **Party Involved:** | | **Role:** | Defendant |
|---|---|---|---|
| **Last Name:** | Spencer, Superintendent MCI Norfolk | **First Name:** | Luis |
| **Address:** | | **Address:** | |
| **City:** | | **State:** | |
| **Zip Code:** | | **Zip Ext:** | |
| **Telephone:** | | | |

| **Party Involved:** | | **Role:** | Defendant |
|---|---|---|---|
| **Last Name:** | Toledo,Deputy Superintendent MCI Norfolk | **First Name:** | Michael |
| **Address:** | | **Address:** | |
| **City:** | | **State:** | |
| **Zip Code:** | | **Zip Ext:** | |
| **Telephone:** | | | |

| **Party Involved:** | | **Role:** | Plaintiff |
|---|---|---|---|
| **Last Name:** | Goetzendanner | **First Name:** | Darrien |
| **Address:** | c/o Joe Krowski | **Address:** | 30 Cottage St |
| **City:** | Brockton | **State:** | MA |
| **Zip Code:** | 02301 | **Zip Ext:** | |
| **Telephone:** | | | |

## Attorneys Involved

3 Attorneys Involved for Docket: NOCV2003-01010

| **Attorney Involved:** | | **Firm Name:** | MA14 |
|---|---|---|---|
| **Last Name:** | Slade | **First Name:** | David |
| **Address:** | 70 Franklin Street | **Address:** | Suite 600 |
| **City:** | Boston | **State:** | MA |
| **Zip Code:** | 02110 | **Zip Ext:** | 1300 |
| **Telephone:** | 617-727-3300 | **Tel Ext:** | 164 |
| **Fascimile:** | 617-727-7403 | **Representing:** | Toledo,Deputy Superintendent MCI Norfolk, Michael (Defenda |

**Attorney**

| Involved: | | Firm Name: | KROW01 |
|---|---|---|---|
| Last Name: | Krowski | First Name: | Joseph F |
| Address: | 30 Cottage Street | Address: | |
| City: | Brockton | State: | MA |
| Zip Code: | 02301 | Zip Ext: | |
| Telephone: | 508-587-3701 | Tel Ext: | |
| Fascimile: | 508-588-6035 | Representing: | Goetzendanner, Darrien (Plain |

| Attorney Involved: | | Firm Name: | MA14 |
|---|---|---|---|
| Last Name: | Slade | First Name: | David |
| Address: | 70 Franklin Street | Address: | Suite 600 |
| City: | Boston | State: | MA |
| Zip Code: | 02110 | Zip Ext: | 1300 |
| Telephone: | 617-727-3300 | Tel Ext: | 164 |
| Fascimile: | 617-727-7403 | Representing: | Spencer, Superintendent MCI Norfolk, Luis (Defendant) |

## Calendar Events

11 Calendar Events for Docket: NOCV2003-01010

| No. | Event Date: | Event Time: | Calendar Event: | SES: | Event Status: |
|---|---|---|---|---|---|
| 1 | 08/05/2003 | 08:00 | Motion/Hearing: miscellaneous | A | Event held as scheduled |
| 2 | 05/27/2004 | 08:00 | Motion/Hearing: miscellaneous | A | Event held as scheduled |
| 3 | 06/11/2004 | 08:00 | Status: by session | A | Event held as scheduled |
| 4 | 06/28/2004 | 08:00 | Status: Clerk Follow UP | A | Event held as scheduled |
| 5 | 07/23/2004 | 08:00 | Status: Review Annual Fee | A | Event held as scheduled |
| 6 | 08/30/2004 | 08:00 | Status: Review Annual Fee | A | Event held as scheduled |
| 7 | 09/20/2004 | 08:00 | Motion/Hearing: miscellaneous | A | Event held as scheduled |
| 8 | 12/03/2004 | 08:00 | Status: by session | A | Event held as scheduled |
| 9 | 12/03/2004 | 09:00 | Motion/Hearing: miscellaneous | 1 | Event held as scheduled |
| 10 | 12/03/2004 | 09:00 | Motion/Hearing: Judg on Pleading | 1 | Event held--Under Advisemε |
| 11 | 07/11/2005 | 15:00 | Conf: special call | D | Event canceled not re-scheduled |

## Full Docket Entries

80 Docket Entries for Docket: NOCV2003-01010

| Entry Date: | Paper No: | Docket Entry: |
|---|---|---|
| 06/05/2003 | 1 | Petition for writ of habeas corpus- Case to enter. Court in its |
| 06/05/2003 | 1 | discretion waives oral argument. Hearing set for June 27,2003 in |
| 06/05/2003 | 1 | appropriate tracking session. Clerks Office to serve by certified |
| 06/05/2003 | 1 | mail. Return to filed 5 days after receipt of service but no later |
| 06/05/2003 | 1 | than 6/19/03(Cratsley, J)(dated;6/3/03) cs |
| 06/05/2003 | | Origin 1, Type E97, Track X. |
| 06/05/2003 | 2 | Affidavit of indigency and Request for Waiver, |
| 06/05/2003 | 3 | Affidavit supporting petition for writ of habeas corpus |
| 06/05/2003 | 4 | Memorandum supporting Petition for Writ of Habeas Corpus |
| 07/01/2003 | 5 | Return by defts(rec'd6/27/03) |
| 07/01/2003 | 6 | Opposition to Petition for Writ of Habeas Corpus(rec'd6/27/03) |
| 07/01/2003 | 7 | Defendant Michael Toledo,Deputy Superintendent MCI Norfolk's MOTION |
| 07/01/2003 | 7 | to Dismiss (MRCP 12b) Complaint of Darrien Goetzendanner(rec'd6/27/03) |
| 07/01/2003 | 8 | Defendant Luis Spencer, Superintendent MCI Norfolk's MOTION to |
| 07/01/2003 | 8 | extend time for to file memorandum in support of motion to dismiss or |
| 07/01/2003 | 8 | in the alternative for summary judgment (rec'd6/27/03) |
| 07/01/2003 | 9 | Certificate of service(rec'd6/27/03) |
| 07/02/2003 | | MOTION (P#[8.0)-respondents motion for enlargement of time to file |
| 07/02/2003 | | memorandum in support of motion to dismiss/summary judgment Motion |
| 07/02/2003 | | is allowed; time is extended up to and including 7/11/03 |
| 07/02/2003 | | (Chernoff,J.) ns |
| 07/30/2003 | 10 | plff's motion to strike respondents overdue memorandum in support of |
| 07/30/2003 | 10 | motion to dismiss/summary judgment |
| 08/01/2003 | 11 | respondents' second motion to ext. time to file memorandum in |
| 08/01/2003 | 11 | support of motion to dismiss, or, in the alternative, for summary |
| 08/01/2003 | 11 | judgment |
| 08/01/2003 | 12 | affidavit of David Slade |
| 08/04/2003 | 13 | petitioner's opposition to respondents second motion to ext. time to |
| 08/04/2003 | 13 | file memorandum in support of motion to dismiss |
| 08/06/2003 | | MOTION (P#11.0)-respondents' second motion to ext. time to file |
| 08/06/2003 | | memorandum in support of motion to dismiss/summary judgment motion |
| 08/06/2003 | | allowed(Chernoff,J.) (d.8/5/03) ns |
| 08/06/2003 | 14 | defts memorandum in support of motion to dismiss/summary |
| 08/06/2003 | 14 | judgment(rec'd. 8/1/03) |
| 06/01/2004 | | MOTION (P#7.0) to dismiss, or, in the alternative, for summary |
| 06/01/2004 | | judgment-motion is dismiss is allowed. Judgment entry, stayed 30 |
| 06/01/2004 | | days. Notice to be sent to Atty. Krowski, if nothing is filed by him |
| 06/01/2004 | | at that time, Case will go to judgment(Chernoff,J.) ns (d.5/28/04) |

| 06/07/2004 | | Notice of Annual Civil Litigation Fee mailed to plaintiff's attorney |
| 06/07/2004 | | Joseph F Krowski on June 07, 2004. |
| 06/11/2004 | 15 | motion to waive litigation fee filed by plff's counsel |
| 06/11/2004 | 16 | Court received correspondence from Atty.Joseph Krowski re: request |
| 06/11/2004 | 16 | for hrg. |
| 06/21/2004 | 17 | Plaintiff Darrien Goetzendanner's MOTION for Judgment on pleadings |
| 06/21/2004 | 17 | (Rule 12)(rec'd6/16/04) |
| 06/25/2004 | | re: p.#16.0-correspondence received from the plff-A hearing should be |
| 06/25/2004 | | scheduled to address: (1)whether the dismissal should be vacated; |
| 06/25/2004 | | (2) whether the petitioner is presently entitled to a hearing under |
| 06/25/2004 | | Judge Cratsley's order. Petitioner's counsel shall be prepared to |
| 06/25/2004 | | argue merits of action on the hearing date in case the Court is |
| 06/25/2004 | | willing to hear the matter. The Sessions Judge may have this matter |
| 06/25/2004 | | or send it to this Judge (Chernoff,J.)(d.6/24/04) ns |
| 09/20/2004 | 18 | correspondence received from plff's counsel asking for a hearing |
| 09/20/2004 | 18 | date of October 12,2004 on the motion for judgment on the |
| 09/20/2004 | 18 | pleadings(rec'd. 9/10/04) |
| 11/02/2004 | | notice of status hearing for Friday,December 3,2004 at 9:00A.M sent |
| 11/02/2004 | | to all parties |
| 11/02/2004 | 19 | habe issued to MCI Norforlk for Darrien Goetzendanner for |
| 11/02/2004 | 19 | Friday,December 3,2004 at 9:00A.M. |
| 12/03/2004 | | MOTION (P#16.0) Judge Chernoff has, after reviewing the papers, |
| 12/03/2004 | | dismissed this habeas petition on the merits. He should hear this |
| 12/03/2004 | | matter(Gershengorn,Justice) dated 12/3/04------ The Clerk reports |
| 12/03/2004 | | after speaking to Judge Chernoff-Judge Chernoff will review the |
| 12/03/2004 | | papers on December 20,2004 and determine whether he requires a |
| 12/03/2004 | | hearing or this ruling is to stand without further proceedings . |
| 12/03/2004 | | Notices mailed December 03, 2004 |
| 12/03/2004 | | copy of said endorsement sent to Judge Chernoff Superior Ct 40 |
| 12/03/2004 | | Thorndike St Cambridge, Ma 02141 |
| 04/04/2005 | 20 | Opposition to Petitioner's Request for a hearing(attorney sent copy |
| 04/04/2005 | 20 | to Judge Chernoff) |
| 04/06/2005 | 21 | Reply to Opposition to petitioner's request for hearing |
| 04/13/2005 | 22 | reply to respondents opposition to petitioners request for a hearing |
| 04/29/2005 | 23 | copy of supplement to petitioner's petition for relief pur. to |
| 04/29/2005 | 23 | MGL.c.211 sec3 and renewed motion for hearing-original document filed |
| 04/29/2005 | 23 | in Supreme Judicial Court |
| 04/29/2005 | 24 | Memorandum scheduling an on the record conference (Chernoff,J) |
| 04/29/2005 | 24 | (dated;4/12/05) |
| 05/18/2005 | 25 | Notice of docket entry received from SJC-denying relief under |
| 05/18/2005 | 25 | c211,s.3 withou prejudice pending the July 11.2005 status conference. |

05/24/2005     26         Courtsey copy-Petition for relief pur to Mass Gen.L ch 211sec3

# EXHIBIT C

# Commonwealth of Massachusetts
## County of Norfolk
## The Superior Court

Civil Docket **NOCV2003-01010**

RE:    Goetzendanner v Spencer, Superintendent MCI Norfolk et al

TO:    Joseph F Krowski, Esquire
       Krowski Law Offices (Joseph F)
       30 Cottage Street
       Brockton, MA 02301

## CLERK'S NOTICE

This is to notify you that in the above referenced case the Court's action on **06/25/2004**:

*RE: Court received correspondence from Atty.Joseph Krowski re: request for hrg.*

**is as follows:**

**re: p.#16.0-correspondence received from the plff-A hearing should be scheduled to address: (1)whether the dismissal should be vacated; (2) whether the petitioner is presently entitled to a hearing under Judge Cratsley's order. Petitioner's counsel shall be prepared to argue merits of action on the hearing date in case the Court is willing to hear the matter. The Sessions Judge may have this matter or send it to this Judge (Chernoff,J.)(d.6/24/04) ns**

Dated at Dedham, Massachusetts this 25th day of June, 2004.

                                        Walter F. Timilty,
                                        Clerk of the Courts

                        BY:

                                        Assistant Clerk

Telephone: (781) 326-1600

Copies mailed 06/25/2004

# EXHIBIT D

**Commonwealth of Massachusetts**
**County of Norfolk**
**The Superior Court**

Civil Docket **NOCV2003-01010**

RE:    Goetzendanner v Spencer, Superintendent MCI Norfolk et al

TO:    Joseph F Krowski, Esquire
       Krowski Law Offices (Joseph F)
       30 Cottage Street
       Brockton, MA 02301

-----------

## CLERK'S NOTICE

This is to notify you that in the above referenced case the Court's action on **12/03/2004**:

*RE: Court received correspondence from Atty. Joseph Krowski re: request for hrg.*

**is as follows:**

**MOTION (P#16.0) Judge Chernoff has, after reviewing the papers, dismissed this habeas petition on the merits. He should hear this matter(Gershengorn,Justice) dated 12/3/04------ The Clerk reports after speaking to Judge Chernoff-Judge Chernoff will review the papers on December 20,2004 and determine whether he requires a hearing or this ruling is to stand without further proceedings . Notices mailed December 03, 2004**

Dated at Dedham, Massachusetts this 3rd day of December, 2004.

                                          Walter F. Timilty,
                                          Clerk of the Courts

                            BY:

                                          Assistant Clerk

Telephone: (781) 326-1600

Copies mailed 12/03/2004

cvdresult 2.wpd 537915 mottext kenneyma

# EXHIBIT E

COMMONWEALTH OF MASSACHUSETTS
SUPREME JUDICIAL COURT FOR SUFFOLK COUNTY

SUFFOLK, ss                                          DOCKET NO:

DARRIEN GOETZENDANNER, a.k.a.                )
JAH RAB S.B. ALLAH,                          )
          Petitioner                         )
                                             )
v.                                           )
                                             )
LUIS SPENCER, Superintendent, MCI-Norfolk;   )
MICHAEL TOLEDO, Deputy Superintendent,       )
MCI-Norfolk; & NORFOLK COUNTY                )
SUPERIOR COURT                               )
          Respondents                        )
                                             )

## PETITION FOR RELIEF PURSUANT TO MASS.GEN.L.CH. 211,§3

### PARTIES

1.    Petitioner, Darrien Goetzendanner a.k.a. Jah Rab. S.B. Allah is an
      imprisoned indigent individual[1] residing in Norfolk County at 2 Clark
      Street, Norfolk, Massachusetts, in the custody Luis Spencer,
      Superintendent MCI-Norfolk.

2.    Respondents Luis Spencer, Superintendent, MCI-Norfolk; and Michael
      Toledo, Deputy Superintendent, MCI-Norfolk are the officers by whom
      the Petitioner is so imprisoned.

3.    Respondent Norfolk County Superior Court is a division of the Superior
      Court Department of the Massachusetts Trial Court located at 650 High
      Street, Dedham, Massachusetts.

### JURISDICTION

4.    Petitioner seeks relief in the nature of mandamus, pursuant to the court's
      general powers of superintendence Mass. Gen. L. ch. 211,§3, ordering the
      Respondents to act on the Petitioner's Writ of Habeas Corpus.

---

[1] Affidavit of Indigency attached as Exhibit 1

1

## PRESENT CONTROVERSY

5.   On March 26, 1992, Mr. Goetzendanner was arraigned in Berkshire
     County Superior Court and ordered to be held on five thousand dollar
     ($5,000.00) bail cash or surety on indictment numbers 92-8378-84 and 92-
     0668.[2]

6.   Mr. Goetzendanner never posted bail; he remained incarcerated awaiting
     trial on the indictments.

7.   The indictments for which Mr. Goetzendanner was arraigned arose from
     incidents occurring while he was at liberty on parole.

8.   Based on the new offenses, a parole violation warrant issued.[3]

9.   The Petitioner was not and could not be served with a parole violation
     warrant while being held in lieu of bail.

10.  On February 5, 1993, Petitioner after trial by jury, was sentenced to
     twenty to thirty (20-30) years "from and after the expiration of all previous
     sentences which [he had] been ordered to serve.[4]"

11.  Under Massachusetts law, a sentence for a new crime committed while a
     person is on parole cannot be imposed and implemented from and after the
     original parole sentence unless a parole violation warrant had been served
     upon the person prior to sentencing. Mass. Regs. Code tit. 120
     §30316(2)(b)(2).

12.  Therefore, by force of law, Petitioner's incarceration was to be structured
     so that he commenced serving the 20-30 year sentence prior to the
     remaining balance on his parole sentence.

13.  Nevertheless, Petitioner's sentence was unlawfully structured so that he
     resumed serving the balance of his parole sentence prior to serving his
     intervening sentence.

14.  On February 1, 1997, Petitioner was discharged from the parole sentence.[5]

15.  Petitioner is presently serving an unlawful from and after sentence and has
     been so serving the unlawful sentence since February 1, 1997.

---

[2] Docket Sheets contained as Attachment A to Exhibit 2 Petition for Writ of Habeas Corpus
[3] Warrant is Attachment B to Exhibit 2
[4] Attachment D, p.95ln 4-6 to Exhibit 2
[5] Attachment F to Exhibit 2

2

## PRIOR PROCEEDINGS

16. On May 9, 2003, the Petitioner filed a Writ of Habeas Corpus with supporting Affidavit and Memorandum challenging the legality of his present incarceration.[6]

17. On June 3, 2003, the case was entered and docketed.[7]

18. The Honorable John C. Cratsley, Associate Justice Norfolk Superior Court, ordered a hearing for June 27, 2003, and a return to be filed no later than June 19, 2003.[8]

19. On June 27, 2003, eight (8) days past the court ordered June 19th date, a return[9] was filed with a motion to dismiss or for summary judgment[10], and a motion for enlargement of time to July 11, 2003, to file a supporting memorandum[11].

20. No June 27th hearing was held as ordered by the court.

21. Respondent Norfolk County Superior Court had no available judges to hear the matter.[12]

22. On July 23, 2003, Petitioner filed a motion to strike an overdue memorandum of law which the superintendent of MCI-Norfolk had not filed by the court allowed filing date of July 11, 2003.[13]

23. On July 29, 2003, the superintendent of MCI-Norfolk filed a second motion to enlarge the time for filing a supporting memorandum.[14]

24. On July 29, 2003, the superintendent of MCI-Norfolk filed a memorandum in support of the motion to dismiss or in the alternative for summary judgment.[15]

25. On July 31, 2003, petitioner filed an opposition to the second motion to enlarge and moved that the second motion for enlargement of time be

---

[6] Exhibit 2
[7] Docket Sheets attached as Exhibit 3
[8] Attached as Exhibit 4
[9] Attached as Exhibit 5
[10] Attached as Exhibit 6
[11] Attached as Exhibit 7
[12] Affidavit of Counsel attached as Exhibit 8, ¶3
[13] Attached as Exhibit 9
[14] Attached as Exhibit 10
[15] Attached as Exhibit 11

3

denied, the opportunity to file a memorandum be waived, the respondents' memorandum be stricken, and the petitioner be immediately released.[16]

26. On August 6, 2003, Respondent Norfolk County Superior Court allowed the second motion for enlargement of time to file a memorandum.[17]

27. On May 28, 2004, The Honorable Paul A. Chernoff, Associate Justice Norfolk County Superior Court, allowed the superintendent's motion to dismiss Mr. Goetzendanner's petition for writ of habeas corpus without oral arguments contrary to the June 3, 2003, ruling of the Honorable John C. Cratsley ordering a hearing.[18]

28. The entry of judgment was stayed thirty (30) days.

29. On June 3, 2004, Petitioner hand delivered a correspondence to the Respondent Norfolk County Superior Court explaining the posture of the case and requesting a hearing as had been ordered on June 5, 2003.[19]

30. A courtesy copy of the June 3, 2004, correspondence was sent to the Honorable Paul Chernoff who had allowed the motion dismissing the Petitioner's petition without a hearing.[20]

31. On June 14, 2004, Petitioner filed a Mass. R. Civ. P. 12 (c) motion for judgment on the pleadings.[21]

32. The motion was accompanied by a request for a prompt hearing date of June 30, 2004.

33. Although the court received the motion, The Norfolk County Superior Court did not mark the motion for hearing.

34. On June 24, 2004, the Norfolk County Superior Court, The Honorable Paul A. Chernoff ordered that a hearing would be scheduled to address whether or not the May 28, 2004, dismissal order should be vacated and whether or not Petitioner was entitled to a hearing on the merits in accordance with The Honorable John C. Cratsley's order of June 3, 2003.[22]

35. Because no hearing was scheduled by the court, On August 31, 2004, petitioner wrote to the Respondent Norfolk County Superior Court and

[16] Attached as Exhibit 12
[17] Attached as Exhibit 13
[18] Attached as Exhibit 14
[19] Attached as Exhibit 15
[20] Attached as Exhibit 16
[21] Attached as Exhibit 17
[22] Attached as Exhibit 18

4

requested an October 12, 2004, hearing date and requested that Petitioner be present for the hearing.[23]

36. On October 7, 2004, Petitioner had a telephone conversation with the clerk's office of Norfolk County Superior Court. Petitioner was advised that the Petitioner's case would not be marked for hearing on October 12th as requested.[24]

37. On October 7, 2004, the respondent Norfolk County Superior Court advised that the Petitioner would not be habed into court and that petitions for habeas corpus were handled via teleconferencing and the court did not have the necessary equipment in place to facilitate the conference.[25]

38. On October 12, 2004, Petitioner went to the clerk's office in person to address the court's failure to schedule a hearing with the petitioner physically present in court. [26]

39. Despite the in person conference, no hearing date was scheduled.

40. On October 21, 2004, the Petitioner wrote to the respondent Norfolk County Superior Court and advised that if a prompt hearing date would not be scheduled for October 29th, Petitioner would explore alternative means of having the matter heard.[27]

41. On October 26, 2004, Petitioner had a telephone conference with the Norfolk County Superior Court clerk's office. The court advised that the October 29th date was not available but one would be assigned promptly.[28]

42. The court marked December 3, 2004, as hearing date and the Petitioner would be physically present for the hearing.[29]

43. On December 3, 2004, a hearing was held in Norfolk Superior Court on the matter before the Honorable Wendie I. Gershengorn.

44. After hearing the Judge ruled that Judge Chernoff was the appropriate Judge to hear the matter. She took no action and referred the matter back to him.[30]

---

[23] Attached as Exhibit 19
[24] Exhibit 8, ¶20
[25] Exhibit 8, ¶21
[26] Exhibit 8, ¶23
[27] Attached as Exhibit 20
[28] Exhibit 8, ¶26
[29] Exhibit 21
[30] Exhibit 22

45. On December 3, 2004, the clerk's office advised that Judge Chernoff would be sitting in Norfolk Superior Court on December 20, 2004, and would review the papers and determine whether or not he would hold a hearing.

46. On December 6, 2004, the Petitioner wrote to the Honorable Paul A. Chernoff stressing the importance of his petition and requesting a hearing.[31]

47. On December 13, 2004, the Petitioner requested that he be present in court on December 20, 2004, when Judge Chernoff was to review his case.[32]

48. Judge Chernoff did not sit in Norfolk County Superior Court on December 20, 2004

49. The Petitioner was not present in Norfolk County Superior Court on December 20, 2004.

50. To date, Judge Chernoff has yet to hold a hearing as ordered by Judge Cratsley on the merits of Mr. Goetzendanner's petition for a writ of habeas corpus.

## PRAYER FOR RELIEF (MANDAMUS)

51. Based on the forgoing, the Petitioner has consistently been denied the opportunity to participate in a meaningful hearing on the merits of his petition for a writ of habeas corpus despite The Honorable John C. Cratsley's June 3, 2003, order.

52. Based on the forgoing, the Norfolk County Superior Court has consistently refused to schedule the Petitioner's matter for any meaningful hearing.

53. The Petitioner filed his Petition for a Writ of Habeas Corpus with the Respondent approximately twenty-two (22) months ago and still has had no meaningful hearing on the merits of his Petition despite a court order requiring a hearing.

54. The twenty-two (22) month delay is a far departure from the proper administration of justice.

55. The twenty-two (22) month delay has caused the Petitioner to suffer irreparable, irremediable, and irreversible harm in that he continues to be

---

[31] Exhibit 23

[32] Exhibit 24

6

deprived of his liberty by means of unlawful incarceration in violation of state and federal law.

56.    The Petitioner's claim addresses substantial, substantive rights including the right to be free from cruel and unusual punishment, the right to be free from a deprivation of liberty without due process of law; and the right to be free from double jeopardy as guaranteed by the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution and Articles Twelve, Twenty-Four, and Twenty-Six of the Massachusetts Declaration of Rights.

57.    If a hearing is not held, the petitioner will continue to be unlawfully deprived of his liberty without state recourse, compelling the Petitioner to seek federal redress consistent with Bartone v. United States, 375 U.S. 52, 54 (1963); Wells v. Marshall, 885 F. Supp. 314, 317 (D. Mass. 1995).

**WHEREFORE**, the Petitioner prays that this Court ,in accordance with its general powers of superintendence pursuant to Mass. Gen. L. ch. 211, §3, issue the following orders:

a.)    An order in the nature of mandamus compelling the Respondent Norfolk County Superior Court to set a firm date for a meaningful hearing on the merit's of Petitioner's petition for a writ of habeas corpus before the Honorable Paul A. Chernoff;

b.)    An order in the nature of mandamus compelling the Respondent Norfolk County Superior Court to take all necessary steps to ensure that the Petitioner will be physically present for the said hearing date.

c.)    Any additional orders in law and/or equity which this court deems appropriate and just.

Petitioner
By his Attorney

JOSEPH F. KROWSKI, ESQUIRE
LAW OFFICES OF JOSEPH F. KROWSKI
30 Cottage Street
Brockton, MA 02301
Date: March 2, 2005                BBO: 280540
m:civcom\civcom\goetz.211.3        (508) 587-3701

7

# EXHIBIT F

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS                                    SUPERIOR COURT
                                              CIVIL NO. 2003-01010

DARRIEN GOETZENDANNER          :
                               :
VS.                            :
                               :
LUIS SPENCER, ET AL            :

## MEMORANDUM

The Norfolk Superior Court has forwarded an Order from a sessions judge, Gershengorn J., from December 2004 referring the above-identified matter to me. In recent weeks, at least one of the parties has supplemented the record with a memorandum.

Although I will not grant a formal hearing at this time on either a request to vacate the finding of dismissal or a request to consider again the merits of the dispositive motion, I am willing to meet with counsel upon my return to the Norfolk Superior Court in July.

Accordingly, this judge will conduct an on-the-record conference with counsel at the Norfolk Superior Court at 3 p.m. on July 11, 2005. If this date interferes with an attorney's vacation or other court commitment, then counsel should confer with one another and then contact Assistant Clerk Michael Hulak at the Norfolk Superior Court at (781) 326-1600.

Judge Paul A. Chernoff
Lowell Superior Court

Dated: April 12, 2005

# EXHIBIT G



The Commonwealth of Massachusetts
**SUPREME JUDICIAL COURT**
FOR SUFFOLK COUNTY
**JOHN ADAMS COURTHOUSE**
ONE PEMBERTON SQUARE, SUITE 1300
BOSTON, MASSACHUSETTS 02108-1707
WWW.SJCCOUNTYCLERK.COM

**MAURA S. DOYLE**
CLERK

CASE INFORMATION (617) 557-1100
FACSIMILE (617) 557-1117

ATTORNEY SERVICES (617) 557-1050
FACSIMILE (617) 557-1055

May 16, 2005

Cathryn A. Neaves, Assistant Attorney General
Office of the Attorney General
Chief, Appellate Bureau
1 Ashburton Place
Boston, MA 02108

RE:  No. SJ-2005-0117

DARRIEN GOETZENEDANNER, a/k/a JAH RAB S.B. ALLAH
        vs.
LUIS SPENCER, Superintendent MCI-Norfolk, MICHAEL TOLEDO,
Deputy Superintendent, MCI-Norfolk; & NORFOLK COUNTY SUPERIOR COURT

Norfolk Superior Court
No. CV-2003-01010

NOTICE OF DOCKET ENTRY

You are hereby notified that on May 16, 2005, the following

was entered on the docket of the above referenced case:

JUDGMENT: denying relief under c. 211, s.3 without prejudice
pending the July 11, 2005 status conference. (Cordy, J.)

Maura S. Doyle,
Clerk

To:  Joseph F. Krowski, Esquire
     David Slade, Esquire
     Cathryn A. Neaves, Assistant Attorney General
     Norfolk Superior Court Dept.



# EXHIBIT H

COMMONWEALTH OF MASSACHUSETTS
SUPREME JUDICIAL COURT FOR SUFFOLK COUNTY

SUFFOLK, ss                          SJC NO: SJ-2005-0117
                                     NORFOLK SUP CT NO:
                                     CV-2003-01010

DARRIEN GOETZENDANNER, aka    )
JAH RAB S.B. ALLAH,           )
      Petitioner              )
                              )
v.                            )
                              )
LUIS SPENCER, Superintendent  )
MCI Norfolk, MICHAEL TOLEDO,  )
Deputy Superintendent MCI-    )
Norfolk, and NORFOLK COUNTY   )
SUPERIOR COURT                )
      Respondents             )
                              )

**NOTICE OF APPEAL**

The petitioner, Darrien Goetzedanner, a.k.a. Jah

Rab S.B. Allah, hereby gives notice of his intent to

appeal to the full bench the May 16, 2005, Judgment of

The Single Justice denying without prejudice his

petition for relief pursuant to Mass. Gen. L. ch.211,

§3.

By his Attorney

JOSEPH F. KROWSKI, ESQUIRE
LAW OFFICES OF JOSEPH F. KROWSKI
30 Cottage Street
Brockton, MA 02301
(508) 587-3701
BBO: 280540

Date: May 18, 2005
m:cri/goetz.notice.appeal

# EXHIBIT I

# Supreme Judicial Court and Appeals Court of Massachusetts

## Public Case Information



⊳ Home

∇ Case Search
  Docket Number
  **Involved Party**
  Attorney Appearance
  Lower Court
  Lower Court Judge

⊳ Court Calendars

⊳ Help & Site Info

⊳ Helpful Links

⊳ Privacy Policy

Bottom >

### SUPREME JUDICIAL COURT
### for the Commonwealth
### Case Docket

**DARRIEN GOETZENDANNER vs. LUIS SPENCER & others**
SJC-09532

## CASE HEADER

| | | | |
|---|---|---|---|
| **Case Status** | No briefs yet filed | **Status Date** | 05/27/2005 |
| **Nature** | Superintendence, c211, s3 | **Entry Date** | 05/27/2005 |
| **Appellant** | Plaintiff | **Case Type** | Civil |
| **Brief Status** | Awaiting blue brief | **Brief Due** | 10/03/2005 |
| **Quorum** | | | |
| **Argued Date** | | **Decision Date** | |
| **AC/SJ Number** | SJ-2005-0117 | **Citation** | |
| **DAR/FAR Number** | | **Lower Ct Number** | SJ-2005-0117 |
| **Lower Court** | SJC for Suffolk County | **Lower Ct Judge** | Robert J. Cordy, J. |

**Route to SJC**    Direct Entry: Appeal from Single Justice Order/Judgment

| **INVOLVED PARTY** | **ATTORNEY APPEARANCE** |
|---|---|
| **Darrien Goetzendanner** Petitioner/Appellant Awaiting blue brief 1 Extension, 89 Days | Joseph F. Krowski, Esquire |
| **Luis Spencer** Respondent/Appellee Awaiting red brief | David Slade, Esquire |
| **Michael Toledo** Respondent/Appellee Awaiting red brief | David Slade, Esquire |
| **Norfolk Superior Court** Respondent/Appellee Awaiting red brief | Cathryn A. Neaves, A.A.G. |

## DOCKET ENTRIES

| **Entry Date** | **Paper** | **Entry Text** |
|---|---|---|
| 05/27/2005 | #1 | Entered. Notice to counsel. |
| 05/27/2005 | #2 | Ex Parte Motion to Waive Filing Costs and Fee, filed for Darrien Goetzendanner by Atty. Krowski. (Fee only is waived) Notice sent. |
| 06/13/2005 | #3 | OPPOSITION to Paper #2 (Motion to waive costs and fees), |

|  | | filed by Luis Spencer & another. |
| 06/13/2005 | #4 | RESPONSE of appellant/petitioner to appellees/respondents' opposition to motion to waive costs and fees. |
| 07/14/2005 | #5 | MOTION to extend to October 3, 2005, filing of brief of Darrien Goetzendanner by Joseph F. Krowski, Esquire. |
| 07/14/2005 | | ALLOWANCE of Paper #5 to 10/03/2005 for filing of brief of Petitioner/Appellant Darrien Goetzendanner. Notice to counsel. |

< Top                                                    As of 08/18/2005 13:1!

© 2001 RSI                                                    (2005-08-24 12:40:16)