# Commonwealth of Massachusetts

**Berkshire, ss.**    **Superior Court**

COMMONWEALTH VS.    DARRIEN GOETZENDANNER

| | CHARGE | |
|---|---|---|
| | | DEFENDANT'S (ADDITIONAL) |
| Aggravated Rape (Ch. 265, sec. 22(a)) | Joseph F. Krowski, Esq.<br>30 Cottage Street<br>Brockton, MA 02301<br>Tel. (508) 587-3701 | *Charles K Stephenson Esq (Appeal)<br>P.O. Box 2665, Sheffield, MA 01257 (413)467-7227<br>Peter J. Koski Esq. (Mass) George B. Crane, Esq.<br>29 Wendell Avenue, Pittsfield, MA 01201 Appointed-<br>Tel. (413) 443-5585 85 East St., Pittsfield, M |
| | | ATTORNEY FOR DEFENDANT |
| | Trienah A. Meyers, Esq (CPCS) (Assigned)<br>439 North St., Second fl., Pittsfield, MA 01201<br>Tel. (413)447-7942 James E. Methe Esq. Appeal<br>935 Main St., Springfield, MA 01103-<br>Tel. (413)746-9257 | |

| -1992- | | CHARGE |
|---|---|---|
| March 20 | (1) | Indictment, filed. |
| March 23 | (2) | Commonwealth's petition for writ of habeas corpus ad defendum, filed. |
| March 23 | - | Writ of habeas corpus issued in hand to deputy sheriff. |
| March 26 | (3) | Notice of assignment of counsel of Trienah A. Meyers, Esq., for the defendant, as to indictment #920378 through #920384, filed. |
| March 26 | (4) | Notice of appearance of counsel of Trienah A. Meyers, Esq., for the defendant, as to indictment #920378 through #920384, filed. |
| March 26 | - | Defendant arraigned and plead Not Guilty. Defendant ordered to recognize in the sum of $5,000.00 cash or surety without prejudice, pre-trial conference date 4/16/92, (Ford, J). $40.00 legal counsel fee waived. |
| March 26 | (5) | Commonwealth's certificate of discovery as to indictment #920378 through #920384, filed. |
| ~~March 26~~ | ~~-~~ | ~~Mittimus for failure to recognize issued in hand to deputy sheriff.~~ |
| March 26 | (6) | Mittimus, returned and filed. |
| March 26 | (7) | Writ of habeas corpus, returned and filed. |
| July 10 | (8) | Defendant's motion to impound, filed. |
| July 10 | (9) | Defendant's motion for reconsideration of bail, filed. |
| July 10 | (10) | Defendant's motion to dismiss/motion for speedy trial, filed. |
| July 13 | - | Defendant's motion to impound, motion allowed up to and including July 21, 1992, Copies certified to attorney Myers |
| July 20 | (11) | Commonwealth's petition for writ of habeas corpus ad defendum, filed. |
| July 20 | - | Writ of habeas corpus as defendum issued in hand to deputy sheriff. |
| July 21 | (12) | Writ of habeas corpus, returned and filed. |
| July 21 | - | Defendant's motion to dismiss DENIED/Defendant's motion for speedy trial ALLOWED-August trial list, (Simons, J.). |

COMMONWEALTH VS

Darrien Goetzendanner

| Date | No. | Entry |
|---|---|---|
| July 2? | [13] | Attorney Meyers's motion to withdraw, filed. |
| July 24 | (14) | Affidavit of counsel, filed. |
| July 27 | -- | Attorney Meyers's motion to withdraw, motion allowed. (Simons J.) Copies certified to all attorneys. |
| July 27 | (15) | Notice of assignment of counsel of Francis X. Spina for defendant, filed. |
| July 27 | (16) | Notice of appearance of counsel of Francis X. Spina for defendant, filed. |
| July 31 | (17) | Writ of habeas corpus returned and filed. |
| August 17 | (18) | Commonwealth's petition for writ of habeas corpus ad defendum, filed. |
| August 17 | - | Writ of habeas corpus issued in hand to deputy sheriff. |
| August 18 | (19) | Writ of habeas corpus, returned and filed. |
| August 18 | (20) | Pre-trial conference report, filed. |
| September 15 | (21) | Defendant's motion for laboratory reports filed (in nos. 920378-920384 |
| September 15 | (22) | Defendant's motion to examine all physical evidence filed. (in Nos. 920378-384) |
| September 15 | (23) | Defendant's motion for exculpatory evidence filed. (in Nos. 920378-384) |
| September 15 | (24) | Defendant's motion for production of documents/exculpatory evidence filed. (in nos. 920378-384) |
| September 15 | (25) | Defendant's motion requiring the Commonwealth to furnish the defendant with exculpatory evidence pertaining to allegations of prior sexual/physical assaults filed (in Nos. 920378-384) |
| September 15 | (26) | Defendant's motion for release of order of impoundment filed. (in nos. 920378-384) |
| September 15 | (27) | Defendant's motion for copies of all statements of defendant filed. (in nos. 920378-384). |
| September 15 | (28) | Defendant's motion for probation record of defendant filed (in nos. 920378-384) |
| September 15 | (29) | Defendant's motion for hospital reports filed. (in nos. 920378-384) |
| September 15 | (30) | Defendant's motion for copies of all witness statements filed. (in Nos. 920378-384) |
| September 15 | (31) | Defendant's motion for copies of all police reports filed. (in nos. 920378-384) |
| September 15 | (32) | Defendant's motion for disclosure of all promises, rewards and inducements to commonwealth witnesses filed (in nos. 920378-384) |
| September 15 | (33) | Defendant's motion for probation records of Commonwealth witnesses filed in No.s 920378-384) |
| September 15 | (34) | Defendant's motion for booking slip filed. (in nos. 920378-384) |
| September 15 | (35) | Defendant's motion for examination of booking information and personal property seized during booking filed (in nos. 920378-384) |
| September 15 | (36) | Defendant's motion to examine physical evidence and scientific test results and analysis on any and all evidence filed. (in nos. 920378-384) |
| September 16 | (37) | Defendant's ex-parte motion for approval of costs for an expert pathologist and fees for an expert chemist, filed as to indictments #920378 through #920384. |
| September 16 | (38) | Defendant's motion for copies of all police notes as to indictments #920378 through #920384. |
| September 16 | (39) | Defendant's motion for discovery as to indictments #920378 through #920384, filed. |
| September 16 | (40) | Defendant's motion to examine physical evidence presented to the Grand Jury as to indictments #920378 through #920384, filed. |

Commonwealth

vs.

Darrien Goetzendanner

No. 920378    CONTINUE

| Date | No. | Description |
|---|---|---|
| September 16 | [41] | Defendant's motion for relief from prejudicial joinder as to indictments #920378 through #920384, filed. |
| September 16 | (42) | Defendant's motion to dismiss as to indictments #920378 through #920384, filed. |
| September 16 | (43) | Defendant's motion for examination of physical evidence as to indictments #920378 through #920384, filed. |
| October 21 | (44) | Defendant's motion to dismiss as to indictments #920378 through #920384, with certificate of service, filed. |
| October 27 | (45) | Commonwealth's petition for writ of habeas corpus ad defendum, filed. |
| October 27 | – | Writ of habeas corpus issued in hand to deputy sheriff. |
| October 28 | (46) | Writ of habeas corpus, returned and filed. |
| October 28 | (47) | Attorney Spina's motion to withdraw as counsel, filed and motion allowed. Attorney George Crane appointed. (Simons J.) Copies certified to all attorneys. |
| October 28 | (48) | Notice of appearance of George B. Crane for defendant, filed. Attorney Spina withdrawal allowed by the court. Attorney George Crane appointed. (Simons J.) |
| October 28 | (49) | Notice of assignment of counsel, of George Crane for defendant, filed. |
| October 29 | (50) | Commonwealth's petition for writ of habeas corpus ad defendum, filed. |
| October 30 | – | Writ of habeas corpus issued in hand to deputy sheriff. |
| November 6 | (51) | Commonwealth's petition for writ of habeas corpus ad defendum, filed. |
| November 19 | – | Writ of habeas corpus issued in hand to deputy sheriff. |
| November 20 | (52) | Commonwealth's petition for writ of habeas corpus ad defendum, filed. |
| November 23 | – | Writ of habeas corpus issued in hand to deputy sheriff. |
| November 24 –1993– | (53) | Commonwealth's motion for reciprocal discovery filed and allowed, (Simons, J.). |
| January 12 | (54) | Commonwealth's petition for writ of habeas corpus ad defendum, filed. |
| January 12 | – | Writ of habeas corpus issued in hand to deputy sheriff. |
| January 13 | (55) | Writ of habeas corpus, returned and filed. |
| January 13 | (56) | Commonwealth's motion for order for taking of blood samples and saliva filed (Allowed, (Ford, J.) |
| January 13 | (57) | Affidavit of Gwen Pino filed. |
| January 13 | (58) | Order for taking of Blood Sample and Saliva entered, (Ford, J.). Certified copy to D.A.'s office. |
| Jan. 29 | (59) | Defendant's motion in limine to preclude the Commonwealth from introducing into evidence or showing the jury photographs of the victim filed. |
| Jan. 29 | (60) | Defendant's motion for suggested questions to the jury aksed on an individual basis filed. |
| Jan. 29 | (61) | Defendant's motion in limine to preclude the Commonwealth from impeaching the defendant's credibility with evidence of prior convictions filed. |

NO920378    CONTINUED    Commonwealth    VS.    Darrien Goetzendanner

**1 9 9 3 -**

| Date | No. | Entry |
|---|---|---|
| Feb. 1 | - | Defendnat's motion for suggested questions to the jury on an individual basis-allowed in part.(Simons,J |
| Feb. 1 | - | Trial commenced before (Simons, J.). Court orders fourteen jurors impanelled. |
| Feb. 1 | - | The following jurors impanelled today-1-2 Robin Scolforo; 1-12 Therese Callahan;; 2-11 Helen Sommer; 2-12 Cheryl Lamour; 3-12 Stetson Adams; 4-1 Dudley Bahlman; 4-5 Mary Berti; 4-6 Frank Stillman; 4-10 Michael Kustra; 5-1 Jody DiSanti; 5-4 David Storie; 5-13 Edward Arnold. Court to continue impanellement process 2/2/93; |
| Feb. 1 | - | Defendant's motion in limine re: photos of victim denied. (Simons, J.). Deft's rights saved. |
| Feb. 1 | - | Defendant's motion in limine re: prior convictions-allowed as to so much of the record as consists of assault and battery w/dangerous weapon and assault with intent to kill-denied as to balance of record. (Simons, J.). |
| Feb. 1 | (62) | Commonwealth's memorandum re: testimony to be offered as to expert on Battered Women's Syndrome filed. Court will conduct voir of witness at appropriate time. (Simons, J.). |
| Feb. 2 | - | Jury impanelling continued. The following jurors seated today 1-11 Elsie Thomas; Kathleen Bowen. Jury sworn. Court appoints 4-1 Dudley Bahlman foreman. |
| Feb. 2 | (63) | List of jurors filed. |
| Feb. 2 | - | Indictments read-preliminary instruction given to the jury. Commonwealth makes opening |
| Feb. 3 | - | Trial continued before (Simons, J.). |
| Feb. 3 | - | Voir dire held of expert witness re: Battered Women's Syndrome. After voir dire-court will allow Commonwealth to offer testimony. (Simons, J.). |
| Feb. 4 | - | Trial continued before (Simons, J.). |
| Feb. 4 | - | Defendant made oral motion to strike testimony of expert witness-oral motion denied. deft's rights saved. (Simons, J.). |
| Feb. 4 | - | Commonwealth rests. |
| Feb. 4 | (64) | Defendant's motion for required finding of not guilty filed. Denied as to nos. 920378-79-80-81-82-83; allowed as to nos. 920384 and 920668, (Simons, J.). Defendant rests. |
| Feb. 5 | (65) | List of witnesses filed. |
| Feb. 5 | (66) | List of exhibits filed. |
| Feb. 5 | (67) | Final arguments of counsel-Deft. 9:21-9:47; Comm. 9:47-10:14; Judge's instructions to the jury held-10:28-11:18; Jurors 5-1 DiSanti and 5-4 Storie withdrawn as alternates; Officers Martin, Galvagni & Quinn sworn with jury. Jury began deliberating 11:23 a.m. |
| Feb. 5 | (68) | Jury question #1 filed. 12:22 p.m. |
| Feb. 5 | (69) | Jury question #2 filed. |
| Feb. 5 | (70) | Verdict of Guilty returned, affirmed and filed. Jury discharged. 2:20 p.m. |
| Feb. 5 | - | Sentence imposed: 20 to 30 years, M.C.I. Cedar Junction, with credit of 30 days for time spent in confinement awaiting disposition, to be served from and after the expiration of all previous sentences which the defendant has been ordered to serve. (Simons, J.). Deft. advised of Rule 64 & 65 rights of appeal. |
| Feb. 5 | - | Mittimus issued in hand to deputy sheriff. |

Commonwealth     VS.     Darrien Goetzendanner     No. 920378     CONTINUED

**- 1 9 9 3 -**

| Date | No. | Entry |
|---|---|---|
| Feb. | 11 (71) | Defendant's notice of appeal from verdict filed. |
| Feb. | 11 (72) | Defendant's notice of appeal from sentence filed. |
| Feb. | 11 (73) | Defendant's motion to revise and revoke filed. |
| Feb. | 11 [74] | Defendant's motion for free transcript filed. |
| Feb. | 11 (75) | Defendant's request for transcript filed. |
| Feb. | 11 (76) | Defendant's motion for a new trial filed. |
| March | 11 (77) | Defense counsel's motion to withdraw and for appointment of new counsel for appeal filed. |
| March | 3 - | Notice of assignment of counsel for appellate purposes mailed to Denise Simonini, CPCS. |
| March | 3 (78) | Order for transcript entered. Copy in hand to Brenda Levardi, court reporter. |
| June | 16 (79) | Notice of assignment of counsel of James E. Methe, Esq. for appeal for the defendant as to indictments #920378 through #920383, filed. |
| July | 14 (80) | Order from the Appellate Division of the Superior Court Department stating that the judgments imposing said sentences stand and that said appeal be and is hereby dismissed as to indictment #920378-#920382, entered (Travers and McDaniel, JJ). Certified copy mailed to the counsels. |
| August | 18 (81) | Notice of appearance of James E. Methe, Esq., for the defendant for appeal purposes as to indictments #920378 through #920383, filed. |
| September | 21 (82) | Notice of assembly of record on appeal, entered. Copies certified to all attorneys and to appeals court. Also to appeals court the following. Original statement to be used in appeal entries, Notice of appeal, list of exhibits, two (7) copies of docket sheets and original and one (1) copy of trial transcript. |

**- 1994 -**

| Date | No. | Entry |
|---|---|---|
| June | 1 (83) | Notice of appearance of Charles K. Stephenson, Esq. for the defendant for appeal as to indictments #920378 through #920383, filed. |
| June | 1 (84) | Defendant's motion for a new trial with affidavits, exhibits and memorandum, as to indictments #920378 through #920383 (bound together), filed. |
| June | 1 (85) | Defendant's motion for discovery in connection with his motion for new trial with supporting affidavits as to indictments #920378 through #920383 (bound together), filed. |
| August | 29 -- | Hearing held in Greenfield before (Dohoney, J.), Commonwealth has until September 20, 1994 to file memorandum-Defendant has 10 days after receipt of Commonwealth's memorandum to file |
| September | 26 (86) | Commonwealth's memorandum in opposition to defendant's motion for new trial on indictments theirs (Dohoney, J.) #920378 through #930383, filed. |
| October | 4 - | Letter from Darrien Goetzendanner, received. |
| October | 5 (87) | Defendant, Darrien Goetzendanner's motion to strike, filed. |
| October | 5 (88) | Defendant, Darrien Goetzendanner's writ of habeas corpus ad testificandum, filed. |

Commonwealth                          vs.                          Darrien Goetzendanner

| Date | No. | Description |
|---|---|---|
| 1994- | | |
| October 11 | (89) | Defendant's reply memorandum on his motion for a new trial, filed. |
| October 11 | (90) | Defendant's motion for an order barring destruction or release of evidence, filed. |
| November 8 | -- | Letter from Darrien Goetzendanner re: motion for new trial, received. |
| December 5 | -- | Defendant's Pro Se Motion to Strike - DENIED (Dohoney, J.). Certified copy to counsel for defendant and to Ass't District Attorney, Anne Kendall. |
| December 5 | -- | Defendant's Pro Se Writ of Habeas Corpus Ad Testification - DENIED (Dohoney, J.). Certified copy to counsel for defendant and to Ass't District Attorney, Anne Kendall. |
| December 5 | -- | Defendant's Motion for an Order Barring Destruction or Release of Evidence - ALLOWED (Dohoney, J.). Certified copy to counsel for defendant and to Ass:t District Attorney, Anne Kendall. |
| December 5 | -- | Defendant's Motion for a New Trial - DENIED. Memorandum of Decision to follow (Dohoney, J.). Certified copy to counsel for defendant and to Ass't District Attorney, Anne Kendall. |
| December 5 | (91) | Memorandum of Decision and Order on defendant's motion for a new trial, entered (Dohoney,J.). Certified copy mailed to counsels. |
| December 12 | (92) | Defendant's notice of appeal from denial of his motions for new trial and discovery, filed. |
| December 12 | (93) | Defendant's motion for a free transcript of the hearing on his motion for a new trial, filed. |
| December 15 | -- | Defendant's motion for a free transcript of the hearing on his motion for a new trial-motion ALLOWED (Dohoney,J.). Certified copy to counsels and to the Stenographer. |
| December 15 | (94) | Order for free transcript of motion for a new trial, entered (Dohoney, J). Certified copy to counsels and to the Stenographer. |
| December 15 | (95) | Status report and motion to consolidate appeals from the Appeals Court, - ALLOWED. The appeal of the denial of the defendant's motion for new trial is consolidated with the instant appeal without the necessity of an assembly of the record. The trial court clerk's office is to forward updated copies of the docket and the transcript. The stay is vacated. The appellant's brief and appendix are due on or before 1/23/95, filed. Certified copy to counsels. |
| December 27 | -- | Copy of order for transcript of motion for a new trial mailed to Maureen Talbot, Stenographer c/o Philbin & Associates. |
| 1995 - | | |
| January 5 | (96) | Order for transcript of defendant's motion for new trial heard on 8/29/94 in Franklin Superior Court before Judge James P. Dohoney, entered. Certified copies mailed to Laura Sampson Germann, Steno c/o Philbin & Associates and Attorney Charles K. Stephenson. |
| March 14 | (97) | Defendant's motion for forensic testing at government expense-motion ALLOWED (Dohoney, J.). Certified con... |

A True Copy

Commonwealth                     vs.     Darrien Goetzendanner          NO. 920378     **CONTINUED**

| Date | No. | Entry |
|---|---|---|
| - 1995 - | | |
| June 6 | (98) | Defendant's Motion to Compel government to Provide Access to Evidence for Testing, with certificate of service, filed. |
| September 6 | (99) | Defendant's RENEWED Motion to Compel Government to provide access to evidence for testing, filed. |
| ~~September 6~~ | ~~(100)~~ | ~~Defendant's motion for an order that he present for hearing, filed.~~ |
| September 6 | (101) | Defendant's request for hearing, with certificate of service, filed. |
| ~~October 3~~ | ~~(102)~~ | ~~Defendant's motion for exemplars of the complainant's head hair, filed.~~ |
| October 3 | - | Letter from Charles K. Stephenson, Esq. requesting if hearing necessary that defendant be habeaed from MCI Norfolk, with certificate of service, received. |
| October 30 | (103) | Commonwealth's Opposition to defendant's motion for exemplar of victim's hair, filed. |
| October 30 | - | Defendant's motion for exemplars of the complainant's head hair - Motion ALLOWED (Carhart, J) Certified copies mailed to attorneys. |
| October 30 | (104) | Commonwealth's Motion for Discovery, filed. |
| October 30 | - | Commonwealth's Motion for Discovery - If the defendant seeks to use the results of the DNA testing, the reports shall be provided to the Commonwealth (Carhart, J) Certified copies mailed to attorneys. |
| - 1996 - | | |
| March 7 | -- | Received transcript of motion held in Franklin County on defendant's motion for a new trial held before (Dohoney J.) on 8/29/94. |
| March 7 | -- | Original and one (1) copy of transcript of hearing on defendant's motion for a new trial mailed to appeals court. Also copies issued to District Attorney and Defense Attorney Charles K. Stephenson. (see letter to Appeals Court in File) |
| - 1997 - | | |
| July 11 | (105) | Rescript from Appeals Court, Ordered: Judgments affirmed. Order denying motion for new trial affirmed. entered. Certified copies mailed to attorneys. |
| - 1998 - | | |
| February 6 | -- | Letter from CPCS Post-Conviction Assignment Coordinator that we will be notified if counsel should be appointed, received. |
| March 30 | (106) | Notice of Assignment of Counsel of Joseph Krowski, Esq. of 30 Cottage Street, Brockton, MA 02401 for the defendant for purposes of New Trial Motion, filed. |
| - 2000 - | | |
| May 8 | (107) | Mittimus, returned and filed. |
| August 17 | (108) | Defendant's Motion for a New Trial, filed. |
| August 17 | (109) | Affidavit in Support of Defendant's Motion for a New Trial, filed. |
| August 17 | (110) | Memorandum in Support of Defendant's Motion for a New Trial, filed. |
| December 7 | (111) | Supplemental Memorandum in Support of Defendant's Motion for a New Trial, with certificate of service, filed. |

Attest                    Clerk

Commonwealth

vs.

Darrien Goetzendanner

| 2001- | | |
|---|---|---|
| July 1 | 112 | Memorandum of Decision, filed |
| February 28 | 113 | Copy of Commonwealth's Reply to Defendant's Second Motion for New Trial, filed. |
| October 9 | — | Defendant's Motion for a New Trial-DENIED (Velis, J.). See Memorandum and Order. |
| October 11 | 114 | Memorandum and Decision on Defendant's Motion for a New Trial, entered (Velis, J.). Certified copy mailed to parties on 10/11/2001. |
| November 5 | (115) | Notice of Appeal to certain opinions, rulings, directions and judgments as to the Courts decision on the Defendant's Motion for an Evidentiary Hearing and Motion for New Trial dated October 9, 2001, filed. |

NO 920379

PAGE NO.

COMMONWEALTH OF MASSACHUSETTS

COMMONWEALTH VS.

DARRIEN GOETZENDANNER

DEFENDANTS (ADDITIONAL)

| CHARGE | | | ATTORNEY FOR DEFENDANT |
|---|---|---|---|

Aggravated Rape (Ch. 265, sec. 22(a))

Trienah A. Meyers, Esq. (CPCS) (Assigned)
139 North St., Second Floor, Pittsfield, MA 01201
Tel.(413)447-7342

| -1992- March 20 March 26 | (1) | Indictment, filed. Defendant arraigned and plead Not Guilty. Defendant released on personal recognizance with pre-trial conference 4/16/92 as to indictment #920378 through #920384, filed. |
|---|---|---|
| 1993 - Jan. | (2) | Defendant's motion in limine to preclude the Commonwealth from introducing into evidence or showing the jury photographs of the victim filed. |
| Jan. 29 | (3) | Defendant's motion for suggested questions to the jury asked on an individual basis filed. |
| Jan. 29 | (4) | Defendant's motion in limine to preclude the Commonwealth from impeaching the defendant's credibility with evidence of prior convictions filed. |

SEE BACK

NO. 920375 CONTINUED

COMMONWEALTH VS    JANALEN GOETZEN DAVIES

Defendant's motion for suggested questions to the jury on an individual basis--allowed in part. (Simons, J.).

Trial commenced before (Simons, J.). Court orders fourteen jurors impanelled.

The following jurors impanelled today--1-2 Robin Scolforo; 1-12 Therese Callahan.; 2-11 Helen Sommer; 2-12 Cheryl Tanoue; 3-12 Stetson Adams; 4-1 Dudley Bahlman; 4-5 Mary Nerti; 4-6 Frank Stillman; 4-10 Michael Kysczak; 5-1 Jody DiSanti; 5-4 David Storie; 5-13 Edward Arnold. Court to continue impanellement process 1/29/93.

Defendant's motion in limine re: photos of victim denied. (Simons, J.) Deft's rights saved.

Defendant's motion in limine re: prior convictions-allowed as to so much of the record as consists of assault and battery w/dangerous weapon and assault with intent to kill-denied as to balance of record. (Simons, J.).

Commonwealth's memorandum re: testimony to be offered as to expert on Battered Women's Syndrome filed. Court will conduct voir dire of witness at appropriate time. (Simons, J.).

Jury impanelling continued. The following jurors seated today 1-11 Elsie Thomas; Kathleen Bowen. Jury sworn. Court appoints 4-7 Dudley Bahlman Foreman.

List of jurors filed--Preliminary instruction given to the jury. Commonwealth makes opening. Indictments read

Trial continued before (Simons, J.).

Voir dire held of expert witness re: Battered Women's Syndrome. After voir dire-court will allow Commonwealth to offer testimony. (Simons, J.).

Trial continued before (Simons, J.).

Defendant made oral motion to strike testimony of expert witness-oral motion denied. deft's rights saved. (Simons, J.).

Commonwealth rests.

Defendant's motion for required finding of not guilty filed. Denied as to nos. 920378-79-80-81-82-83; allowed as to nos. 920384 and 920668. (Simons, J.).

Defendant rests.

List of witnesses filed.

List of exhibits filed.

Final arguments of counsel-Deft. 9:21-9:47; Comm. 9:47-10:14; Judge's instructions to the jury held- 10:28-11:18; Jurors 5-1 DiSanti and 5-4 Storie withdrawn as alternates; Officers Martin, Galvagni & Quinn sworn with jury. Jury began deliberating 11:25 a.m.

Jury question #1 filed. 12:22 p.m.

Jury question #2 filed.

Verdict of Guilty returned, affirmed and filed. Jury discharged. 2:20 p.m.

Sentence imposed: 20 to 30 years, M.C.I Cedar Junction, with credit of 120 days for time spent in confinement awaiting disposition, to be served from and after the expiration of all previous sentences which the defendant has been ordered to serve. (Simons, J.). Deft. advised of Rule 64 & 65 rights of appeal.

Mittimus issued in hand to deputy sheriff.

NO 920380 c.k. R/A q/.

APPEAL

COMMONWEALTH VS.                    DARRIEN GOETZENDANNER

| | CHARGE | DEFENDANTS (ADDITIONAL) |
|---|---|---|
| | Kidnapping (Ch. 265, sec. 26) | |

ATTORNEY FOR DEFENDANT

| -1992-<br>March 20 | (1) | Indictment, filed. |
|---|---|---|
| Jan. | 29 (2.) | Defendant's motion in limine to preclude the Commonwealth from introducing into evidence or showing the jury photographs of the victim filed. |
| Jan. | 29 (3. | Defendant's motion for suggested questions to the jury asked on an individual basis filed. |
| Jan. | 29 4 | Defendant's motion in limine to preclude the Commonwealth from impeaching the defendant's credibility with evidence of prior convictions filed. |

See Back

NO.920380    CONTINUED

COMMONWEALTH vs    DARREN GOETZENDANNER

-1993-

| Date | Entry |
|---|---|
| Feb. | Defendant's motion for suggested questions to the jury on an individual basis-allowed in part. (Simons J.) |
| Feb. | Trial commenced before (Simons, J.). Court orders fourteen jurors impanelled. |
| Feb. | The following jurors impanelled today-1-2 Robin Scolforo; 2-11 Helen Sommer; 2-12 Cheryl Lamoue; 3-12 Stetson Adams; 4-1 Dudley Bahlman; 4-5 Mary Berti; 4-6 Frank Stillman; 4-10 Michael Kusler; 5-1 Jody DiSanti; 5-4 David Storie; 5-13 Edward Arnold. Court to continue impanellement process 2/2/93. |
| Feb. | Defendant's motion in limine re: photos of victim denied, (Simons, J.). Deft's rights saved. |
| Feb. | Defendant's motion in limine re: prior convictions-allowed as to so much of the record as consists of assault and battery w/dangerous weapon and assault with intent to kill-denied as to balance of record. (Simons, J.) |
| Feb. | Commonwealth's memorandum re: testimony to be offered as to expert on Battered Women's Syndrome filed. (Simons, J.) |
| Feb. | Court will conduct voir dire of witness at appropriate time. (Simons, J.) |
| Feb. | Jury impanelling continued. The following jurors seated today 1-11 Elsie Thomas; Kathleen Bowen. Jury sworn. Court appoints 4-1 Dudley Bahlman foreman. |
| Feb. | List of jurors filed. |
| Feb. | Indictment's read-preliminary instruction given to the jury. Commonwealth makes opening. |
| Feb. | Trial continued before (Simons, J.). |
| Feb. | Voir dire held of expert witness re: Battered Women's Syndrome. After voir dire-court will allow |
| Feb. | Commonwealth to offer testimony. (Simons, J.). |
| Feb. | Trial continued before (Simons, J.). Defendant made oral motion to strike testimony of expert witness-oral motion denied. deft's rights saved. (Simons, J.). |
| Feb. | Commonwealth rests. |
| Feb. | Defendant's motion for required finding of not guilty filed. Denied as to nos. 920378-79-80-81-82-83; allowed as to nos. 920384 and 920668, (Simons, J.). Defendant rests. |
| Feb. | List of witnesses filed. |
| Feb. | List of exhibits filed. |
| Feb. | Final arguments of counsel-Deft. 9:21-9:47; Comm. 9:47-10:14; Judge's instructions to the jury held-10:28-11:18; Jurors 5-1 DiSanti and 5-4 Storie withdrawn as alternates; Officers Martin, Galvagni & Quinn sworn with jury. Jury began deliberating 11:23 a.m. |
| Feb. | Jury question #1 filed. 12:22 p.m. |
| Feb. | Jury question #2 filed. |
| Feb. | Verdict of Guilty returned, affirmed and filed. Jury discharged. 2:20 p.m. |
| Feb. | Sentence imposed: 8 to 10 years, M.C.I. Cedar Junction with credit of 320 days for time spent in confinement awaiting disposition, to be served concurrently with the sentence imposed this day on indictment no. 920379 (Simons, J.). Deft. advised of Rule 64 & 65 rights of |
| -2000- | |
| May 8 | appellus returned and filed victims-issued in hand to deputy sheriff. |

Commonwealth of Massachusetts     Berkshire, ss.     Superior Court

NO 92061 CR

9/2/93

COMMONWEALTH VS.     DARREN GOETZENDANNER

| CHARGE | DEFENDANT'S (ADDITIONAL) | ATTORNEY FOR DEFENDANT |
|---|---|---|
| Assault and Battery By Means Of A Dangerous Weapon (Ch. 265, sec 15A)(b) | | |

| -1992– March 20 | (1) | Indictment, filed. |
| -1993– | | |
| Jan. 29 | (2) | Defendant's motion in limine to preclude the Commonwealth from introducing into evidence or showing the jury photographs of the victim filed. |
| Jan. 29 | (3) | Defendnt's motion for suggested questions to the jury aksed on an individual basis filed. |
| Jan. 29 | (4) | Defendant's motion in limine to preclude the Commonwealth from impeaching the defendant's credibility with evidence of prior convictions filed. |

NO. 920381 CONTINUED

COMMONWEALTH vs    Darrien Goerzendeuver

| | | |
|---|---|---|
| 1993 | | |
| Feb. | — | Defendant's motion for suggested questions to the jury on an individual basis-allowed in part. (Simons, J.) |
| Feb. | — | Trial commenced before (Simons, J.). Court orders fourteen jurors impanelled. |
| Feb. | — | The following jurors impanelled today-1-2 Robin Scolforo; 1-12 Therese Callahan; 2-11 Helen Sommer; |
| | — | 2-12 Cheryl Lanoue; 3-12 Stetson Adams; 4-1 Dudley Bahlman; 4-5 Mary Berti; 4-6 Frank Stillman; 4-10 Michael Kysieg; 5-1 Jody DiSanti; 5-4 David Storie; 5-13 Edward Arnold. Court to continue impanellement process 2/2/93. |
| Feb. | — | Defendant's motion in limine re: photos of victim denied. (Simons, J.). Deft's rights saved. |
| Feb. | — | Defendant's motion in limine re: prior convictions-allowed as to so much of the record as consists of assault and battery w/dangerous weapon and assault with intent to kill-denied as to balance of record (Simons, J.). |
| Feb. | (5) | Commonwealth's memorandum re: testimony to be offered as to expert on Battered Women's Syndrome filed |
| Feb. | 1 | Jury impanelling continued. The following jurors seated today 1-1 Elsie Thomas; Kathleen Bowen. Jury sworn. Court appoints 4-1 Dudley Bahlman Foreman. |
| Feb. | 2 (?) | List of jurors filed. |
| Feb. | 2 | Indictments read-preliminary instruction given to the jury. Commonwealth makes opening |
| Feb. | 3 | — Trial continued before (Simons, J.). |
| Feb. | 3 | — Voir dire held of expert witness re: Battered Women's Syndrome. After voir dire-court will allow Commonwealth to offer testimony. (Simons, J.). |
| Feb. | 4 | — Trial continued before (Simons, J.). |
| Feb. | 4 | — Defendant made oral motion to strike testimony of expert witness-oral motion denied. deft's rights saved. (Simons, J.). |
| Feb. | 4 | Commonwealth rests. |
| Feb. | 4 (?) | Defendant's motion for required finding of not guilty filed. Denied as to nos. 920378-79-80-81-82-83; allowed as to nos. 920384 and 920668. (Simons, J.). |
| b.Feb. | 5 (?) | Defendant rests. |
| b. | 5 (?) | List of witnesses filed. |
| b. | 5 | Oral motion to amend indictment to read "stick" instead of "broomstick" allowed. (Simons, J.). |
| b. | 5 | List of exhibits filed. |
| b. | 5 | Final arguments of counsel-Deft. 9:21-9:47; Comm. 9:47-10:14; Judge's instructions to the jury held-10:28-11:18; Jurors 5-1 DiSanti and 5-4 Storie withdrawn as alternats; Officers Martin, Galvagni & Quinn sworn with jury. Jury began deliberating 11:23 a.m. |
| Feb. | 5 (JF) | Jury question #1 filed. 12:22 p.m. |
| Feb. | 5 (JF) | Jury question #2 filed |
| Feb. | 5 (?) | Verdict of Guilty returned, affirmed and filed. Jury discharged. 2:20 p.m. |
| Feb. | 5 | Sentence imposed: B. to 10 years, M.C.I. Cedar Junction with credit of 320 days for time spent in confinement awaiting disposition, to be served concurrently with the sentence imposed this day on indictment no. 920379. (Simons, J.). Deft. advised of Rule 64 & 65 rights of appeal. |
| | — 2000 — | |
| May | 8 (?) | Mittimus, returned and filed. |
| | (14) | Mittimus issued in-hand to deputy sheriff. |

APPEAL

COMMONWEALTH VS.                    DARRIEN GOETZENDANNER

Commonwealth of Massachusetts    Middlesex, ss.    Superior Court

NO. _____

**CHARGE**

Assault And Battery By Means Of A Dangerous Weapon
(Ch. 265, sec. 15A)(b)

DEFENDANTS (ADDITIONAL)

ATTORNEY FOR DEFENDANT

| -1992- | | |
|---|---|---|
| March 20 | (1) | Indictment, filed. |
| -1993- | | |
| Jan. 29 | (2) | Defendant's motion in limine to preclude the Commonwealth from introducing into evidence or showing the jury photographs of the victim filed. |
| Jan. 29 | (3) | Defendnt's motion for suggested questions to the jury asked on an individual basis filed. |
| Jan. 29 | (4) | Defendant's motion in limine to preclude the Commonwealth from impeaching the defendant's credibility with evidence of prior convictions filed. |

See back

NO.92-03E2 Continued

COMMONWEALTH VS   Darrien Guerzendann...

| Date | Entry |
|---|---|
| 1993 | |
| Feb. | – Defendant's motion for suggested questions to the jury on an individual basis-allowed in part.(Simons,J.) |
| Feb. | – Trial commenced before (Simons, J.). Court orders fourteen jurors impanelled. |
| Feb. | – The following jurors impanelled today-1-2 Robin Scolforo; 2-11 Helen Sommer; 2-12 Cheryl Lanoue; J-12 Stetson Adams; 4-1 Dudley Bahlman; 4-5 Mary Betti; 4-6 Frank Stillman; 4-10 Michael Kubias; 5-1 Jody DiSanti; 5-4 David Storie; 5-13 Edward Arnold. Court to continue impanellement Process 2/8/93. |
| Feb. | – Defendant's motion in limine re: photos of victim denied. (Simons, J.). Deft's rights saved. |
| Feb. | – Defendant's motion in limine re: prior convictions-allowed as to so much of the record as consists of assault and battery w/dangerous weapon and assault with intent to kill-denied as to balance of record, (Simons, J.). |
| Feb. (5.) | Commonwealth's memorandum re: testimony to be offered as to expert on Battered Women's Syndrome filed. Court will conduct voir dire of witness at appropriate time, (Simons, J.). |
| Feb. 2 | – Jury impanelling continued. The following jurors seated today 1-11 Elsie Thomas; Kathleen Bowen. Jury sworn. Court appoints 4-1 Dudley Bahlman foreman. |
| Feb. 2 (6.) | List of jurors filed. Indicates read-preliminary instruction given to the jury. Commonwealth makes opening |
| Feb. 3 | – Trial continued before (Simons, J.). |
| Feb. 3 | – Voir dire held of expert witness re: Battered Women's Syndrome. After voir dire-court will allow Commonwealth to offer testimony. (Simons, J.). |
| Feb. 4 | – Trial continued before (Simons, J.). |
| Feb. 4 | – Defendant made oral motion to strike testimony of expert witness-oral motion denied, deft's rights saved, (Simons, J.). |
| Feb. 4 | – Commonwealth rests. |
| Feb. 4 (7) | Defendant's motion for required finding of not guilty filed. Denied as to nos. 920378-79-80-81-82-83; Defendant rests. |
| Feb. (8) | List of witnesses filed. |
| Feb. (9) | List of exhibits filed. |
| Feb. (10) | Defendant's request for jury instructions filed. |
| Feb. | – Final arguments of counsel-Deft. 9:12-9:47; Comm. 9:47-10:14; Judge's instructions to the jury held-10:28-11:18; Jurors 5-1 DiSanti and 5-4 Storie withdrawn as alternates; Officers Martin, Galvagni & Quinn sworn with jury. Jury began deliberating 11:23 a.m. |
| Feb. 5 (11) | Jury question #1 filed, 12:22 p.m. |
| Feb. 5 (12) | Jury question #2 filed. |
| Feb. 5 (13) | Verdict of Guilty returned, affirmed and filed. Jury discharged. 2:20 p.m. |
| Feb. | – Sentence imposed: 3 to 5 years, M.C.I. Cedar Junction with credit of 320 days for time spent in confinement awaiting disposition, to be served concurrently with the sentence imposed this day on Indictment no. 920379. |
| – 2000 – | |
| May 8 (16) | Appeals returned and filed. Witnesses returned in hand to deputy sheriff. |

APPEAL

Commonwealth of Massachusetts    Berkshire, ss.    Superior Court

COMMONWEALTH VS.    DARRIEN GOETZENDANNER

NO. _____

R/S 7/2/93

| CHARGE | DEFENDANT'S (ADDITIONAL) | ATTORNEY FOR DEFENDANT |
|---|---|---|

Assault And Battery (Ch. 265, sec. 13A)

| | | |
|---|---|---|
| –1992–<br>March 20 | (1) | Indictment, filed. |
| Jan. | 29 | ( 3) Defendant's motion in limine to preclude the Commonwealth from introducing into evidence or showing the jury photographs of the victim filed. |
| Jan. | 29 | ( ) Defendnt's motion for suggested questions to the jury aksed on an individual basis filed. |
| Jan. | 29 | ( ) Defendant's motion in limine to preclude the Commonwealth from impeaching the defendant's credibility with evidence of prior convictions filed. |

–1993–

See Back

NO.920385 CONTINUED

COMMONWEALTH VS   Barrier   Croff m Alvere...

1993

| Feb. | 1 | Defendant's motion for suggested questions to the jury on an individual basis-allowed in part (Simons, J.) |
| Feb. | 1 | Trial commenced before (Simons, J.). Court orders fourteen jurors impanelled. |
| Feb. | 1 | The following jurors impanelled today-1-2 Robin Scolforo; 1-12 Therese Callahan; 2-11 Helen Sommer; 2-12 Cheryl Lanoue; 3-12 Stetson Adams; 4-1 Dudley Bahlman; 4-5 Mary Berti; 4-6 Frank Stillman; 4-10 Michael Kustra; 5-1 Jody DiSanti; 5-4 David Storie; 5-13 Edward Arnold. Court to continue impanellement process 2/8/93. |
| Feb. | 1 | Defendant's motion in limine re: photos of victim denied. (Simons, J.). Deft's rights saved. |
| Feb. | 1 | Defendant's motion in limine re: prior convictions-allowed as to so much of the record as consists of assault and battery w/dangerous weapon and assault with intent to kill-denied as to balance of record. (Simons, J.) |
| Feb. | ( | Commonwealth's memorandum re: testimony to be offered as to expert on Battered Women's Syndrome filed. |
| Feb. | 2 | Court will conduct voir of witness at appropriate time. (Simons, J.) |
| Feb. | 2 | Jury impanelling continued. The following jurors seated today 1-1 Elsie Thomas; Kathleen Bowen. Jury sworn. Court appoints 4-1 Dudley Bahlman foreman. |
| Feb. | 2 | List of jurors filed. |
| Feb. | 3 | Indictments read-preliminary instruction given to the jury. Commonwealth makes opening |
| Feb. | 3 | Trial continued before (Simons, J.) |
| Feb. | 4 | Voir dire held of expert witness re: Battered Women's Syndrome. After voir dire-court will allow |
| Feb. | 4 | Commonwealth to offer testimony. (Simons, J.) |
| Feb. | 4 | Trial continued before (Simons, J.) |
| Feb. | 4 | Defendant made oral motion to strike testimony of expert witness-oral motion denied deft's rights saved. (Simons, J.) |
| Feb. | 4 | Commonwealth rests. |
| Feb. | 4 | Defendant's motion for required finding of not guilty filed. Denied as to nos. 920378-79-80-81-82-83; allowed as to nos. 920384 and 920068. (Simons, J.) |
| Feb. | | Defendant rests. |
| Feb. | 5 | List of witnesses filed. |
| Feb. | 5 | List of exhibits filed. |
| Feb. | 5 | Defendant's request for jury instructions filed. |
| Feb. | 5 | Final arguments of counsel-Deft: 9:21-9:47; Comm. 9:47-10:14; Judge's instructions to the jury held-10:28-11:18; Jurors 5-1 DiSanti and 5-4 Storie withdrawn as alternates; Officers Martin, Galvagni & Quinn sworn with jury. Jury began deliberating 11:23 a.m. |
| Feb. | 5 | Jury question #1 filed. 12:22 p.m. |
| Feb. | 5 | Jury question #2 filed. |
| Feb. | 5 | Verdict of Guilty returned. affirmed and filed. Jury discharged. 2:20 p.m. |
| Feb. | 5 | Sentence imposed. Case placed on file there being no objection by the defendant. (Simons, J.) |
| | | appeal. |
| | | Deft. advised of Rule 64 & 65 rights of |



PLEASE TYPE
SIGN WITH BALL POINT PEN ONLY — [ E ? DOWN

7215 ☐☐



### COMMONWEALTH OF MASSACHUSETTS
#### Parole Board

Region __5__  Dist i t __5__

| WARRANT FOR PERMANENT CUSTODY (STATE) | Name of Parolee<br>Darren Goetzendanner | C 49446  Institution Num oe<br>SID Numbe |
|---|---|---|

| Date of Birth | Sex | Race | This warrant for permanent custody is issued by the Parole Board in accordance with chapter 127 section 149 of the Massachusetts General Laws. |
|---|---|---|---|
| 1-13-65 | ☒ Male<br>☐ Female | ☐ White<br>☒ Black<br>☐ Hispanic<br>☐ Other | |

**To any officer authorized to serve criminal process in the Commonwealth of Massachusetts: you are required to arrest the parolee and convey him/her to** MCI Cedar Junction **. To the superintendent of said institution: you are hereby required to receive the prisoner and safely keep him/her until the expiration of sentence or until otherwise discharged according to law.**

**REASON FOR WARRANT FOR PERMANENT CUSTODY:**

Above named parolee has violated a condition(s) of his/her parole.

| Chairman or Parole Board Member | Date War a Issued<br>3-31-92 |
|---|---|
| Signature of Arresting Officer | Date Arre t I |

**RETURN OF SERVICE**

Mail to:

Warrant Unit
Massachusetts Parole Board
27-43 Wormwood Street
Boston, MA 02210-1606

By virtue of this warrant I certify that the above named person has been arrested and placed in custody at:

| Institution<br>MCI Cedar Junction | Effective Date of Return<br>3-31-92 2-5-?? SW |
|---|---|
| Signature of Officer Making Return | Title<br>Special State<br>Police Officer<br>I. P. O. | I te R eì ned<br>2- 5 93 |

PB-WPCS. 5/1/87

1            COMMONWEALTH OF MASSACHUSETTS

2     Berkshire, ss.           Superior Court Department
                               of the Trial Court
3                              Nos. 92-0378 thru 8⸱
                                  and 92-0668

4

5     COMMONWEALTH OF MASSACHUSETTS

6     v.                                4-7-93

7     DARRIEN GOETZENDANNER

8

9         TRIAL HELD BEFORE THE HONORABLE WILLIA⸱ W.

      SIMONS AT THE BERKSHIRE COUNTY SUPERIOR COUR⸱

10    PITTSFIELD, MASSACHUSETTS, ON FEBRUARY 5, 19⸱ .

11                       (VOLUME V)

12

      APPEARANCES:

13

      DISTRICT ATTORNEY'S OFFICE, 42 West Street,
14          Pittsfield, MA  01201, representing the
            Commonwealth
15    BY:  ANN M. KENDALL, ASSISTANT DISTRICT ATTORN⸱Y

16    GEORGE CRANE, ESQUIRE, 85 East Street,
            Pittsfield, MA  01201, representing the
17          Defendant

18                            Brenda L. LeVardi
                              Court Reporter
19
      1500 Main Street            P.O. Box 402
20    Springfield, MA  01115      Pittsfield, MA 01⸱ 2
      Tel: (413) 733-4078         Tel: (413)499-223⸱

21

22

23



                    PHILBIN & ASSOCIATES

2

# I N D E X

Page

Charge conference (In chambers)...............3
Closing Arguments..............................6
Jury Charge...................................18
Jury Question No. 1...........................'3
Jury Question No. 2...........................12
Sentencing...................................18

# E X H I B I T S

PAGE

Exhibit A, Jury Question, marked for
identification................................. 7
Exhibit B, Original Verdict Slip,
marked for identification..................... 2
Exhibit C, Copy of Ch. 265, Section 22,
marked for identification..................... 3
Exhibit D, Copy of definition given
to jury....................................... 3

PHILBIN & ASSOCIATES

88

1          THE COURT:  If there's

2    guidelines available, they may be made available

3    to counsel and then I'll see them.

4                    (A recess was taken)

5                    (Sentencing)

6          MS. KENDALL:  May we hear now

7    the sentencing in the matter of the Commonwealth

8    vs. Darrien Goetzendanner?  Your Honor, the

9    victim, Renee Smith, is present in court and  as

10   been all week, and I think she has a few things

11   she would like to say to the Court.

12          THE COURT:  Yes, okay.

13          MS. SMITH:  There are a couple

14   things I would like to say to everyone.  And  he

15   first thing I want to say is what I went through

16   on that day, and what I have continued to go

17   through since that day, for me has been so real.

18   The fear that I have inside is still very real,

19   and the emotions I have been through and continue

20   to go through everyday are also real.  The other

21   thing I want to say is, I don't want Darrien  o

22   ever be able to do this to me again or any other

23   woman ever again.  And I know for me it's going

89

1    to take a very long time to be able to work

2    through all this with my fear and emotions.

3    Thank you.

4                    MS. KENDALL:    Your Honor, / u

5    heard through evidence that was presented at

6    trial, the vicious nature of these crimes

7    committed by this defendant.  You heard abou:

8    also, through some of the testimony, some of  he

9    effect it had on her.  And she was able to

10   articulate for you today the continuing effe:  it

11   has had on her.  This is a very vicious, dep: ved

12   act that he committed that day.

13                    Mr. Goetzendanner, as you v 11

14   see through probation, has a prior record whi h

15   also indicates viciousness.  He's got prior

16   convictions for armed robbery, assault and

17   battery with a dangerous weapon, assault wit1

18   intent to kill.  My understanding from havin;

19   spoken with Parole Officer Paul Metallo is ti t

20   Mr. Goetzendanner --

21                    THE COURT:    I didn't see ti

22   armed robbery.  Is there an assault with int: t

23   to rob?

PHILBIN & ASSOCIATES

1              MS. KENDALL:   My understanding

2     in any event, Your Honor, from speaking with Paul

3     Metallo is, he shot somebody in order to rob them

4     of their property.  People and their property and

5     their persons means nothing to him.  And I think

6     that a very severe sentence in light of his past

7     and in light of these particular crimes is

8     appropriate.  Regardless of what other

9     circumstances there might be, what he did that

10    day was not okay, and it is not acceptable.  We

11    have to let Mr. Goetzendanner know that it is not

12    acceptable, and it will not be tolerated, such

13    outrageous conduct.  Praying on other people  hom

14    he's trying to control and having them end up --

15    you saw the photographs, Judge, you saw the

16    injuries.  And not just the physical ones.  You

17    came to understand the emotional and

18    psychological injuries.  Based on that, the prior

19    record and the facts of this particular case, and

20    having heard the victim, the Commonwealth makes

21    the following recommendations.

22              On 0378, the first charge of

23    aggravated rape, a sentence of forty to sixty

1    years in MCI Cedar Junction; on 0379, the seco id

2    count of aggravated rape, a concurrent forty t)

3    sixty year sentence at MCI Cedar Junction; on

4    0380, the kidnapping, a nine to ten year senter ice

5    at MCI Cedar Junction; on 0381, the assault ar i

6    battery with a dangerous weapon, the stick the :

7    broke when he used it, nine to ten years at Mс[

8    Cedar Junction; the assault with a dangerous

9    weapon, the knife, four to five at MCI Cedar

10   Junction, and; the assault and battery, with a

11   finding of guilty, be placed on file.  I would

12   suggest that if a sentence of at least that much

13   is imposed on Mr. Goetzendanner, he will get the

14   message, and so will others, that such activity,

15   such violence will not be tolerated.  Thank you.

16                MR. CRANE:  Your Honor,

17   needless to say, I disagree with the

18   recommendations, and I do so for several reasons.

19   The word is used by Ms. Kendall quite often that

20   Mr. Goetzendanner needs a message, and we need to

21   tell him and tell others that what he did was not

22   okay.  Your Honor, that isn't the issue.  He

23   knows it's not okay, I know, and so does everyone

PHILBIN & ASSOCIATES

92

1    else.   He admitted, through counsel, the

2    commission of a brutal -- and the word I use

3    depraved assault.  But with regard to the res of

4    the charges, it's a very interesting thing th t

5    the statute regarding rape involves the stat: of

6    mind of the victim.  Did she consent?  Was t1 s

7    against her will?  What was her state of min3

8    when this was proposed?  It doesn't address t e

9    defendant's state of mind at this particular

10   time.  Was he ever made aware by the victim t at

11   this act was not to take place?  I think it's

12   necessary, although it becomes almost irrelev nt

13   in the context in which we're standing today.

14   Apparently the jury did not see it that way, nd

15   I will not argue with the jury's verdict.

16            For the purpose of sentencing, it is

17   significant to note there never was conveyed >y

18   the victim, perhaps justifiably so, to the

19   defendant, a disinclination to engage in se>t al

20   acts.  And there was nothing to indicate the: e

21   was any force used in the perpetration of tl se

22   acts.   They were described by the alleged v: tim

23   at all times as acts of sex.  It's nothing

PHILBIN & ASSOCIATES

1   abnormal; there's nothing abhorrent about it.

2   This isn't to paint any kind of patine of

3   nobility about the defendant, but perhaps I'm

4   trying to put it in a little perspective

5   externally.  He's one of eight children, and  ou

6   my sister are right in that he has a record   of

7   trouble; first, when he was seventeen.  He go  as

8   far as the tenth grade in school.  Although  i

9   did achieve a G.E.D.  I presume it was in jal .

10  His health was good except for one thing, he  as

11  a booze problem.  There was some information  hat

12  is not relevant to the trial, however.  At ti

13  time he is arrested by the police while on ti

14  street, they were looking for him, they were

15  looking for him for this assault that had tai n

16  place.  His state of mind when he was arrest? is

17  that he was stopped because he had with him  i

18  open bottle of whisky or gin or something, h: was

19  then and there drinking out of.  And he tell; me

20  he had been drinking through the largest par: of

21  the day, or on and off throughout the day.

22                 I am informed that he does

23  have, and has had for a number of years, a


PHILBIN & ASSOCIATES

1    terrific booze problem.  Considering the kind of

2    life he's led, I submit he's found solice in

3    booze, almost the same as the victim did.  They

4    are two people that absolutely meshed, and the

5    meshing, of course, led to this explosion.  I 's

6    a tragedy, but I'm asking the court not to

7    totally give up on this individual.  Forty to

8    sixty, even if to run concurrently, would mean

9    he'd be an old man when he got out of jail.   :'m

10    told by the district attorney he's facing five

11    years still remaining to be served on a parole

12    violation.  I'm asking, Your Honor, that he'd be

13    given, on the major charge, five to seven years

14    in MCI Cedar Junction.  Thank you.

15                    THE CLERK:  Darrien

16    Goetzendanner.  On indictment numbers 92-0378 up

17    to and including 92-0383, to which you have been

18    found guilty, hearken to the sentences awarded

19    against you.  On indictment no. 92-0378, the

20    court, in consideration of the offense, orders

21    you be punished by confinement in the

22    Massachusetts Correctional Institution Cedar

23    Junction for not less than twenty years, and not

PHILBIN & ASSOCIATES

1   more than thirty years. You will receive credit

2   for any time spent in confinement awaiting

3   disposition of this case. This sentence is to be

4   served from and after the expiration of all

5   previous sentences which you have been ordered to

6   serve.

7              On Indictment No. 92-0379 the

8   Court, in consideration of the offense, orders

9   that you be punished by confinement in the

10  Massachusetts Correctional Institution at Cedar

11  Junction for not less than twenty and not more

12  than thirty years. This sentence is to be served

13  concurrently with the sentence imposed on

14  indictment number 92-0378.

15           On Indictment No. 92-0380 and

16  92-0381, the court in consideration of these

17  offenses, orders that you be punished by

18  confinement in the Massachusetts Correctional

19  Institution at Cedar Junction for not less than

20  eight years and not more than ten years. This

21  sentence is to be served concurrently with each

22  other and to be served concurrently with the

23  sentence imposed on Indictment No. 92-0378.

PHILBIN & ASSOCIATES

96

1               On Indictment No. 92-0382,  he

2       court in consideration of this offense, orde:

3       that you be punished by confinement in the

4       Massachusetts Correctional Institution at Ce: r

5       Junction for not less than three years and n)

6       more than five years.  This sentence is to b:

7       served concurrently with the sentence on 92-) 78.

8               On Indictment Number 92-033 ,

9       the court orders this case be placed on file,

10      there being no objection by the defendant.

11              MR. CRANE:  The defendant : es

12      not object.

13              THE COURT:  In addition, t:

14      court orders the defendant to pay a fifty dol ar

15      victim witness assistance fee.

16              On Indictment Nos. 92-0384  nd

17      92-0668, the court having entered a required

18      finding of not guilty, you are hereby dischar ed

19      and may go without day unless you are held on

20      some other procession.  Pursuant to Rule 64,  ou

21      are advised of your right within ten days to

22      appeal, and a review of your sentence imposed

23      upon you in accordance with Rule 65.  You are

PHILBIN & ASSOCIATES

97

1      hereby notified of your right within thirty days

2      to file an appeal from the conviction.

3                          Mr. Sheriff, the prisoner at

4      the bar is in your custody under sentence.

5                          (Court concluded)

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23


PHILBIN & ASSOCIATES

98

1    COMMONWEALTH OF MASSACHUSETTS
     Berkshire, ss.

2

3

4          I, BRENDA L. LEVARDI, Court Reporter, d

5    hereby certify that the foregoing testimony i

6    true and accurate, to the best of my knowledg

7    and ability.

8          WITNESS MY HAND, this 29th day of March,

9    1993.

10                          Brenda Le Le Vardi

11                          Brenda L. LeVardi

12

13

14

15

16

17

18

19

20

21

22

23

                   PHILBIN & ASSOCIATES

## COMMONWEALTH OF MASSACHUSETTS

**BERKSHIRE, ss.**

**SUPERIOR COURT**
**CRIMINAL ACTION**
**Nos. 92-378-380;**
**92-382**

**COMMONWEALTH**

**HAMPDEN COUNTY**
**SUPERIOR COURT**
**FILED**

**vs.**

OCT - 9 2001

**DARRIEN GOETZENDANNER**

*Marie S. Mazza*
**CLERK-MAGISTRATE**

## MEMORANDUM OF DECISION AND ORDER ON DEFENDANT'S MOTION FOR A NEW TRIAL

The defendant Darrien Goetzendanner now moves this court for a new trial alleging: 1 )

trial counsel's failure to request limiting instructions on fresh complaint testimony deprived him

of effective assistance of counsel; 2) the trial judge erred by not giving limiting instructions on

fresh complaint testimony; 3) the Commonwealth's use of a police officer's testimony was

improper as it bolstered the credibility of the victim; and 4) the defendant was unlawfully

sentenced on the underlying convictions. For the following reasons, the defendant's motion is

**DENIED.**

## BACKGROUND

In February, 1993, the defendant was tried and convicted by a jury on several counts,

including kidnaping, two counts of rape, and assault and battery by means of a stick. The

defendant was represented by counsel at his trial. The court sentenced the defendant to serve two

concurrently running prison sentences, one being 20 to 30 years, the other being 2 to 3 years.

The court stated that the sentences were to be served from and after the expiration of all previous

sentences on which the defendant had been ordered to serve. There is no mention in the cour or probation records of any other sentences that had previously been ordered, or what court had ordered them. The same day that the defendant was convicted and sentenced, a parole revoca on warrant was issued against the defendant.

Renee Smith, the victim in this case, testified at trial to the following. On the morning of March 9, 1992, she went to the defendant's apartment to remove some clothing that she had behind on an earlier date. While at the apartment, Ms. Smith and the defendant engaged in sexual intercourse, and then Ms. Smith fell asleep. When Ms. Smith awoke from her nap, she began to gather her clothing. At this time, the defendant flew into a rage and began to beat Ms Smith. The defendant proceeded to beat Ms. Smith for most of the afternoon. At times, the beatings would cease temporarily as visitors would stop by the apartment. He beat her with his fists and a stick, repeatedly pulled her hair, and held a paring knife to her throat. Because she was afraid of the consequences, Ms. Smith agreed to have sexual intercourse with the defendant two more times that day. The defendant also insisted that the two shower together.

The following evidence was also offered at trial. Sometime during the early evening, the defendant left the apartment. Ms. Smith, after waiting to see if the defendant would return, went to a neighboring apartment occupied by Allan and Beverly Child. Ms. Child stayed with Ms. Smith while Mr. Child called the police. When the police responded to the Childs' apartment, they obtained a statement from Ms. Smith and arranged for an ambulance to transport her to the hospital. At approximately the same time, the defendant was arrested several yards from his apartment.

At the hospital, Ms. Smith was photographed and treated for bruises and abrasions to her

2

face, eyes, head, left shoulder, ribs, and thighs. The treating physician opined that Ms. Smit 'injuries were consistent with her being beaten by a stick and having a flat edge of a knife pre 3  d against her throat.

On this evening, Ms. Smith did not report to the police any claims of rape, kidnaping, battery. She did, however, make such allegations to Police Detective Gary Danford and the defendant's parole officer on the following day, March 10, 1997. She also reported to the po :  that she had been involved in a long-standing abusive relationship with the defendant, and th  she had resided in several shelters due to the abuse.

The Commonwealth called other witnesses besides Ms. Smith. A Department of Publi Safety Chemist testified as to the existence of seminal fluids at the apartment and on Ms. Sm tl  s underwear. The Executive Director of the New York State Office for Prevention of Domestic Abuse testified as to "battered women's' syndrome." The Commonwealth also called Detecti v Danford to testify as to statements made by Ms. Smith on the morning of March 10, 1992, and subsequent occasions.[1]

Detective Danford testified to the following. Ms. Smith told him that she went to the apartment on the morning of March 9, 1992 to recover her belongings. She told him that after she had a conversation with the defendant, the two engaged in sexual intercourse. She said th  after the intercourse, she began to leave the apartment and he beat her with his fists and a stick. She also said that he put a knife to her throat. Ms. Smith recounted how she, out of fear, had

_____

[1] Detective Danford testified that he also took a statement from Ms. Smith in July, 199  as a result of a letter she had written to the defendant's lawyer whereby she recanted her origin i statements. In her July 1992 statement, she stated that the statements that inculpated the defendant were the accurate ones.

3

sexual intercourse with the defendant two more times that afternoon and that the pair showere

together. She spoke of visitors to the apartment and that before the defendant left, he threated 1

to kill her.

After Detective Daniels finished his testimony, the Court discussed with the attorney; e

fact that Detective Daniels testified as a fresh complaint witness and that the defendant was

entitled to a fresh complaint instruction at this time or during final instructions. The court

repeated this suggestion at least once more during the course of the trial. Defense counsel

declined fresh complaint instructions stating that, as a matter of trial strategy, he believed the :

he requested a limiting instruction or objected to the use of the testimony he would not be able o

properly explore certain inconsistencies in such testimony.[2]

On redirect examination, after defense counsel pointed out some inconsistencies betw : 1

the fresh complaint testimony and Ms. Smith's statements, the Commonwealth elicited the

following statement from Detective Danford,

"[a]fter the initial shock or trauma of the incident, [the victims] a lot of times, :u
clouded. And after the wounds heal, the emotions heal, different things start coming
back; it's normal . . . . It's normal behavior in a lot of serious trauma cases [to get
multiple statements from a victim]. It's almost expected to get two or three statement
sometimes out of some people. . . . And a lot of time either the right questions aren't
asked or the person doesn't offer the right answers or circumstances."

Detective Danford stated that he made this observation after conducting thousands of intervie w

___

[2] Defense counsel stated that,

"[m]y purpose, of course, in allowing this to go in, was to get as much detail as :
could in order to discredit him [as] completely as I can in cross examination. The issu::
the big issue with regard to my defense of rape is no complaint was made until [the
incident] was investigated by the police officers who did the questioning, and I needed a
of this."

4

of domestic violence victims over a span of twenty-four years.

On May 31, 1994, the defendant filed a motion for a new trial. This motion was der it
and the defendant's appeal of this denial was consolidated with the defendant's appeal of his
conviction. One of the issues that the defendant raised, by way of supplemental brief, was the
the trial court improperly admitted the fresh complaint testimony. The Appeals Court (Irela n
J.) held that the issue "lack[ed] merit and [did] not warrant reversal or a new trial."

Commonwealth v. Goetzendanner, 42 Mass. App. Ct. 637, 649 (1997), rev. denied 425 Mas
1105 (1997).

The defendant now brings his second motion for a new trial.[3] The defendant argues th :
1) trial counsel's failure to request limiting instruction on fresh complaint testimony deprived
him of effective assistance of counsel; 2) the trial judge erred by not giving limiting instruction
on fresh complaint testimony; 3) the Commonwealth's use of the police officer's testimony wa
improper as it bolstered the credibility of the victim; and 4) the defendant was unlawfully
sentenced on the underlying convictions.

## DISCUSSION

Here, the defendant has already brought one motion for a new trial under Mass. R. Cri ::
P. 30, and this court does not see any reason why he should be allowed to bring yet another su :
motion.

"All grounds for relief claimed by a defendant under [Rule 30 Motion for New
Trial] shall be raised by the defendant in his original or amended motion. Any ground:
not so raised are waived unless the judge in his discretion permits them to be raised in :
subsequent motion, or unless such grounds could not reasonably have been raised in th :

[3] In support of his motion for a new trial, the defendant has submitted both a
memorandum of law, and a "Supplemental Argument."

5

> original or amended motion. Under this rule, a defendant must assert all reasonably available grounds for post-conviction relief in his first rule 30 motion, or those claim: ire lost . . . . This waiver rule applies equally to constitutional claims which could have it en raised, but were not raised, in the defendant's original motion."
> Commonwealth v. Deeran, 397 Mass. 136, 138-139 (1986), quoting Mass. R. Crim. F 30(c)(2).

This court does not find any reason why the defendant is entitled to bring another mot n for a new trial. He had the opportunity to raise all of his issues by means of his original mot : , his supplement to the original motion, and his appeal of his conviction. In fact, in this presen motion, he is raising issues regarding fresh complaint testimony that are similar, if not identi : , to issues that he raised in original new trial motion. This court, therefore, finds that the defendant has waived all of the arguments raised by this second motion for a new trial, and therefore, this motion is denied.

Assuming, arguendo, that the defendant did not waive the arguments he raises in this second new trial motion, these arguments must fail nonetheless.

**Fresh Complaint Testimony and Limiting Instructions**

The Appeals Court has already determined that the argument that the defendant make: with regard to fresh complaint testimony "lack[ed] merit and [did] not warrant reversal or a n:" trial." Commonwealth v. Goetzendanner, 42 Mass. App. Ct. 637, 649 (1997). Moreover, thi: court finds that defense counsel was simply exercising trial strategy in not objecting to, or requesting limiting instructions on, fresh complaint testimony. This court also finds that whil : the judge's failure to provide fresh complaint instructions may have been an error, this possibl : error does not warrant a reversal or a new trial. The fresh complaint testimony did not fill in a : gaps in the Commonwealth's case, nor did it add anything or provide unnecessary graphic

6

details. See Commonwealth v. Fanara, 47 Mass. App. Ct. 560, 566-567 (1999).

**Opinion Testimony of Detective Danford**

The defendant argues that Detective Danford improperly vouched for the credibility of Ms. Smith by testifying that it was his opinion that most victims of domestic abuse do not provide details in their first statement to the police. Detective Danford, however, only gave t: opinion after the defense counsel's cross-examination elicited inconsistencies. There was als : little danger that a jury would afford Detective Danford's testimony any special consideration : that of an expert witness, or would view the testimony as an opinion of the victim's credibility See Commonwealth v. Richardson, 423 Mass. 180, 185 (1996).

**Unlawful Sentences**

Here, the defendant was ordered by the court to serve his concurrent sentences after expiration of any sentences that he was currently serving. At that time, the defendant was not serving any other sentences, and the concurrent sentences began to run. Also at that time, a parole revocation warrant was issued against the defendant. Contrary to the defendant's argument, this practice is not in violation of his constitutional rights, and the sentences, includi : a sentence imposed on the parole violation charge, is lawful. The defendant, therefore, will not commence serving his parole violation sentence until the expiration of the concurrent sentenc:: he is presently serving.

7

## ORDER

For the above reasons, it is **ORDERED** that the defendant's motion for a new trial i:

**DENIED**.



Peter A. Velis
Justice of the Superior Court

DATED: ~~August~~ October 9, 2001

THE COMMONWEALTH OF MASSACHUSETTS
BERKSHIRE S.S. SUPERIOR COURT

E
N
T
E
R
E
D

OCT 11 2001

E
N
T
E
R
E
D

Deborah S. Capeless

8

A True Copy

Attest: Deborah S. Capeless
                                    Clerk

mutt C₁ py

# The Commonwealth of Massachusetts

## DEPARTMENT OF CORRECTION



## CERTIFICATE OF DISCHARGE

# Know all men by these presents:

It having been made to appear to the Commissioner of Correction that

......................................**Darrin Goetzendanner**..........................................................., No. ...............**C-49446**.. ..

a prisoner sentenced to ..........................................................**MCI Concord**................................................ .. ..

is entitled to have the term of his imprisonment reduced by a deduction from the maximum term of said senter c ɔr

sentences for good behavior.

Now, Therefore, in accordance with the law so made and provided in Chapter 127 of the General Laws T .

Ed.) and Acts in amendment thereto it is ordered by the Commissioner of Correction that the said prisoner be, u

is hereby discharged from further imprisonment on the .........................................**First**........................................ dε y

..........................**February**..........................., ...............**1997**.......

Commissioner of Correction:

Commissioner of Correction:

The above-named prisoner was discharged from imprisonment in accordance with the above order of th :

Commissioner of Correction on this

.........................**First**........................ day of ........................**February**........................., .........**1997**. .

Superintendent

920379 BERKSHIRE S/C MITTIMUS, RAPE 20-30 YRS. F & A SNS ISSUED 2-5-93, (#920378 20-30 YRS. F & A CC;
920380, 381, 382 8-10 YRS. F & A CC). REMAIN ON F & A SENTENCES.

| Name | | Number | Parole Officer, Region/District |
|---|---|---|---|
| GOETZENDANNER, Darrin | | C-49446 | /BL/ /Carlotto/ /LLb/ McCarthy 1-5 |

| DOB 1/13/65 | REL 3/1/85 | PDD | | MAX 4/9/2002 | | SUPERVISION LEVEL |
|---|---|---|---|---|---|---|
| | | | | | MAX( ) MOD( ) MIN( ) ADM( ) | |
| SENTENCED | EFFECTIVE | | OFFENSE | | | TERM |
| 2/18/83 | 4/21/82 | Armed Asslt. w/i Murder | | | | 20 yrs. |
| | | Armed Asslt. w/i Rob. | | | | 20 yrs. c.c. |
| | | Consp. to comm. A.R. | | | | 20 yrs. c.c. |
| | | A&B b/m D.W. | | | | 10 yrs. c.c. |
| | | Carry firearm w/o lawful auth. in M.V. | | | | 5 yrs. c. |

**VOTE/SPEC.COND:**   Mand. Mental Hlth. Couns.

**HOME:**   23 Worcester St. Boston Apt. #7

**WORK:**   ABC Plastic Co. 119 Braintree St. Allston 254-4000 (machinist)

-1-

| 3-1-85 | M | Message at office at 4:10 p.m. that subject called and was just released from THP. He was told to call P.O. on 3/4/85.   BF/ml |
|---|---|---|
| 3-4-85 | TC | Subject called P.O. at office at 3 p.m. from work. He was paroled on 3/1/85. P.O. to see subject tomorrow.   BF/ml |
| 3-5-85 | RN | Initial assessment indicates MAXIMUM SUPERVISION.   BF/ml |
| 3-5-85 | V | P.O. saw subject at Shawmut Ave. and Worcester St. at 6:30 p.m. Reviewed parole rules, special condition, grievance procedure, emergency number and supervision plan. He is attending counseling and was told to have progress reports sent to P.O. Subject has been working for A&B Plastics in Braintree for about 13 months and expects a pay raise soon. Will notify of any changes. BF ml |

SUPERVISION TRANSFERRED TO P.O. JAS. MC CARTHY 4/1/85

| 4-16-85 | C | P.O. met with subject's cousin, John Midnight at res. Stated subject not home from work. May be in counseling. Home tel #424-1722. P.O. requests subject call office.   JMcC/ml |
|---|---|---|
| 4-18-85 | V | P.O. met with subject at res. Discussed employment, family LTA and parole conditions. Subject continues to work 7:30 p.m. at $5.25 hr. Family resides at ██████████████████. Cousin, Jos Silcott resides at ██████████████████. He attends counseling at Family Services, 34½ Beacon St. ██████████. Counselor is Patrick Myers. His girlfriend is Charlott Henderson of Tremont St. Subject stated no problems. P.O. referred him to BERC for rent subsidy for new apartment.   JMcC/ml |
| 5-1-85 | TC | Subject moved to 9 CORTEZ ST. #5.   JMcC/ml |
| 5-1-85 | TC | Family Service Inc., left message for Patrick Myers.   JMcC/ml |
| 5-13-85 | N | P.O. at subject's res. No contact.   JMcC/ml |
| 5-21-85 | V | P.O. met with subject at new residence, ██████████████ Discusses employment, family and LTA. P.O. saw pay stub. Discussed counseling. Subject stated no problems.   JMcC/ml |

- over -

| | | |
|---|---|---|
| 6-17-85 | v | LTA. P.O. signed pay stubs, referred him to Mass. Rehab. for vocational assistance. Subject stated "no problems". JMcC/ml |
| 7-15-85 | NC | P.O. at subject's res. this eve. No contact. JMcC/ml |
| 7-16-85 | NC | P.O. at subject's res. this eve. No contact. JMcC/ml |
| 8-5-85 | V | P.O. met with subject at res. Discussed employment, family and LTA. Stated has met with Mr. Steinberg at family services ctr. but is unable to meet fee. May transfer to Project Place. Also, due in court, Springfield, for non-support hearing, now pays $5/he. P.O. saw pay stub dated 7/1, subj. has no phone. Stated still dates "Sheih", nutritionist at Brigham & Women's Hospital. Subject stated "no problems". JMcC/ml |
| 9-10-85 | V | P.O. met with subject at residence this evening. Discussed employment, family, LTA and counseling. P.O. saw pay stub date 9-04. Subject stated has to return to court 11-06 for child support payments. P.O. again referred subject to Mass. Rehab for career counseling. JMcC/ma |
| ▉▉▉▉ | ▉ | ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ |
| 10-7-85 | NC | P.O. at subject's residence this evening. No contact. Door was smashed open and room ransacked. JMcC/ma |
| 10-8-85 | TC | P.O. left message for subject at his job. JMcC/ma |
| 10-9-85 | TC | With subject. Moved to ▉▉▉▉▉▉▉▉▉▉▉▉▉ with ▉▉▉▉▉▉▉. This is a temporary situation. Subject stated "No problems" ▉▉▉▉▉ JMcC/ma |
| 10-9-85 | V | P.O. met with subject on Columbus Avenue this evening. Discussed new temporary residence and his search for apartment. P.O. discussed parole conditions. Subject stated he understood no problems with employment. JMcC/ma |
| 10-23-85 | RN | MAXIMUM SUPERVISION. JMcC/ml |
| 10-30-85 | V | P.O. met with subject on Columbus Avenue this evening. Discussed employment, family and LTA. Subject stated "No changes", still looking for an apartment. P.O. discussed transfer of supervision to Region Two. JMcC/ma |
| 11-07-85 | TR | Transfer request to Region Two. JMcC/ma SEE PAGE 1A |
| 12-4-85 | T | Received transfer request from P.O. Jackson who has assumed supervision of subject eff: 12/3/85. All material sent this date. JMcC/ml |
| 5-07-86 | T | P.O. received transfer request from P.O. Morris. DJ/ma |
| 5-13-86 | TC | Subject called P.O. A meeting was set up for tomorrow evening. DJ/ma |
| 5-14-86 | V | P.O. met with subject at his home. He lives with his girlfriend at ▉▉▉▉▉▉▉▉▉▉▉▉ He's working at ABC PLASTIC CO. in ALLSTON. He attends counselling at Family Services. DJ/ma |
| 5-20-86 | TC | Subject called P.O. to check in. DJ/ma |

(See page two)

| **Name** | | **Number** | | **Parole Officer, Region/District** | |
|---|---|---|---|---|---|
| -GOETZENDANNER, Darrin | | C-49446 | | P.O. Jackson | 2-4 |

| DOB  1/13/65 | REL  3/1/85 | PDD | MAX  4/9/2002 | SUPERVISION LEVEL MAX( )  MOD( )  MIN ( )  ADM( ) |
|---|---|---|---|---|
| **SENTENCED** | **EFFECTIVE** | | **OFFENSE** | ERM |
| 2/18/83 | 4/21/82 | | Armed Asslt. w/int Murder | 20 Yrs. |
| | | | Armed Asslt. w/int Rob | 20 Yrs. :c |
| | | | Consp. to comm Armed Robbery | 20 Yrs. :c |
| | | | A&B b.m. D.W. | 10 Yrs. :c |
| | | | Carry firearm w/o lawful auth in M.V. | 5 Yrs. :c |

**VOTE/SPEC.COND:**  Mandatory Mental Health Counseling

**HOME:** ~~#2 Kimberly-Hayes -354 Walnut Ave.; #1, Roxbury, Mass (#427-7072)~~
w/girlfriend Sheila Wilson 65-67 Westland Ave., 1st fl., Room 103, Boston, Mass

**WORK:** ABC Plastic Co. 119 Braintree Street, Allston  (254-4000) machinist

-IA-

| | | |
|---|---|---|
| | M | P.O. JACKSON ASSUMES SUPERVISION OF SUBJECT THIS DATE. |
| 12/3/85 | RP | Subject reported this date subject reports work remains the same.  also states he has not attended Counseling due to work no time, subject advised  had to follow stipulation by the Board and that PO would await his choice of where he would receive his therapy.  No problems reported and no new arrests reported.  PJ/vh |
| 1/29/86 | NC | PO at above address this date PO left message for subject to report after work Thursday 1/30/86.  PJ/vh |
| 1/30/86 | RP | Subject reported this date and states he is looking for new apartment that he is having problems with his girlfriend she doesn't want him there because of her section 8 status, subject submitted updated pay receipts, subject also reports he had an evaluation done and was told he did not need counseling subject to go back to counseling and have letter mailed to PO stating same.  Subject to contact PO once he has found new home.  No new arrests reported.  PJ/vh |
| 2/20/86 | RP | Subject reported this date subject reports he is still seeking an apartment states he has to move by end of May.  Also states because situation has been upsetting at his home, he was commuting from his mother's home in Springfield to Boston, but couldn't take the ride.  Subject claims he does not want to move back home because that's where he got in trouble.  Subject to contact PO, if he does not have a place to live.  Presently back home with Shirley on Walnut Ave.  PJ/vh |
| 3/25/86 | TC | Subject to PO at office not available that day.  PJ/vh |
| 4/3/86 | TC | Subject to PO at office not available that day.  PJ/vh |
| /23/86 | TR | PO Kevin Morris assumes supervision this date.  KM/vh |
| 4/24/86 | TC | Subject called office.  Subject told to report to Regional office on Thursday 5/1/86 and see PO Morris.  KM/vh |

| 5/1/86 | RP | Subject reported this date. Home and work remain the same. Subject had most recent pay stub copy made for files. Subject states that within the week he will be moving to ████████████████████████. Subject states he will call PO when he has completed the move. PO explains subject will have a new regional office and new PO subject understands.    KM/vh |
| 5/7/86 | TC | From subject.  Subject states he is now living at ████████████████████. PO states subject will be transferred to Region I.    KM/vh |
| 5/7/86 | TR | Transfer request to Region I.    KM/vh |
| 5/19/86 | TR | Transfer Request accepted by P.O. Joyce, Region 1-2 this date.  All pertaining materials forwarded to Region 1 this date.  KM/ep |

| Name | Number | Parole Officer, Region/District |
|------|--------|-------------------------------|
| GOETZENDANNER, Darrin | C-49446 | Joyce    1-2 |

| DOB  1-13-65 | REL 3-1-85 | PDD 1-26-2001 | MAX / | SUPERVISION LEVEL MAX(X) MOD( ) MIN( )    ADM( ) |
|--------------|------------|---------------|-------|-----------------------------------------------|
| **SENTENCED** | **EFFECTIVE** | | **OFFENSE** | **TERM** |
| 2-18-83 | 4-21-82 | | Armed Asslt. w/int murder<br>Armed Asslt. w/int robbery<br>Consp. to commit A.R.<br>A&B b/m/d/w<br>Carry. F/A w/o lawful auth. in M/V | 20 years<br>20 yrs c<br>20 yrs c<br>10 yrs c<br>5 yrs c |

**NOTE/SPEC.COND:**    Mandatory mental health counseling

**HOME:**    23 Worcester St., Apt. 7, Boston

**WORK:**    Cole-Hersee, Old Colony Ave., So. Boston

-2-

| | | |
|---|---|---|
| -12-86 | TC | Subject called P.O. He lost his job, but he has some job leads for now. He's having trouble with Family Services. He has no money for sessions.  DJ/ma |
| -18-86 | TC | Subject called P.O. to check in.  DJ/ma |
| -25-85 | V | P.O. met with subject on Westland Ave. He's still out of work, but he's collecting unemployment. He said the people at Family Services told him not to worry, they'll cover his not coming to counselling lately.  DJ/ma |
| -24-86 | NC | P.O. to subject's home - no contact.  DJ/ma |
| -31-86 | V | P.O. met with subject outside of Coolidge II.  He has a job starting next week. He'll call P.O. with the address. He looked good and claimed to be doing fine.  DJ/ma |
| -20-86 | NC | P.O. to subject's home - no contact.  DJ/ma |
| 9-17-86 | C | P.O. to subject's house 4:00 P.M. and met with his girlfriend. She said he's working and won't be home until about 7:00 P.M. She'll tell him to call P.O.  DJ/ma |
| 10-8-86 | V | P.O. met with subject at his home.  Subject left the job at Mass. General Hospital. He's now at SEARS ROEBUCK on BROOKLINE AVE 12:30 P.M. - 9:00 P.M. He showed P.O. his last pay stub from MGH. 9-27-86-Net $82.36 (17 hours) To date $1571. He has not gotten back into counselling.  He's having problems finding his counsellor there.  DJ/ma |
| 11-20-86 | NC | P.O. to subject's home - 4:00 P.M.  No contact.  P.O. came by the house again at 5:45 - no answer.  DJ/ma |

11-20-86    NC    P.O. to subject's home – no contact  6:00 P.M.  DJ/ma

12-01-86    SI    P.O. with BPD Area A Dets. Ross & Spellman and made them aware subject is in the area.  DJ/ma

12-10-86    V    P.O. met with subject at his home.  Subject is now working at COLI- ERSEE, OLD COLONY AVE., SOUTH BOSTON  8:00 A.M. –4:45 P.M. at $6/81/hr.  H  went to counselling at Family Services last month.  He had two sessions wit  Ms. Jenna Vott.  She's trying to work out a way to have subject's B  ue Cross pay for the counselling.  Subject will have her call P.O.  DJ/ma

1-15-87    V    P.O. met with subject at his home 7:30 P.M.  Subject's girlfriend w  also present.  Subject is considering getting married.  He's still work    ; at COLE HERSEE, but there's talk of a lay off as close as tomorrow.  S  ject said he got a letter from Family Services Counselling cancelling h  counselling P.O. advised thehat he call Family Counselling and get back into c  selling.
                                                                                    DJ/ma

2-19-87    NC    P.O. to subject's home at 6:55 p.m.  No contact.  P.O. left a busin   card under the door.        DJ/ml

3-26-87    NC    P.O. to subject's home – 4:00 P.M.  No contact.  DJ/ma

4-15-87    NC    P.O. to subject's home 4:00 P.M.  No contact.  DJ/ma

5-04-87    NC    P.O. went to subject's home on two occasions 3:30 and 4:30 P.M. – n   ontact.DJ/a

5-06-87    NC    P.O. to subject's home 3:45 P.M.  No contact.  DJ/a

5-13-87    NC    P.O. to subject's home 6:10 P.M.  No contact.  DJ/a

5-27-87    L    P.O. mailed a letter to subject at ███████████████ ordering  ibject to call P.O. at Region One next Tuesday.  DJ/a

6-02-87    TC    Subject called P.O. at Region One.  He's still working, no problems o  changes. He said he usually goes to work out at Pete's Gym on Tremont St. afte  work.DJ/a

6-03-87    NC    P.O. to Pete's Gym on Tremont St. 7:30 P.M.  Subject was not in the g  m.  DJ/a

6-16-87    NC    P.O. to Pete's Gym 6:45 P.M.  Subject was not in the gym.  DJ/a

6-22-87    TC    P.O. spoke with Couns. Virginia McCarthy of Family Services ████████  Sa sees subject every three weeks.  He was in 6-4-87 for his last session.  i  s due back 6-25-87.  She is trying to adjust the pay scale according to hi  alary. She thinks subject is doing well.  She'll tell subject to call P.O. u  er his next session.  DJ/a

7-01-87    V    P.O. met with subject at his home at 7:00 P.M.  Subject's girlfriend  is also present.  Subject is still working at COLE-HERSEE 8:00AM – 4:45PM.  i  showed a pay stub 6-25-87 net pay $196.44.  Current earnings to date Gross: $5  '0.85. Subject is still attending counselling at Family Services w/Virginia I Carthy ████████.  His next session is 7-9-87.  Subject is paying $10/sessi    He's having trouble financially and this is  expensive for him.  DJ/a

8-05-87    V    P.O. met with subject at his home at ████████████ at 7:10 F  . Subject is living alone as his girlfriend left.  He's working at COLE-HERSEE.  He showed a pay stub 7-18-87 Net Pay $173.97.  Subject is not due back at Family Counseling until September.  He asked about discontinuing counselling as he can  t afford it.  DJ/a

9-02-87    NC    P.O. to subject's home at 3:45 P.M. and 6:40 P.M. – no contact eithe   ime. DJ/a
                                    (See page three)

ID # 8 116

| __Name__ | __Number__ | Parole Officer, Region/District |
|---|---|---|
| GOETZENDANNER, Darrin | C-49446 | Joyce 1-2 |

| DOB 1-13-65 | REL 3-1-85 | PDD 1-26-2001 | MAX | SUPERVISION LEVEL MAX(X) MOD( ) MI( ) ADM( ) |
|---|---|---|---|---|
| SENTENCED | EFFECTIVE | | OFFENSE | M |
| 2-18-83 | 4-21-82 | | Armed Asslt. w/int. murder<br>Armed Asslt. w/int. robbery<br>Consp. to commit A.R.<br>A&B b/m/d/w<br>Carry. F/A w/o lawful auth. in M/V | 20 year<br>20 yrs<br>20 yrs<br>10 yrs<br>5 yrs |

**VOTE/SPEC.COND:**   Mandatory mental health counseling

**HOME:**   65-67 Westland Ave. #103, Boston

**WORK:**   Cole-Hersee, Old Colony Ave., So. Boston

-3-

| | | |
|---|---|---|
| 9-23-87 | V | P.O. met with subject and his girlfriend at their apartment, ██████ ███████, ██████ Subject said he hurt his back in work and will be off for a couple of days. He is now working a second job at LASALLE JR. COLLEGE 5PM-10? cleaning offices. Subject said he's been in touch Family Services and has an appointment to go back. DJ/a |
| 10-14-87 | NC | P.O. to subject's home at 5:15PM. No contact. DJ/a |
| 10-21-87 | C | P.O. to subject's home at 7:10PM. Subject was not home. P.O. met with subject's girlfriend. She said subject is working and will not be home until 9 M. She said he's doing fine. She'll tell him to call P.O. DJ/a |
| 11-03-87 | TC | Subject called P.O. at Region One. He's working two jobs and does not get home until late. DJ/a |
| 11-04-87 | NC | P.O. to subject's home at 6:35. There was a sign saying the intercom was broken. DJ/a |
| 12-09-87 | V | P.O. met with subject and his girlfriend at their home at ███████ ██ ██████. Subject is still working at COLE-HERSEE on OLD COLONY AVE., SO. BOSTO. He showed two pay stubs - Net $233.45; Net $194.15. Subject has been working part-time at UNICCO SERVICE CO. He quit this job. He showed his last pay stub 12-04-87 Net pay $51.67-10½ hours. DJ/a |
| 1-13-88 | NC | P.O. to subject's home at 6:25PM. No contact. DJ/a |
| 1-28-88 | NC | P.O. to subject's home at 12:30AM. No contact. DJ/a |
| 2-02-88 | RN | MAXIMUM SUPERVISION. DJ/a |
| 2-07-88 | V | P.O. met with subject on Westland Ave at approx. 1:05PM. Subject is still working at COLE-HERSEE in SO. BOSTON and living a ███████. He inquired about early termination and was told he must de fi... |

| 3-09-88 | C | P.O. met with subject's girlfriend at their home at 5:15PM. Subject was not home from work as yet. According to his girlfriend subject is doing fine. She will tell him that P.O. was by the house. DJ/a |
|---|---|---|
| 4-06-88 | V | P.O. met with subject at his home, ▆▆▆▆▆▆▆▆▆▆▆▆ Subject is still working at COLE-HERSEE, no problems. Subject inquired about his PDD and was told it is 1-26-2001. P.O. advised subject that, if subject does five good years on parole, P.O. will consider putting subject in for early termination. 6:15 DJ/a |
| 5-04-88 | V | P.O. met with subject and his girlfriend at their home ▆▆▆▆▆▆▆▆▆▆▆▆▆▆-6:10PM. Subject is still working at COLE-HERSEE. He showed a pay stub 4-21-88 Net $295.09 DJ/a |
| 6-8-88 | NC | P.O. to subject's home at 6 p.m. No answer. DJ/m1 |
| 8-03-88 ** | NC | P.O. to subject's home at 3:50PM - no answer. DJ/a |
| 7-25-88 | V | 8:25PM. P.O. met with subject on Westland Ave. Subject said he hurt his back last week and is out of work. He has a claim in to Workmens Compensation. He claims to sue Cole-Hersee. His doctor has given him medication - Moltrin and Flexural. He's still living at ▆▆▆▆▆▆▆▆▆ w/his girlfriend. DJ/a |
| 8-06-88 | V | P.O. met subject briefly in Quincy Market. Subject was in Lily's with a friend. Subject was fine - no problems. DJ/a |
| 10-12-88 | V | 3:30PM P.O. met subject on Mass Ave & St. Botolph St. P.O. drove subject home. Subject said he's still out of work with his injury collecting Workman's Compensation. Subject said his girlfriend moved out on him. He said he started drinking too much and went to St. Elizabeth's Hospital for a week to straighten himself out. He's doing fine now. Subject is waiting to settle his accident case. He was told to stop drinking. DJ/a |
| 10-17-88 | V | P.O. met with subject at his home. Subject said he's doing fine except for his having no money. He's got a doctor's appointment tomorrow, so he's going to BERC to get some subway tokens. Subject said he expects to win his case for $70,000. DJ/a |
| 11-01-88 | TC | Subject called Region One. P.O. was out. Subject left a message that he's having problems with his landlord. DJ/a |
| 11-02-88 | NC | P.O. to subject's home - no contact. 3:45PM. DJ/a |
| 11-18-88 | V | P.O. met with subject at his home. Subject is going to live with his mother in Springfield for a little while. He still has his apt. on WESTLAND AVE. His mother lives at ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆. He'll call P.O. on Tuesday with his plans. DJ/a |
| 12-07-88 | TC | Subject called P.O. at Region One. He's living with his mother in Springfield. He inquired about getting some sort of housing when he returns to the area. P.O. advised that Sargent House is available. Subject hopes to return after the holidays DJ/a |
| 12-08-88 | C | P.O. with P.O. Luther. There is a waiting list at Sargent House. P.O. advised subject to call P.O. back at 3PM. DJ/a |

(See page four)

RUNNING RECORD

REVOKI D
STATI S A-ML - -

--------------------------------------------------------------------------------

NAME (L,F M S): [ GOETZENDANNER,DARRIN M          ] ID NUMBER: [ 839116      ]    PO: [ 0102 JOYCE   NIEL     ]

HOME: [ 65-67 WESTLAND AVE 103                    BOSTON, MA      ] TEL: [          ]

WORK: [ FULL TIME      ] [ COLE-HERSEE      OLD COLONY AVE    SO. BOSTON, MA , 02127   ] TEL:          ]

DOB: [ 01-13-1965 ]          SSN: [ 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 ]     LEVEL OF SUPERVISION: [ ML ]

MCI: [ C 49446    ]    RELEASED: [ 03-01-1985 ]     PDD: [ 01-26-2001 ]   MAX: [       ]    [1 : [   ]
SPECIAL CONDITIONS: [ MMHC                                      ]

| NO. | SENTENCE | EFFECTIVE | CT | MIN SENT | MAX SENT | TYPE | STATUTE | DESCRIPTION |
|-----|----------|-----------|----|----------|----------|------|---------|-------------|
| 5 | 02-18-1983 | 04-21-1982 | 1 | | 05Y | C | *CARR FA MV | |
| 4 | 02-18-1983 | 04-21-1982 | 1 | | 10Y | C | *A&B BM DW | |
| 3 | 02-18-1983 | 04-21-1982 | 1 | | 20Y | C | *CS COM AR | |
| 2 | 02-18-1983 | 04-21-1982 | 1 | | 20Y | C | *ARASLTMURD | |
| 1 | 02-18-1983 | 04-21-1982 | 1 | | 20Y | | *ARASLTMURD | |

| DATE | TYPE | COMMENTS |
|------|------|----------|
| | | −4− |
| 1-3-89 | C | P.O. with P.O. Luther.  Beds may be available.  P.O. was referred to Dir. LaVerne Saunders.  DJ/a |
| 1-3-89 | TC | P.O. with LaVerne Saunders.  She asked that subject cont ct her at the program and they will arrange an in-take.  DJ/a |
| 1-3-89 | NC | P.O. was on a transportation trip at 3PM.  DJ/a |
| 1-10-89 | TC | Subject called P.O. and was referred to LaVerne Saunders  DJ/a |
| 1-19-89 | RN | MAXIMUM SUPERVISION.  DJ/a |
| 1-18-89 | TC | P.O. with LaVerne Saunders.  Subject is due to enter Sar ent House on Monday.  He told Ms. Saunders that he would call P.O. about the possibility of subject simply getting a rooming house.   f this does not work out, he is to enter Sargent House on Monda .  DJ/a |

2-23-85   TC  ·P.O. called ██████████, but could not get through   DJ/a

2-27-89   L   P.O. mailed letter to subject at ████████████ █ ██████████
              ordering subject to contact P.O. via telephone immed ately and
              report in person to Region One on 3-7-89 at 1PM (se  ile for
              copy of letter).  DJ/a

3-02-89   TC  Subject called P.O. at Region One.  He'll meet with I  O   next
              Wednesday at 1PM instead of Tuesday.  DJ/a

3-08-89   TC  Subject called P.O.  He said he has no money and can  ot get t
              Region One.  Subject was told to report to Region Fi e on Frid
              DJ/a

3-10-89   RP  Subject reported to Region Five and met with P.S. Bu dzak.
              According to P.S., subject had a strong smell of alc hol and
              admitted to drinking.  Subject denied any use of dru s.  Urine
              sample was taken and tested negative for cocaine met bolite,
              positive for cannaboids.  Subject told P.S. Burdzak  hat he pl
              to move back to Boston in the near future.  DJ/a

3-29-89   TC  P.O. called subject at ██████████.  P.O. spoke wit  subject'
              niece.  She said subject does not live with her, nor does he l
              with his mother.  They do not know where he is livi   .  DJ/a

3-30-89   SI  P.O. ran LEAPS check – negative.  DJ/a

3-30-89   PVR Violation 1-2   P.O. recommends Provisional Revocation.  Sub   t is
              whereabouts unknown.   DJ/a

4-10-89   PBV Chrissy of W.I.U. with P.O.  PBV of 4-5-89-Revoked.  DJ/a

4-12-89   IW  P.O. mailed Wanted Flyers to Region Five P.S. Burzdak to be circu  ted to the
              local police.  DJ/a

4414-89   TC  P.S. Burzdak called P.O.  They received information on subject a   will look
              for him.  DJ/a

4-18-89   TC  Subject called P.O.  He said Parole Officers and police are look r  for him.
              P.O. advised him of P.V. Warrant and advised him to turn himself i  to
              Region Five.  He said he'd turn himself in to Region Five on 4-1 - 9.  Subject
              would not tell P.O. where he is living.  DJ/a

4-20-89   NC  Subject did not report to Region Five.  DJ/a

4-28-89   TC  9:55AM.  P.S. Burzdak of Region Five contacted Region One.  (P.O.   as on a
              day off).  Region Five staff arrested subject yesterday, 4-27-89.   e will be
              transported to MCI-Concord today on Parole Detainer.  DJ/a

5-01-89   TC  9:00AM  A Woman identifying herself as Ms. Flanagan, subject's fia   e, called
              P.O. at Region One.  She said subject turned himself in on Friday   d wants to
              be re-released.  P.O. advised Ms. Flanagan to have subject call P    at
              Region One.  DJ/a

(See page five)

6-07-89    P    Return of service of Warrant for Permanent Custody #2889-8! eceived at
Region One.    Date of issue 4-10-89; effective date of retι ι  4-28-89;
date of service 5-11-89.  CASE CAN BE CLOSED.  DJ/a

-5-

RUNNING RECORD

REVOKED:
STATUS: A-MI. ·    -

---

GOETZENDANNER,DARRIN M        ID:[ 839116       ] PO:[ 0102   JOYCE            ]

HOME: [ 55-67 NESTLAND AVE 103              BOSTON, MA     ] TEL: [        ]

WORK: [ FULL TIME         ] [ COLE-HERSEE      OLD COLONY AVE     SO. BOSTON, MA , 02127   ] TEL: [           ]

DOB: [ 01-13-1965 ]        SSN: [ 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 ]      LEVEL OF SUPERVISION: [ ML ]

MCI: [ C 49446     ]    RELEASED: [ 03-01-1985 ]      FPD: [ 01-25-2001 ]    MAX: [      ]     L.F  [   ]
SPECIAL CONDITIONS: [ MHHC                                          ]

| NO. | SENTENCE | EFFECTIVE | CT | MIN SENT | MAX SENT | TYPE | STATUTE | DESCRIPTION |
|-----|----------|-----------|----|----------|----------|------|---------|-------------|
| 5 | 02-18-1983 | 04-21-1982 | 1 | | 05Y | C | *CARR FA HV | |
| 4 | 02-18-1983 | 04-21-1982 | 1 | | 10Y | C | *A&B BM DW | |
| 3 | 02-18-1983 | 04-21-1982 | 1 | | 20Y | C | *ES COM AR | |
| 2 | 02-18-1983 | 04-21-1982 | 1 | | 20Y | C | *ARG&L THURD | |
| 1 | 02-18-1983 | 04-21-1982 | 1 | | 20Y | | *ARG&L THURD | |

---

| DATE | TYPE | COMMENTS |
|------|------|----------|
| 5-01-89 | TC | 9:15AM   P.O. called P.S. Burzdak. She told P.O. that subject called Region 5 repeatedly on Thursday talking about turning himself in. He was drunk and he would not give an address where he was staying. Finally, he gave the address and they went for him. While en route, subject's family called asking that they hurry and get him out of there. He was told by P.O. Burt to meet with him outside where Burt could see his hands. Subject was not outside   He was in bed. When officers went to put subject into custody, he put up a violent struggle. He was drunk at the time. Subject was held overnight in Springfield and transported to MCI-Concord on 4-28-89. DJ/a |
| 5-01-89 | TC | P.O. with MCI-Concord Parole staff. Preliminary revocation hearing scheduled for May 8, 1989 at 10:00A.M. with Joe Rull. DJ/a |
| 5-01-89 | TC | Subject called P.O. at Region One. He admitted to P.O. that he had been drinking. He denied resisting arrest. He also denied having a drinking problem. P.O. told subject of upcoming preliminary revocation hearing. P.O. also told subject that P.O. will not recommend re-parole unless subject is enrolled in an out-patient alcohol program. DJ/a |
| 5-01-89 | SPVR | Additional violations 1A-1B. Execute Warrant. Subject should be placed in an in-patient alcohol program before being re-released. DJ/a |
| 5-01-89 | M | Form A sent via LEAPS. DJ/a |
| 5-11-89 | PBV | Memo from P.O. Luther – PBV 5-11-89 – Execute Warrant. DJ/a |

```
RUNNING RECORD                          REVOKED:
                                        STATUS: A-MI.    -
```

GOETZENDANNER, DARRIN         ID:[ 839116 ]      ] PO:[ 0502  BRICK          ]
HOME: [ 223 FERNBANK ROAD              SPRINGFIELD, MA 01129    ] TEL: [ 543-2774    ]
*43 Ft Cluzant St, 3rd fl.*

WORK: [ NOT IN WORK FORCE   ] [                                    ] TEL: |   -  -   ]

DOB: [ 01-13-1965 ]        SSN: [ 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 ]    LEVEL OF SUPERVISION: [ ML  ] 10/89

MCI: [ C-49446       ]    RELEASED: [ 10-17-1989 ]      PDD: [ 01-19-2001 ]   MAX: [ 03-23-2002 ]   LIF [  ]
SPECIAL CONDITIONS: [ SD, SLA, MAND SUBST ABUSE    CNSLG                  ]

| NO. | SENTENCE | EFFECTIVE | CT | MIN SENT | MAX SENT | TYPE | STATUTE | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|
| 1 | 02-18-1983 | 04-21-1982 | 1 | | 20Y | | 265 15 | ASSAULT W/INTENT TO MURDE |
| 2 | 02-18-1983 | 04-21-1982 | 1 | | 20Y | C | 265 18 | ASLT INTENT TO ROB, ARMED |
| 3 | 02-18-1983 | 04-21-1982 | 1 | | 20Y | C | 265 522 | CONSPIRACY |
| 4 | 02-18-1983 | 04-21-1982 | 1 | | 10Y | C | *A&B DAND WP | |
| 5 | 02-18-1983 | 04-21-1982 | 1 | | 5Y | C | 269 | WEAP VIO GUN LAW (BARTLEY F  ) |

| DATE | TYPE | * Out of sequence     COMMENTS    Page #1 |
|---|---|---|
| 10/12/89 | TC | Laurie O'Donnell called to inform you subject will be straight parcl i on 10/17/ to the same home. He is to report on the day of release to the Regi al Office. TB/mh |
| 10/18/89 | TC | Maureen Flanagan called the office at 10:30a.m., she stated that subj :t was in court in Boston today and will be back later tonight. Please call hi girlfriend at ████. TB/mh |
| 10/18/89 | TC | Maureen Flanagan called at 12:40p.m., left message for P.O. to call. TB/mh |
| 10/18/89 | RP | Subject reported at 4:00p.m. without parole permit. P.O. told subje : to report on Monday with his parole permit prepared to give a urine. TB/mh |
| 10/23/89 | RP RN SP | Subject reported at 12:15p.m. wearing a cervical collar. Subject sa < he was involved in an accident between 2 motor vehicles at intersection of :H te and Dearborn between 3 and 5 p.m. on Thursday evening. Subject said he  : traveling as a passenger in a vehicle operated by his sister's friend Coral ( : t name unknown). Subject gave P.O. copy of Mercy Hosp. Ambulatory Care slip nd C.V.S. printout for Methocarbamal and Tylonel 3.. C.V.S. printout listed add : ss as 49 Bryant St. . Subject denied living there but said he wanted to move i with his sister, Kathy Goetzendanner, ████████████████. P.O. gav subject permission to move there pending investigation by P.O. P.O. 1c d subject that prescription did not prevent P.O. from taking a urine as it would not regist as cocaine. P.O. told subject to get into counseling very quickly. F O. told subject to RP on 10/30/89. P.O. did IRN subject R=15 N=20, max. sup.. P.O. aske subject if he understood SP of home and urine checks and subject said  e did. Subject denied illicit drug use. TB/mh |
| 10/31/89 | SI | P.O. ran warrent query -no hits. TB/mh |
| 10/30/89 | RP | Subject reported at 3:30pm and told PO he had been out seeking employ ent and told PO he wanted to move in with his sister Kathy Goetzendanner, ███████ ████████████████████. PO said that subject could move t ere pendin HI. PO told subject not to start work until he had medial OK. Subje : denied any drug or alcohol use. PO told subject there would be urines in t future. Subject said he was aware of that and was done with pain medication. B/ms |

(OVER)

11/02/89   C   PO went to ▆▆▆▆▆▆ and spoke to a five yearl old girl at the dcc .at
               3:30pm.  The girl went upstairs and came down with message requestirg that
               PO came back in a couple of days as her mother had just gotten home f ɔm
               hospital after giving birth.  PO said he would.  TB/ms

12/4/89    TC  Subject called at 10:15am and reported that he and Maureen Flanagan π ved
               to 43 FT Pleasant St 3rd fl on Sat.  P.O. instructed subject to call ɔr
               report on 12/6/89.                TB/mh

12/6/89    C/L Subject's girlfriend Maureen Flanagan dropped off copy of their lease    TB/mh

12/12/89   RP  Subject reported in office this day and left copies of medication he  ȝ now
               on due to a car accident.  Subject also left copy of pay stub dated 1 /8/89
               net $239.83            TB/mh

DB 1-27-90

02/15/90   V   Po visited aubject at 8:30pm.  Subject showed PO pay stubs reflectir ɡ full
               employment.  Subject said he had not been attending counseling.  PO
               instructed subject to begin counseling immediately with Ethos III.   ᴵB/ls

03/02/90   TC  Subject called at 2;00pm.  Moved back in with his sister.    ꓔB/ls

03/13/90   TC  PO called subject at his job at 11:45pm.  Subject told PO that his ɡi lfriend
               got and apt. at ▆▆▆▆▆▆▆▆▆▆ and had moved there.  They  till
               have a relationship and he goes there on weekends.  Subject said he π ved back
   ᴐ;,ᴐᴐ,ᴐ.   ᴐᴐ. to his sisters at ▆▆▆▆▆▆▆▆▆▆▆ to stay close to work.  ?O told
               subject he would submit transfer to PO Bove and told him to call PO B ʒe
               on Monday,     ꓔB/ls

03/13/90   TR  PO submitted TR request to PO Bove.    FB/ls

03/23/90   TR  Case fromally transferred to PO Bove this day.    FB/ls

03/22/90   M   PO Bove assumes Supervision this date PO met with subject at his resiꞏ ʒnce
           V   at 5:30 pm.  PO gave subject calling card and office day.  Subject sꓴ ʒed
               PO pay stub reflecting full time employment and claims to be attendiꞏ
               counseling at the Urban League on Tuesday nights.  Subject inquired ꓲꞏ ut
               possible parole termination.  PO informed subject that this request ꞏꞏ
               not possible at the present time.  Subject had no further questions. ᵢᵤ/ls

04/30/90   V   PO visited subject at this residence at 5:30pm.  Subject reports havꞏꓵ ꞏ not
               gone to work this date due to being ill. PO asked subject for pay stꞏꓲꞏ for
               employment verification.  Subject reported having put them in his waꞏꓲꞏt
               which he left over his girlfriends.  PO asked subject if in fact heꞏꓲꓲ really
               lost his job.  Subject strongly denied this and claimed work was goiꞏɡ
               well.  Subject denied any use of illegal substances but did report sꞏiꓲl
               taking medication for his back.  PO advised subject to save perscripꞏi ns
               because PO would soon be taking urines.  Subject claimed to be attenꞏiꞏg
               counseling.  At Ethos III center.  PO instructed subject's to keep pɑy
               stubs and to keep PO advised.     FB/ls

05/02/90   TC  PO contacted counselor at Ethos III who reported subject was attendiꞏg group
               meetings on Tuesday nights.     FB/ls

ᴅᴮ 5-2-ᴵᴖ

continued on Page #2

```
:.:   ..:.  ..:..
                        RUNNING RECORD                    REVOKED:
                                                          STATUS: A-ML    -
---------------------------------------------------------------------------
  GOETZENDANNER, DARRIN        ID:[ 839116    ] PO:[ 0502   BRICK        ]
w/ Mentren Flennors 45 Bliss St 3rd Fl w. Swll
HOME: [                                              ] TEL: [           ]

WORK: [                    ] [                                      ] TEL: [   -   -    ]

DOB: [ 01-13-1965 ]      SSN: [ 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 ]    LEVEL OF SUPERVISION: [ ML ] 7/90

MCI: [ C-49446    ]    RELEASED: [ 10-17-1989 ]      PDD: [ 01-19-2001 ]   MAX: [ 03-23-2002 ]   L.R: [    ]
SPECIAL CONDITIONS: [ SD, SLA, MAND SUBST ABUSE    CNSLG              ]
```

| NO. | SENTENCE | EFFECTIVE | CT | MIN SENT | MAX SENT | TYPE | STATUTE | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|
| 1 | 02-18-1983 | 04-21-1982 | 1 | | 20Y | | 265 15 | ASSAULT W/INTENT TO MURDER |
| 2 | 02-18-1983 | 04-21-1982 | 1 | | 20Y | C | 265 18 | ASLT INTENT TO ROB, ARMED |
| 3 | 02-18-1983 | 04-21-1982 | 1 | | 20Y | C | 265 522 | CONSPIRACY |
| 4 | 02-18-1983 | 04-21-1982 | 1 | | 10Y | C | *A&B DAND WP | |
| 5 | 02-18-1983 | 04-21-1982 | 1 | | 5Y | C | 269 | WEAP VIO GUN LAW (BARTLEY-?( ) |

---

| DATE | TYPE | COMMENTS  * out of sequence    Page #2 |
|---|---|---|
| 5/22/90 | C | P.O. went to subject's residence at 4:45 p.m.  P.O. spoke with subject's sister who reported that subject was not at home but would give subject message to contact P.O.  FB/d1k |
| 5/23/90 | TC | Subject called P.O. at regional office.  Subject reports no change or problems. P.O. told subject he would stop by at his house again at the first opportunity. FB/d1l |
| 5/29/90 | RP | Subject reported to regional office this date.  Subject reports no changes in home or work.  Subject showed P.O. pay stubs reflecting full employment. He reported no new arrests or any contact with police.  Subject claimed to be attending counseling and denied any drug use.  P.O. took urine sample on this date in which subject claimed would be clean.  FB/d1k |
| 6-15-90 | SI | Urine sample taken on 5-29-90  tested negative for heroin and cocaine this date. FB/kc |
| 7-5-90 | NC C | PO went to subject's residence at approximately 5:45pm this date.  Subject not at home. PO spoke to subject's sister and left message with her to have subject contact PO as soon as possile. FB/kc |
| 07/11/90 | L | Letter with instructions to report to regional office on 7-16-90 mailed to subject's residence this date.  FB/ls |
| 07/17/90 | TC | Subject called PO at approximately 4:45pm on 7-16-90.  PO questioned subject as to his where abouts.  Subject claims he is living at his approved home and that his aunt never gave him the messages that PO stopped by.  PO informed subject that subject has a responsibility to keep in contact with PO subject reported no problems.  PO instructed subject to report to regional office on 7-23-90.  FB/ls |
| 07/23/90 | RP | Subject reported to regional office.  Subject claims no changes in home or work.  Subject admitted that he has not been attending counseling on a regular basis.  PO sternly lectures subject that he as a responsibility to make every effort to keep in touch with PO and attend counseling subject claimed he understood and denied any drug or alcohol use.  Subject reported he would keep PO informed.  FB/ls |

07/30/90    RN    Reassessment Risk evaluation complete.  Risk score-6, Needs score-6.
                  Subjective overide complete.  Subject to remain on max supervision   FB/1s

08/15/90    V     PO met with subject at his residence at 5pm this date.  Subject sh w  ed
                  PO pay stubs indicating full employment subject also showed PO pres  ription
                  slips for a severe tooth ache.  PO questioned subject about his att  idence
                  at counseling.  Subject reported attending on a regular basis.  PO   ked
                  subject to show PO his room.  The room subject showed PO contained   ainly
                  womens clothes and there was no real evidence that this was subjec   room.
                  PO asked subject if he was resideing at this residence.  To which   ject
                  replied he was subject then asked PO if and when he could be place   n a lower
                  level of supervision.  PO in formed subject that PO was not willin    o remove
                  subject from maximum supervision yet due to the severity of the cr   e and
                  PO's doubts on his living situation.  Subject expressed his disple   ure
                  with PO's reasoning.  PO reminded subject about the grievance proc   ure.
                  Subject reported he would consider talking to SPO subject reported    other
                  concerns or problems.  FB/1s

09/26/90    V     PO met with subject at his residence this date.  Subject reports w
                  is fine and that he plans to move officially on 10-1-90 to live wi l
                  his girlfriend at ▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄ with Maureen Flanni       .
                  PO informed subject that PO would submit transfer request and inst   ted
                  subject to keep in contact with PO until transfer is accepted.  FB

10/01/90    TR    Transfer request submitted to PO Brick this date.  FB/1s

10/01/90    TR    Transfer request received by this PO from PO Bove.FB/TB/kc

10/09/90    HI    PO visited subject at ◄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄.  Subject said he ie ted the
            V     apartment with Maureen Flannigan, his girlfriend.  PO approves hone plan.  Sub-
            TR    ject informed PO that he had lost his job after failing to report t  work sub-
                  sequent to a disagreement with supervisor about wages.  Subject sa:d he had not
                  been attending counseling.  PO instructed subject to return to cou s ling and
                  to get a job.  PO told subject to report every wednesday until ful: y employed.
                  PO told subject he was formally transferred to PO Brick.This visit  as carried
                  out by PO Brick.FB/TB/kc

10/10/90    TR    PO Brick accepts subject this day from PO Bove, TB/kc

                                    ₿₿ 10-17-90

10/17/90    TC    Subject called at 4:55pm and said he could not  make it to the offic  today be-
                  cause of cramps. PO told subject to report on 10-18-90 between nine   nd ten
                  a.m. without fail. TB/kc

10/18/90    RP    Subject reported at 10am,   PO told subject that he was going to ta  : a urine
                  sample and test it, and that if subject lied about the content of th  urine,
                  that he would be detained. Subject admitted to drinking and smoking  irijuana
                  with Louis Albano, a friend from Boston. Subject said that it was p> sible that
                  there was cocaine in it, but not to his knowledge. Subject said he i scussed
                  his lapse with the drug group at Ethos on tuesday night. PO called ₤ os and
                  spoke with Reggie. Reggie confirmed that subject had been the focus  : the
                  group on tuesday by discussing his slip. PO told subject that the t:  h had set
                  him free. PO told subject to report on 10-24-90 and to use no more i  gs. TB/kc

con't on Page 3

RUNNING RECORD

REVOKED:
STATUS: A-M_ - : -

GOETZENDANNER, DARRIN    ID:[ 839116    ] PO:[ 0502  BRICK    ]

HOME: [ 223 FERNBANK ROAD    SPRINGFIELD, MA 01129    ] TEL: [ 543-2774    ]
works 5-10p

WORK: {-NOT-IN-WORK-FORCE---] [ WORK: SHOP-Rite, Memorial Drive, West Springfield, MA] TEL:    - -    ]
WORK: ~~International House of Pancakes, Park Street, West Springfield, MA~~
DOB: [ 01-13-1965 ]    SSN: [ 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 ]    LEVEL OF SUPERVISION: [ ML ]

MCI: [ C-49446    ]    RELEASED: [ 10-17-1989 ]    PDD: [ 01-19-2001 ]    MAX: [ 03-23-2002 ]    .] :[ ]
SPECIAL CONDITIONS: [ SD, SLA, MAND SUBST ABUSE    CNSLG    ]

| NO. | SENTENCE | EFFECTIVE | CT | MIN SENT | MAX SENT | TYPE | STATUTE | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|
| 1 | 02-18-1983 | 04-21-1982 | 1 | | 20Y | | 265 15 | ASSAULT W/INTENT TO MURDER |
| 2 | 02-18-1983 | 04-21-1982 | 1 | | 20Y | C | 265 18 | ASLT INTENT TO ROB, ARME |
| 3 | 02-18-1983 | 04-21-1982 | 1 | | 20Y | C | 265 522 | CONSPIRACY |
| 4 | 02-18-1983 | 04-21-1982 | 1 | | 10Y | C | +A&B DAND WP | |
| 5 | 02-18-1983 | 04-21-1982 | 1 | | 5Y | C | 269 | WEAP VIO GUN LAW (BARTLE - X) |

| DATE | TYPE | COMMENTS Page 3 |
|---|---|---|
| 10-24-90 | RP | Subject reported at 2:25pm and informed PO that he had been hired at International House of Pancakes, Park Street, West Springfield, MA. Subject said he would find out his hours on 10-25-90 and inform PO. TB/kc |
| 10-25-90 | TC | Subject called and stated he got a job. He starts 10-26-90, 10pm-7 friday and saturday (off sunday). He will be working at the International House of Pancakes on the corner of Union and Park Streets, West Springfield. He will 11 back with next week's schedule. TB/kc |
| 11-5-90 | V | PO visited subject at his home at 7:30pm. Subject showed PO his pays ub reflecting full-time employment. Subject said he had missed his last counse ing session because of a conflict with work. PO told subject to meet his counsel g obligation without fail. TB/kc |
| 11-28-90 | TC | Subject called at 11am and informed PO that he had started a new jo t Shop-Rit Memorial Drive, West Springfield on 11-27-90. Subject said that he lt the job at Bickfords because of inability to get along with his boss. Subje said he is working from 5-10pm. TB/kc |
| 12-17-90 | C | PO received list from Jack Elliot that indicated that subject was a nding counseling at Ethos III. TB/kc |
| 12-26-90 | RP | Subject reported at 1:30pm. Subject reported that he was working ab u 25 hours a week but that his hours were increasing. Subject said he was atte c ng counseling and having no problems. TB/kc |
| *12-17-90 | SI | PO ran warrant query and BOP. No new cases and no hits. TB/kc |
| 1/18/91 | V | PO visited subj. at his home at 1:30pm. Subj. showed PO pay stub fr c Shopright reflecting full emplovment. Subj. reported no problems or hanges. TB/m |
| 1/18/91 | C | PO informed by Jack Elliott that subj. is attending counseling at Eth s III. TB/m |
| 1/19/91 | NC | PO went to subj's home at 10:30am, no contact. TB/m |

02/20/91   CV    PO met subject at 5:15pm. Subject told PO that he was working more hours,
                 participating in counseling, and having no problems. Subject was with
                 Maureen Flanagan.  TB/ms

03/04/91   RP    Subject reported in office at 1:20pm and met with SPO.  Subject stated that
                 on Friday 03/01/91 he and the girl he was living with, Maureen Flanagan, of
                 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓l., no phone, got into an argument
                 (verbal) and she called the West Springfield PD.  They came and told subject
                 to leave which he did.  Subject returned to her home later and the woman on
                 the second floor called the police.  They came again and told subject he had
                 to leave and could not return there that evening.  Subject stated he left and
                 then was arrested for Disorderly further up the street.  Subject was arraigned
                 on Friday morning in Springfield District Court and case continued t  05/21/91.
                 Subject now living with mother Oletha Goetzendanner at ▓▓▓▓▓▓▓▓▓▓▓▓,
                 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.  Subject continues to work at Shop Rite in West
                 Springfield almost full time.  Subject continues to attend counseling  at
                 Ethos III with Reggie.  Subject denied use of alcohol and/or drugs.  SPO
                 instructed subject to report on Wednesday to see PO Brick.  SPO instructed
                 subject to stay away from Ms. Flanagan.  Subject feels she has a restraining
                 order.  SPO instructed subject to get copy of restraining order and bring
                 in on 03/06/91.  Subject asked SPO several times if he would be arrested and
                 returned and SPO told subject that we would get a copy of arrest report and
                 compare with subject's story and then make a decision.  DB/TB/ms

03/04/91   SI    PO I Casavant picked up (2) reports, 1 of which is arrest report for
                 Disorderly, both from 03/01/91 on subject at West Spfld. PD this day   TB/ms

03/04/91   TC/M  Subject called at 3:14 and left message for SPO stating that he "forgot when
                 he left girlfriend's house the first time, he did go to Ground Round and
                 have a shot".  He forgot about that.  He will call SPO back.   TB/ms

03/04/91   TC/M  Subject called at 3:40pm and left message he will call back after 5 p.m.  He
                 stated he was at work right now.  TB/ms

03/04/91   TC    Subject called at 4:15 and spoke to SPO.  Subject admitted to going to
                 Ground Round the night he was arrested and had a shot.  Subject is very
                 nervous about being arrested.  SPO again instructed subject to report on
                 Wednesday 03/06/91.  DB/TB/ms

03/05/91   SI    PO went to West Springfield PD and procurred copy of 209A Restraining Order
                 against subject with Maureen Flanagan as plaintiff.  PO left calling card
                 attached to police copy and requested that PO be notified of any alleged
                 violations or problems.  PO requested OIC to inform shift commander to
                 be aware of posted 5-2 parolee list.   TB/ms

03/05/91   C/HI  PO went to 11 Rochelle Street, Springfield at 1:30pm and discussed impact
                 of taking parolee into home with subject's sister.  She informed PO that
                 subject had been living there for about two weeks.  TB/ms

03/05/91   TC/HI Subject called at 3pm and was instructed to report 03/06/91.  PO spoke to
                 subject's mother and informed her of implication of taking subject into
                 home.  She said she wanted him.  TB/ms

CONTINUE ON PAGE #4

RUNNING RECORD                    REVOKED:
                                  STATUS: A-Mi - -

--------------------------------------------------------------------------------

GOETZENDANNER, DARRIN          ID: [ 839116        ] PO: [ 0502   BRICK          ]

HOME: [    11 Rochelle St.,  1st Fl   SPRINGFIELD, MA 01129    ] TEL: [ 746-9586 ]

WORK: [    Full time    ] [ Shoprite, Memorial Dr., W. Spfld. Hrs. 5-10pm.      ] TEL:    -  -     ]

DOB: [ 01-13-1965 ]         SSN: [ 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 ]    LEVEL OF SUPERVISION: [ ML ]

MCI: [ C-49446    ]    RELEASED: [ 10-17-1989 ]     PED: [ 01-19-2001 ]   MAX: [ 03-23-2002 ]   [ II : [ ] ]
SPECIAL CONDITIONS: [ SD, SLA, MAND SUBST ABUSE    CNSLG               ]

| NO. | SENTENCE | EFFECTIVE | CT | MIN SENT | MAX SENT | TYPE | STATUTE | DESCRIPTION |
|-----|----------|-----------|----|----------|----------|------|---------|-------------|
| 1 | 02-18-1983 | 04-21-1982 | 1 | | 20Y | | 265 15 | ASSAULT W/INTENT TO MURDER |
| 2 | 02-18-1983 | 04-21-1982 | 1 | | 20Y | C | 265 18 | ASLT INTENT TO ROB, ARMED |
| 3 | 02-18-1983 | 04-21-1982 | 1 | | 20Y | C | 265 522 | CONSPIRACY |
| 4 | 02-18-1983 | 04-21-1982 | 1 | | 10Y | C | #A&B DANG WP | |
| 5 | 02-18-1983 | 04-21-1982 | 1 | | 5Y | C | 269 | WEAP VIO GUN LAW (BARTLEY-F I() |

--------------------------------------------------------------------------------

| DATE | TYPE | PAGE #4          COMMENTS |
|------|------|---------------------------|
| 03/06/91 | PH | PO scheduled PH with HE Hanna for 03/18/91 at 10:30am at Spfld. Reg. Office. TB/m |
| 03/06/91 | RP | Subject reported at 10:15am with his sister and asked if she could t in on interview. PO said she could if subject gave PO permission to speak freely. Subject did. PO told subject that a PH was scheduled for 10:30am on 03/18/91 and he must without fail report on 03/13/91 to get Form . PO told subject that any parole violations or allegations of violai g 209A would result in detainer being requested and served. Subject s id he understood. PO told subject he would not be arrested before or a PH unless there was a new violation. Subject said he understood. TB/m |
| 03/06/91 | PVR | PVR submitted this day, PO recommends Final Warning. TB/ms |
| 03/13/91 | TC | PO rec'd TC from W.Spfld. PD, informing him that R.O. against subj. bj. had been vacated for lack of prosecution. TB/m |
| 03/13/91 | RP/PH | Subj. reported at 3pm. PO delivered Form A in hand after reading i ront and rear. Subj. informed that RO was vacated but was told by PO th t if he went to 55 Bliss St. W. Spfld. or harassed Maureen Flanagan PO woul se detainer TB/m |
| 03/18/91 | PH | Preliminary hearing held this day. RE Hanna recommends: Provisional Revocation TB/m |
| 03/18/91 | PBV | Request for Board Vote. TB/m |
| *03/08/91 | RP | Subject reported and left copies of pay stubs for PO. TB/kc |
| 03/29/91 | PBV | PO received computer printout indicating that on 3-27-91, the Parole ard voted Provisional Revocation. TB/kc |
| 04/01/91 | IW | POs Lucero and Burt went to 11 Rochelle at 3pm and at 4pm. Subject wa not there GL/TB/kc |
| 04/01/91 | IW | PO went to ████████████████████████, no contact. TB/kc |
| 04/01/91 | IW | PO went to Shoprite in West Springfield. Subject's next shift is 4-4- . His paycheck is available 4-5-91. TB/kc |

OVER

IW
CCL

PO met subject at the bus station at 10:30am. Subject saw PO and turn i himself
in at the front door. Subject said he was on his way to the office. S ject w b
arrested on Warrant for Permanent Custody and transported to MCI-Con> d. Date
of Warrant: 3-27-91. Effective Date of Return: 4-2-91. Date of Arre; 4-2-91.
PO closes case. TB/kc

DB 5/17/9

```
                          RUNNING RECORD              REVOKED:
                                                      STATUS: A-M_ -  -
-----------------------------------------------------------------------------  ---------
   GOETZENDANNER, DARRIN          ID:[ 839116          ] PO:[ 0507   BOVE              ]

   HOME: [ 11 ROCHELLE STREET          SPRINGFIELD, MA       ] TEL: [ 746-9586   ]

   WORK: [ SCHOOL/TRAINING    ] [ SERC          140 WILBRAHAM AVE    SPRINGFIELD , X      ] TEL:    -  -   ]

   DOB: [ 01-13-1965 ]          SSN: [ 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 ]      LEVEL OF SUPERVISION: [ ML ]

   MCI: [ C-49446      ]    RELEASED: [ 06-11-1991 ]    PDD: [06-08-01 ]   MAX: [ 05-12-2002 ]    ] :[ ]
   SPECIAL CONDITIONS: [ MSAC, H/W/T, SD, SLA                        ]
```

| NO. | SENTENCE | EFFECTIVE | CT | MIN SENT | MAX SENT | TYPE | STATUTE |
|-----|----------|-----------|----|----------|----------|------|---------|
| 1 | 02-18-1983 | 04-21-1982 | 1 | | 20Y | | 265 15 ASSAULT W/INTENT TO MURDER |
| 2 | 02-18-1983 | 04-21-1982 | 1 | | 20Y | C | 265 18 ASLT INTENT TO ROB, ARMED |
| 3 | 02-18-1983 | 04-21-1982 | 1 | | 20Y | C | 265 522 CONSPIRACY |
| 4 | 02-18-1983 | 04-21-1982 | 1 | | 10Y | C | *A&B B/M DW |
| 5 | 02-18-1983 | 04-21-1982 | 1 | | 5Y | C | 269 WEAP VIO GUN LAW (BARTLEY-FOX) |

| DATE | TYPE | *OUT OF SEQUENCE                    COMMENTS       PAGE #1 |
|------|------|----------|
| 06/11/91 | HI | P.O. to subject's proposed home at ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ P.O. spoke with subject's mother, Oletha Goetzendanner.  ▇he claims she resides in this first floor apartment along with her son and daughter.  She reports however that her daughter is moving out. She is aware of subject's charges and is aware of parole procedures, due to subject's living with her on a prior parole.  P.O. left P.O.'s calling card.  Home plan approved.  FB/g |
| 06/11/91 | TC | P.O. called in approved home and work plan (SERC) to Boston Correctional Center.  Subject to be released on 06/11/91 with instructions to report to Regional Office on 06/12/91.  FB/g |
| 06/12/91 | RP | Subject reported to regional office this date.  PO went over rules of parole, explained grievance procedure and gave subject PO's calling card with office day and emergency phone number.  Subject reports he feels he can find a job on his own fairly quickly.  PO told subject that PO would allow him period of time to accomplish this but is he could not secure employment, he would have to attend the SERC program.  PO also instructed subject to set counseling at Ethos III and to keep PO advised.  FB/m |
| 06/18/91 | TC | 4:29pm subject called, has a new job Plastic Packaging in West Spfli    Subject starts Wed. 6/19, 11pm-7am, will save paystubs for PO.  FB/m |
| 06/21/91 | PDD | PO received parole discharge date of 6/8/01.  FB/m |
| 07/22/91 | RP | Subject reported this date dn reprots having begun pre-employment training this date.  Subject reports attending counseling and claims everything at home is fine.  PO questioned subject as to if he was seen his former 'friend. Subject acknowledge that he stays over her house on occasion.  PO warned subject tht he had problems with this girl before and to watch himself . Subject denied any drinking or drug use on his part an would adhere o PO's warnings.   FB/ms |

```
                                    (OVER)
```

07/22/91  L    Received letter from SERC indicating subject was scheduled to begin P☐☐ this
               date.  FB/ms

08/91/91  NC   PO to subject's residence this date during morning hours.  PO knocked ⊂ subject's
               door several times, but received no response.  FB/ms

08/06/91  NC   PO to subject's residence during late afternoon hour.  PO knocked on ∷↑ ject's
               door several times, but received no response.  FB/ms

08/22/91  L    PO received letter from Spfld. employment resource center indicating su ject
               successfully competle pre-employment training program.  FB/m

08/23/91  RP   Subject reported to regional office this date.  Subject reports no prob ∍ms or
               changes.  He may have a job at Wendy's Rest. in W. Spfld.  He also rep> :s he
               may move in with his girlfriend in W. Spfld. whom he has had problems ⌄ :h in
               the past.  PO advised subject to think prior to this move and that pos> >ly PO
               who covers that area could deny transfer request.  Subject informed PO │ ∷ would
               keep PO informed and denied any drug or alcohol use.  FB/m

09/30/91  TC   Subject called PO to report he is now working at Friendly's Rest. in P:t sfield and
               plans to move out there.  He reports his new address is with Antennett F anagan at
               ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.  PO informed subject that transfer r<q est would
               be submitted but to keep in contact with PO.  FB/m

0/02/91   TR   Transfer request submitted to PO Metallo.  FB/m

0/15/91   V/TR PO visited subject at his residence at 11;40am.  Subject sleeping.  Su<; ct stated
               he worked last night.  Subject didn't have any pay stubs from Wendy's.   ubject
               told to save pay stubs.  PO noticed empty bottle of beer in room.  Sub< t states
               it was his girlfriends, Maureen.  Subject states he has no driver's li<ɛ se and
               walks to get around.  Subejct is living with his girlfriend Maureen Flɛr agan,
               her mother Antonette, Maureen's two children Johanna 12 y and Tabatha l:i s 8y
               along with Maureen's sister Rosalie Beauvois and her son Justin 8 mos.   ubject
               reminded of his special conditions and was given PO's calling card.  P< :ccepts
               transfer from PO Bove 5-7.  PM/m

0/16/91   TR   Case materials transferred to PO Metallo.  PM/m

1/14/91   V    P.O. visited subject at his residence (VA) at 3:00 PM.  Subject showed ɩ
               paystub for 11/03/91m net $138.60.  Subject states he has n't had any
               substance abuse counseling while in Pittsfield.  Subject was referred t>
               BCA.  Subject states he works out at the YMCA.  PM/g

2/01/91   TC   Subject called Parole Office today at 12/01/91 at 1:22 PM.  Subject repn:ed
               a new address of ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.  Subject stated l
               would call back on Wednesday to report.  PM/g

2/03/91   TC   Subject called Parole Office today at 12:46 PM.  Subject stated he was :i ing
               at ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.  Subject stated that he thinks his ex-;i lfriend
               wants to cause trouble for him because he now has a new girlfriend.  Sulj:ct
               stated that the downstairs door is locked all the time and there is no <c r
               bell.  P.O. may have to contact at Wendy's so P.O. can do home investigɛt ɔn.  PM/g

.2/12/91  NC   P.O. tried to find ▓▓▓▓▓▓▓▓▓▓▓.  It was Royal Cleaners.  PM/g

CONT. PAGE #2

RUNNING RECORD                          REVOKED:
                                        STATUS: A-ML -     -
------------------------------------------------------------------------
  GOETZENDANNER, DARRIN          ID:[ 839116        ] PO:[ 0505   METALLO            ]

HOME: [ 9 DALTON AVENUE APT #11           PITTSFIELD, MA        ] TEL: [          ]

WORK: [ FULL TIME        ] [ WENDY'S            EAST STREET        PITTSFIELD , X        ] TEL: [ )      -     ]

DOB: [ 01-13-1965 ]          SSN: [ 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 ]      LEVEL OF SUPERVISION: [ ML  ]

MCI: [ C-49446       ]    RELEASED: [ 06-11-1991 ]      PDD: [ 06-08-2001 ]   MAX: [ 05-12-2002 ]    LIFE: [  ]
SPECIAL CONDITIONS: [ MSAC, H/W/T, SD, SLA                            ]

| NO. | SENTENCE | EFFECTIVE | CT | MIN SENT | MAX SENT | TYPE | STATUTE |
|-----|----------|-----------|----|----|----------|------|---------|
| 1 | 02-18-1983 | 04-21-1982 | 1 | | 20Y | | 265 15 ASSAULT W/INTENT TO MURDER |
| 2 | 02-18-1983 | 04-21-1982 | 1 | | 20Y | C | 265 18 ASLT INTENT TO ROB, ARMED |
| 3 | 02-18-1983 | 04-21-1982 | 1 | | 20Y | C | 265 522 CONSPIRACY |
| 4 | 02-18-1983 | 04-21-1982 | 1 | | 10Y | C | #A&B B/M DW |
| 5 | 02-18-1983 | 04-21-1982 | 1 | | 5Y | C | 269 WEAP VIO GUN LAW (BARTLEY-FOX) |

| DATE | TYPE | COMMENTS     PAGE #2 |
|------|------|----------|
| 2/20/91 | TC | Subject called Parole Office today at 1:40 PM and stated he got fire from his job. He states it was over some ice cream he did not ring up.   M/g |
| 2/20/91 | NC | P.O. went to subject's residence at 2:25 PM.  No contact.  PM/g |
| 2/23/91 | NC | P.O. went to subject's residence at 10:50 AM.  No contact.  PM/g |
| 2/23/91 | C | P.O. came out of subject's apartment building and was met by subject's ex-girlfriend, Flanagan, who now lives across the street from subjec ,  ▓▓▓▓▓▓▓▓▓▓e.  She states subject has been looking for work and she doesn't know if subject lives with anyone.  PM/g |
| 12/20/91 | TC | Subject called Parole Office today at 3:14 PM.  Subject stated he lo : his job yesterday at Wendy's.  He stated he will keep calling P.O. u :il he gets in touch with him.  He reports no other problems and states ie is out looking for other work.   PM/g |
| 01/02/92 | NC | P.O. went to subject's residence at 12:50 PM.  No contact.  R. Smith was the other name on subject's mailbox.  PM/g |
| 01/09/92 | NC | P.O. went to subject's residence at 11:30 AM.  No contact.  PM/g |
| 01/09/92 | C | Subject's ex-girlfriend met P.O. outside stating subject is looking : or work again.  P.O. stated that subject must contact P.O. on Wednesda, 01/15/92.  PM/g |
| 01/13/92 | TC | Subject called Parole Office today at 9:33AM and stated he still does 't have a job.  He stated he will try to call back later today.  Subject stated he has an appointment with Office of Discrimination (Spfld). Secretary advised subject that the Office of Discrimination is in our builing on the same floor and he can stop by to see P.O. then.  Subje t stated he would and would call P.O. on Wednesday.  PM/g |

01/16/92   V    P.O. went to subject's residence at 10:30 AM (VA).  Subject came (u
                from his ex-girlfriend Maureen's apartment across the street.  Subej t
                states he might move back in with Maureen because of money problems.
                Subject states he left Maureen's residence because he didn't get alo g
                with her family.  Subject presently living with Renee Smith who is w king
                for GE.  Subject states she has been paying for rent.  Subject expla ied
                why he got fired at Burger King.  Subject blamed it on another perso and
                nothing happened to him.  Subject states he has contacted the Depart ent
                of Discrimination.  Subject states he is taking delatin and showed a
                prescription from Dr. Chowdbury.  Subject states he might have epile sy.
                P.O. stated he is not pleased with subject 's communications with F. .
                Subject reminded that P.O.'s office day is Wednesday.  PM/g

02/19/92   TC   Subject called at 9:50 AM stating no change in his residence other : in
                he lives by himself.  Subject states his girlfriend Maureen's phone
                number is ████████.  Subejct states he-sees Dr. Nelson at the
                Neighborhood Health Clinic.  Subject states he is now on General Rel f.

02/24/92   TC   Subejct called Parole Office today at 11:07 AM.  Subject reports th i he
                is living in the same building but in apartment #7A.  PM/g

02/26/92   TC   Subject called at 2:10 PM checking to make sure P.O. got his change :
                apartment to 7A.  Subject states no other changes.  PM/g

02/28/92   V    P.O. visited subject at his residence at 9:30 AM.(VA).  Subject was i
                bed with Renee Card Smith.  Subject states she has been staying witl im
                on and off.  Subject showed P.O. a medical report for him being on
                Delantin.  Subject's next doctor's appointment is 03/19/92.  Subject
                also showed P.O. his welfare statement.  Subject gets $338.70 /mo, j1 s
                $91 in food stamps.  Subject states he is staying sober.  P.O. foun o
                signs of alcohol use.  PM/g

03/10/92   SI   P.O. noticed a female with a battered face walk out of the Pittsfield
                Police Department at 9:30 AM this date.  P.O. thought she was in a ca
                accident and inquired within.  P.O. informed that subject beat her tp
                and was over a Pittsfield District Court.  The officer was unaware th :
                subject was on Parole.  PM/g

03/10/92   SI   P.O. met with Chief Probation Officer McNeice who stated subject was ld
                on $1,000 C/S bail, charged with domestic A&B.  The court couldn't
                find a BOP on subject as subject's first name spelling Darrien did no
                hit.  P.O. informed them of subject's parole status and charges.  Su ct
                told the court and his court appointed attorney Tom Sherman that he i I
                not have a record.  Subject's case is continued until 03/19/92.  P.)
                called S.P.O. Burzdak and received permission to lodge a detainer be i d
                bail.  P.O. spoke with subejct and informed him of the detainer.  Su ct
                denied the charge.  P.O. informed by the court the victim was Renee i th
                who was at the ████████████████.  P.O. could call the ████
                ████████.  A 209A was also issued against the subject for a
                year.  PM/g

03/10/92   TC   P.O. at the Pittsfield P.D. at 11:00 AM and contacted ████████
                ████████ and left a message for Renee to contact P.O.   PM/g

CONT. PAGE #3

3|19 12

RUNNING RECORD                    REVOKED:
                                  STATUS: A-ML - -
----------------------------------------------------------------------------------

 GOETZENDANNER,DARRIN        ID:[ 839116      ] PO:[ 0505   METALLO           ]
                     #7A
HOME: [ 9 DALTON AVENUE APT #1T       PITTSFIELD, MA      ] TEL: [        ]

WORK: [ FULL TIME       ] [ WENDY'S        EAST STREET      PITTSFIELD , X     ] TEL: [ ]     - . ]

DOB: [ 01-13-1965 ]      SSN: [ 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 ]    LEVEL OF SUPERVISION: [ ML ]

MCI: [ C-49446      ]   RELEASED: [ 06-11-1991 ]   PDD: [ 06-08-2001 ]  MAX: [ 05-12-2002 ]   LIFE [ ]
SPECIAL CONDITIONS: [ MSAC, H/W/T, SD, SLA                   ]

| NO. | SENTENCE | EFFECTIVE | CT | MIN SENT | MAX SENT | TYPE | STATUTE |
|-----|----------|-----------|----|----------|----------|------|---------|
| 1 | 02-18-1983 | 04-21-1982 | 1 | | 20Y | | 265 15 ASSAULT W/INTENT TO MURDER |
| 2 | 02-18-1983 | 04-21-1982 | 1 | | 20Y | C | 265 18 ASLT INTENT TO ROB, ARMED |
| 3 | 02-18-1983 | 04-21-1982 | 1 | | 20Y | C | 265 522 CONSPIRACY |
| 4 | 02-18-1983 | 04-21-1982 | 1 | | 10Y | C | *A&B B/M DW |
| 5 | 02-18-1983 | 04-21-1982 | 1 | | 5Y | C | 269 WEAP VIO GUN LAW (BARTLEY-FOX) |

----------------------------------------------------------------------------------

| DATE | TYPE | COMMENTS    PAGE #3 |
|------|------|---------------------|
| 03/10/92 | TC | Renee Smith called P.O. at 11:05 AM and agreed to give P.O. a pictu e and a statement. P.O. arranged to pick up Renee at ▮▮▮▮▮ ■ ▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. M/g |
| 03/10/92 | IW | P.O. picked up Renee Smith around 11:20 AM and brought her to the P..sfield Police Department. Investigator Eaton took a picture of Renee for '. . Smith started telling P.O. how subject had hit her with a stick and threatened her with a knife. Lt. Lee had Det. Danford take a statement as one was not taken last night. Renee stated subject has been drinking regularly. She has gone to Nel's, Charlie's and Dagwood's drinking with him. Renee stated she has also smoke cocaine with subject. Renee di not see subject drink yesterday, but he had an odor of alcohol on him. Renee states subject's ex-girlfriend, Maureen Flanagan, has a rifle she is olding for subject. As a result of Renee Smith's statement to the Pittsfiel Police Department, subject will be summoned on additional charges; la e (2cts), A&B DW (stick) and Assault DW (knife). A female Police Officer took urther pictures of Renee showing bruises on her body caused by being hit by stick which Renee stated broke on her. P.O. took Renee Smith back to the spot he picked her up. P.O. would like to add the pictures don't do j stice as to how badly the victim was beaten. PM/g |
| 03/10/92 | IW | Det. Danford, Pittsfield P.D., wrote up a search warrant for subject' residence to find evidence to collaborate the victim's statement. FM ; |
| 03/10/92 | TC | P.O. called Capt. Simonelli, Berkshire County House of Correction, a  requested a urine sample from subject. PM/g |
| 03/10/92 | IW | P.O. and Det. Danford met with Pittsfield District Court Clerk Leo Evans around 2:45 PM. Search warrant granted. PM/g |

03/10/92   IW   P.O., Det. Danford and Investigator Eaton went to subject's
residence, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓, around 3:15 PM. Officers were met
by Ray Frankel, owner of the building. Ray stated subject owes him
about $1,000 in back rent. Investigator Eaton took pictures of sub₁ct's
room. A broken stick was found in the trash; a knife was found on ·h
table;and· a pink negligee and bathrobe were also found in the apartne t,
bringing credence to the victim's statement. Evidence was taken by Pittsfield
Police Department. P.O. picked up several belongings that the victim
requested. An empty bottle of Jack Daniels was found in subject's
dresser. PM/g

03/10/92   C   P.O. contacted the victim through ▓▓▓▓▓▓▓▓▓▓▓ and brought her le
belongings at the place P.O. picked her up and dropped her off. PM/g

03/10/92   IW   P.O. and Det. Boyington went to ▓▓▓▓▓▓▓▓▓▓ to speak with Maurce
Flanagan around 4:30 PM. No contact. P.O. and Det. Boyinton went to
▓▓▓▓▓▓▓▓ and met with Maureen. Maureen stated she is aware of what
happrened and just picked up subject's keys. Maureen stated she move
back to her parent's a week ago. P.O. stated he had information that
she might have a rifle of subject's. Maureen denied knowing anythirg
about a rifle. PM/g

03/10/92   IW   P.O. met subject at the Berkshire County House of Correction at 5:0C  1.
         V   P.O. informed that subject would not give a urine sample. Subject wa ted
to know why P.O. wanted a sample. P.O. stated to see if his urine is
dirty. Subject admitted to alcohol use and wasn't sure if he would b
dirty for drugs. P.O. stated if he wasn't sure then he must have use
drugs. Subject would not make any further comment other than he woul
give a sample. Subject first denied the assault stating he was with
Maureen all day and that Renee showed up to his apartment that way.
P.O. stated he just met Maureen and she didn't say she was with subje :.
Subject then stated P.O. doesn't understand the circumstances involve
Subject informed other charges are pending. P.O. to meet subject at a
later date regarding his Preliminary Hearing. Subject left a urine
sample for P.O. PM/g

03/11/92   PH   Preliminary Hearing scheduled for 03/20/92 at 3:00 PM at the Berkshi e
County House of Correction with E. Hanna. PM/g

03/12/92   SI   Subject's urine sample of 03/10/92 tested positive for cocaine on the
Syva Emit Drug Detection System at Doyle Detox. PM/g

03/16/92   SI   Det. Danford, Pittsfield P.D., informed P.O. that subject's case goe;
in front of the Grand Jury on 03/19/92. PM/g

03/16/92   PH   P.O. met with subject at the Berkshire County House of Correction this
         V   date. Subject given his Form A in hand. Subject upset with the knou-
ledge of additional charges. P.O. informed subject his urine was dirt
for cocaine. Subject denited using cocaine. P.O. had no further
discussion with subject. Subject's bail is not $5,000 c/s. PM/g

03/16/92   TC   P.O. discussed subject's case with Peggy O'Neil of Victim's Service ln :.
The victim, Renee Smith, ▓▓▓▓▓▓▓▓▓▓▓. P.O. referred Peggy to L t
Keegan, Berkshire County D.A. Victim's Unit. PM/g

CONT. PAGE #4

*Warrant* ⁹/₃₁/? –

RUNNING RECORD

REVOKED:
STATUS: A-ML     –

-----------------------------------------------------------------

GOETZENDANNER, DARRIN        ID: [ 839116        ] PO: [ 0505   METALLO        ]

**HOME:** [ 9 DALTON AVENUE APT #7A        PITTSFIELD, MA      ] TEL: [        ]

**WORK:** [ UNEMPLOYED        ] [                          ]        ] TEL: [    –    ]

**DOB:** [ 01-13-1965 ]        SSN: [ 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 ]      LEVEL OF SUPERVISION: [ ML ]

**MCI:** [ C-49446      ]    RELEASED: [ 06-11-1991 ]        PDD: [ 06-08-2001 ]    MAX: [ 05-12-2002 ]    LIFE [ ]
**SPECIAL CONDITIONS:** [ MSAC, H/W/T, SD, SLA                          ]

| NO. | SENTENCE | EFFECTIVE | CT | MIN SENT | MAX SENT | TYPE | STATUTE |
|-----|----------|-----------|----|----------|----------|------|---------|
| 1 | 02-18-1983 | 04-21-1982 | 1 | | 20Y | | 265 15 ASSAULT W/INTENT TO MURDER |
| 2 | 02-18-1983 | 04-21-1982 | 1 | | 20Y | C | 265 18 ASLT INTENT TO ROB, ARMED |
| 3 | 02-18-1983 | 04-21-1982 | 1 | | 20Y | C | 265 522 CONSPIRACY |
| 4 | 02-18-1983 | 04-21-1982 | 1 | | 10Y | C | *A&B B/M DW |
| 5 | 02-18-1983 | 04-21-1982 | 1 | | 5Y | C | 269 WEAP VIO GUN LAW (BARTLEY-FOX) |

-----------------------------------------------------------------

| DATE | TYPE | COMMENTS    PAGE #4 |
|------|------|---------|
| 03/18/92 | TC | P.O. spoke with Liz Keagan who stated she has been in contact with Peggy O'Neil. The victim to be ▓▓▓▓▓▓▓▓▓.  PM/g |
| 03/18/92 | PVR | Parole Violation report submitted this date.  P.O. recommends Provisional revocation.  PM/g |
| 03/20/92 | PH | Preliminary hearing held this day.  RE: Hanna recommends:  Provisional Revocatio 1/m |
| 03/20/92 | PBV | Request for Board Vote.  PM/m |
| 03/24/92 | SI | H.E. Hanna informed P.O. that P.O. should be concerned for his welfa e if subject is ever released.  Subject voiced his dislike for P.O. du ing his Preliminary Hearing stating P.O. is the reason he has these new larges.  PM |
| 03/25/92 | TC | P.O. spoke with Superior Court Probation Officer Berti who stated t1 : subject was indicted 03/20/92 to be arraigned on the 26th or 27th. 1/g |
| 03/27/92 | SI | P.O. received copies of subject's Superior Court Indictments.  See F le.  PM/g |
| 04/01/92 | SPVR | Supplement to Parole Violation Report of 03/18/92 submitted this da: for Informational Purposes Only.  PM/g |
| 04/02/92 | SI | P.O. informed this date that subject is scheduled for Pre-Trial Con': ence on 04/16/92.  PM/g |
| 04/15/92 | PBV | Parole Board voted Provisional Revocation on 3/31/92.  PM/kh |

HD 10-1-92

01/08/93  IW   10:300 AM-P.O. met with Assistant D.A. Ann Kendall to discuss subject's case which she is preparing.  No court date has been set as of this date.  PM/g

*10/30/92  IW   P.O. Met with Deputy Sup. Ed Ziemlak, Berkshire County House of Correction, at 11:30 AM.  P.O. Informed that subject has incurred several D-reports and has become a problem inmate.  Subject has a new attorney-George Crane.  Subject goes to court 11/03/92.  Subject's bail might be withdrawn so subject goes on his parole warrant.  PM/g

*11/03/92  IW   Subject did not go to Superior Court for a bail review.  Subject's status to remain the same at this time.  PM/g

01/22/93  IW   P.O. at the Berkshire County House of Correction and received eight D-Reports regarding subject dating 04/26/92 to 11/18/92.  PM/g

01/26/93  C    Det. Danford, Pittsfield P.D., informed P.O. that subject's trial is scheduled for 02/01/93.  PM/g

02/05/93  M    Subject's trial started 02/01/93 in Berkshire Superior Court.  Subject was found guilty on 02/05/93 of Aggravated Rape (2cts) 20-30 years; Kidnapping 8-10 years concurrent; A&B DW 8-10 years concurrent; Assault w/DW 3-5 years concurrent; and A&B filed.  Sentence is to be served from and after the expiration of all previous sentences which the subject has been ordered to serve.  PM/g

02/11/93  SPVR  Supplement to Parole Violation Report of 03/18/92 submitted this date for Informational Purposes Only.  PM/g

02/11/93  CCL  Return of Service received this date:  Warrant Issued 03/31/92; Effective Date of Return 03/31/92; Date Returned 02/05/93 MCI-Cedar Junction.  P.O. closes case.  PM/g

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.
DEDHAM SUPERIOR COURT

03 01010

DARRIEN GOETZENDANNER,                    )
                        Petitioner,       )
                                          )
v.                                        )       PETITION FOR A WRIT OF
                                          )       HABEAS CORPUS
LUIS SPENCER,                             )
Superintendent, MCI-Norfolk, &           )
MICHAEL TOLEDO,                           )
Deputy Superintendent, MCI-Norfolk,      )
                        Respondents       )
_____ . )

## INTRODUCTION

To the Superior Court of Dedham, Commonwealth of Massachusetts, now in session i∴ the County of Norfolk:

## PETITION OF PRISONER

The petition of of Darrien Goetzendanner ("Mr. Goetzendanner") respectfully shows:

1.  Petitioner is imprisoned and restrained of liberty at Massachusetts Correctional Institu e at Norfolk, 2 Clark Street, Norfolk, MA 02056.

2.  The officers by whom Petitioner is so imprisoned and restrained are Luis Spencer, Superintendent, MCI-Norfolk; and Michael Toledo, Deputy Superintendent, MCI-Norfolk.

3.  The cause of pretense of such restraint by respondents is the following:

    a.  The Petitioner was indicted and arraigned on Indictment Nos. 92-0378 thru 84 a d 92-0668 in Berkshire County Superior Court on March 20, 1992, and March 2 ʢ 1992, respectively. During the arraignment, bail was set in the amount of five thousand dollars ($5,000.00) cash or surety. The Defendant never posted that amount. See Docket Sheets attached as EXHIBIT A to Memorandum of Supɪ ᴄ t.

1

## Commonwealth of Massachusetts
## NORFOLK SUPERIOR COURT
## Case Summary
## Civil Docket

# Goetzendanner v Spencer, Superintendent MCI Norfolk et al

Details for Docket: NOCV2003-01010

**Case Information**

| | | | |
|---|---|---|---|
| **Docket Number:** | NOCV2003-01010 | **Caption:** | Goetzendanner v Spencer, Superintendent MCI Norfolk et al |
| **Filing Date:** | 06/05/2003 | **Case Status:** | Active |
| **Status Date:** | 06/05/2003 | **Session:** | Non Jury-CtRm 8 |
| **Lead Case:** | NA | **Case Type:** | Standard |

**Tracking Deadlines**

| | | | |
|---|---|---|---|
| **TRK:** | X | **Discovery:** | |
| **Service Date:** | 09/03/2003 | **Disposition:** | 01/01/2004 |
| **Rule 15:** | | **Rule 12/19/20:** | |
| **Final PTC:** | 12/02/2003 | **Rule 56:** | |
| **Answer Date:** | 11/02/2003 | **Jury Trial:** | NO |

**Case Information**

| | | | |
|---|---|---|---|
| **Docket Number:** | NOCV2003-01010 | **Caption:** | Goetzendanner v Spencer, Superintendent MCI Norfolk et al |
| **Filing Date:** | 06/05/2003 | **Case Status:** | Active |
| **Status Date:** | 06/05/2003 | **Session:** | Non Jury-CtRm 8 |
| **Lead Case:** | NA | **Case Type:** | Prisoner Habeas Corpus |

**Tracking Deadlines**

| | | | |
|---|---|---|---|
| **TRK:** | X | **Discovery:** | |
| **Service Date:** | 09/03/2003 | **Disposition:** | 01/01/2004 |
| **Rule 15:** | | **Rule 12/19/20:** | |
| **Final PTC:** | 12/02/2003 | **Rule 56:** | |
| **Answer Date:** | 11/02/2003 | **Jury Trial:** | NO |

## Parties Involved

3 Parties Involved in Docket: NOCV2003-01010

| | | | |
|---|---|---|---|
| **Party Involved:** | | **Role:** | Defendant |
| **Last Name:** | Spencer, Superintendent MCI Norfolk | **First Name:** | Luis |
| **Address:** | | **Address:** | |
| **City:** | | **State:** | |
| **Zip Code:** | | **Zip Ext:** | |
| **Telephone:** | | | |

| | | | |
|---|---|---|---|
| **Party Involved:** | | **Role:** | Defendant |
| **Last Name:** | Toledo,Deputy Superintendent MCI Norfolk | **First Name:** | Michael |
| **Address:** | | **Address:** | |
| **City:** | | **State:** | |
| **Zip Code:** | | **Zip Ext:** | |
| **Telephone:** | | | |

| | | | |
|---|---|---|---|
| **Party Involved:** | | **Role:** | Plaintiff |
| **Last Name:** | Goetzendanner | **First Name:** | Darrien |
| **Address:** | c/o Joe Krowski | **Address:** | 30 Cottage St |
| **City:** | Brockton | **State:** | MA |
| **Zip Code:** | 02301 | **Zip Ext:** | |
| **Telephone:** | | | |

## Attorneys Involved

3 Attorneys Involved for Docket: NOCV2003-01010

| | | | |
|---|---|---|---|
| **Attorney Involved:** | | **Firm Name:** | MA14 |
| **Last Name:** | Slade | **First Name:** | David |
| **Address:** | 70 Franklin Street | **Address:** | Suite 600 |
| **City:** | Boston | **State:** | MA |
| **Zip Code:** | 02110 | **Zip Ext:** | 1300 |
| **Telephone:** | 617-727-3300 | **Tel Ext:** | 164 |
| **Fascimile:** | 617-727-7403 | **Representing:** | Toledo,Deputy Superintent MCI Norfolk, Michael (Defenda |

**Attorney**

| | | | | |
|---|---|---|---|---|
| **Involved:** | | **Firm Name:** | KROW01 | |
| **Last Name:** | Krowski | **First Name:** | Joseph F | |
| **Address:** | 30 Cottage Street | **Address:** | | |
| **City:** | Brockton | **State:** | MA | |
| **Zip Code:** | 02301 | **Zip Ext:** | | |
| **Telephone:** | 508-587-3701 | **Tel Ext:** | | |
| **Fascimile:** | 508-588-6035 | **Representing:** | Goetzendanner, Darrien ( ain | |

| | | | | |
|---|---|---|---|---|
| **Attorney Involved:** | | **Firm Name:** | MA14 | |
| **Last Name:** | Slade | **First Name:** | David | |
| **Address:** | 70 Franklin Street | **Address:** | Suite 600 | |
| **City:** | Boston | **State:** | MA | |
| **Zip Code:** | 02110 | **Zip Ext:** | 1300 | |
| **Telephone:** | 617-727-3300 | **Tel Ext:** | 164 | |
| **Fascimile:** | 617-727-7403 | **Representing:** | Spencer, Superintenden CI Norfolk, Luis (Defendan ) | |

## Calendar Events

11 Calendar Events for Docket: NOCV2003-01010

| No. | Event Date: | Event Time: | Calendar Event: | SES: | Event Status: |
|---|---|---|---|---|---|
| 1 | 08/05/2003 | 08:00 | Motion/Hearing: miscellaneous | A | Event held as schedul x |
| 2 | 05/27/2004 | 08:00 | Motion/Hearing: miscellaneous | A | Event held as schedul x |
| 3 | 06/11/2004 | 08:00 | Status: by session | A | Event held as schedul x |
| 4 | 06/28/2004 | 08:00 | Status: Clerk Follow UP | A | Event held as schedul x |
| 5 | 07/23/2004 | 08:00 | Status: Review Annual Fee | A | Event held as schedul x |
| 6 | 08/30/2004 | 08:00 | Status: Review Annual Fee | A | Event held as schedul c |
| 7 | 09/20/2004 | 08:00 | Motion/Hearing: miscellaneous | A | Event held as schedul c |
| 8 | 12/03/2004 | 08:00 | Status: by session | A | Event held as schedul c |
| 9 | 12/03/2004 | 09:00 | Motion/Hearing: miscellaneous | 1 | Event held as schedul o |
| 10 | 12/03/2004 | 09:00 | Motion/Hearing: Judg on Pleading | 1 | Event held--Under Adv is ne |
| 11 | 07/11/2005 | 15:00 | Conf: special call | D | Event canceled not re-scheduled |

## Full Docket Entries

80 Docket Entries for Docket: NOCV2003-01010

| Entry Date: | Paper No: | Docket Entry: |
|---|---|---|
| 06/05/2003 | 1 | Petition for writ of habeas corpus- Case to enter. Court in its |
| 06/05/2003 | 1 | discretion waives oral argument. Hearing set for June 27,2003 in |
| 06/05/2003 | 1 | appropriate tracking session. Clerks Office to serve by certified |
| 06/05/2003 | 1 | mail. Return to filed 5 days after receipt of service but no later |
| 06/05/2003 | 1 | than 6/19/03(Cratsley, J)(dated;6/3/03) cs |
| 06/05/2003 |  | Origin 1, Type E97, Track X. |
| 06/05/2003 | 2 | Affidavit of indigency and Request for Waiver, |
| 06/05/2003 | 3 | Affidavit supporting petition for writ of habeas corpus |
| 06/05/2003 | 4 | Memorandum supporting Petition for Writ of Habeas Corpus |
| 07/01/2003 | 5 | Return by defts(rec'd6/27/03) |
| 07/01/2003 | 6 | Opposition to Petition for Writ of Habeas Corpus(rec'd6/27/03) |
| 07/01/2003 | 7 | Defendant Michael Toledo,Deputy Superintendent MCI Norfolk's MOTION |
| 07/01/2003 | 7 | to Dismiss (MRCP 12b) Complaint of Darrien Goetzendanner(rec'd6/27/03) |
| 07/01/2003 | 8 | Defendant Luis Spencer, Superintendent MCI Norfolk's MOTION to |
| 07/01/2003 | 8 | extend time for to file memorandum in support of motion to dismiss or |
| 07/01/2003 | 8 | in the alternative for summary judgment (rec'd6/27/03) |
| 07/01/2003 | 9 | Certificate of service(rec'd6/27/03) |
| 07/02/2003 |  | MOTION (P#[8.0)-respondents motion for enlargement of time to file |
| 07/02/2003 |  | memorandum in support of motion to dismiss/summary judgment Motion |
| 07/02/2003 |  | is allowed; time is extended up to and including 7/11/03 |
| 07/02/2003 |  | (Chernoff,J.) ns |
| 07/30/2003 | 10 | plff's motion to strike respondents overdue memorandum in support of |
| 07/30/2003 | 10 | motion to dismiss/summary judgment |
| 08/01/2003 | 11 | respondents' second motion to ext. time to file memorandum in |
| 08/01/2003 | 11 | support of motion to dismiss, or, in the alternative, for summary |
| 08/01/2003 | 11 | judgment |
| 08/01/2003 | 12 | affidavit of David Slade |
| 08/04/2003 | 13 | petitioner's opposition to respondents second motion to ext. time to |
| 08/04/2003 | 13 | file memorandum in support of motion to dismiss |
| 08/06/2003 |  | MOTION (P#11.0)-respondents' second motion to ext. time to file |
| 08/06/2003 |  | memorandum in support of motion to dismiss/summary judgment motion |
| 08/06/2003 |  | allowed(Chernoff,J.) (d.8/5/03) ns |
| 08/06/2003 | 14 | defts memorandum in support of motion to dismiss/summary |
| 08/06/2003 | 14 | judgment(rec'd. 8/1/03) |
| 06/01/2004 |  | MOTION (P#7.0) to dismiss, or, in the alternative, for summary |
| 06/01/2004 |  | judgment-motion is dismiss is allowed. Judgment entry, stayed 30 |
| 06/01/2004 |  | days. Notice to be sent to Atty. Krowski, if nothing is filed by him |
| 06/01/2004 |  | at that time, Case will go to judgment(Chernoff,J.) ns (d.5/28/04) |

| 06/07/2004 | | Notice of Annual Civil Litigation Fee mailed to plaintiff's attorney |
| 06/07/2004 | | Joseph F Krowski on June 07, 2004. |
| 06/11/2004 | 15 | motion to waive litigation fee filed by plff's counsel |
| 06/11/2004 | 16 | Court received correspondence from Atty.Joseph Krowski re: request |
| 06/11/2004 | 16 | for hrg. |
| 06/21/2004 | 17 | Plaintiff Darrien Goetzendanner's MOTION for Judgment on pleadings |
| 06/21/2004 | 17 | (Rule 12)(rec'd6/16/04) |
| 06/25/2004 | | re: p.#16.0-correspondence received from the plff-A hearing should be |
| 06/25/2004 | | scheduled to address: (1)whether the dismissal should be vacated; |
| 06/25/2004 | | (2) whether the petitioner is presently entitled to a hearing under |
| 06/25/2004 | | Judge Cratsley's order. Petitioner's counsel shall be prepared to |
| 06/25/2004 | | argue merits of action on the hearing date in case the Court is |
| 06/25/2004 | | willing to hear the matter. The Sessions Judge may have this matter |
| 06/25/2004 | | or send it to this Judge (Chernoff,J.)(d.6/24/04) ns |
| 09/20/2004 | 18 | correspondence received from plff's counsel asking for a hearing |
| 09/20/2004 | 18 | date of October 12,2004 on the motion for judgment on the |
| 09/20/2004 | 18 | pleadings(rec'd. 9/10/04) |
| 11/02/2004 | | notice of status hearing for Friday,December 3,2004 at 9:00A.M sent |
| 11/02/2004 | | to all parties |
| 11/02/2004 | 19 | habe issued to MCI Norforlk for Darrien Goetzendanner for |
| 11/02/2004 | 19 | Friday,December 3,2004 at 9:00A.M. |
| 12/03/2004 | | MOTION (P#16.0) Judge Chernoff has, after reviewing the papers, |
| 12/03/2004 | | dismissed this habeas petition on the merits. He should hear this |
| 12/03/2004 | | matter(Gershengorn,Justice) dated 12/3/04------ The Clerk reports |
| 12/03/2004 | | after speaking to Judge Chernoff-Judge Chernoff will review the |
| 12/03/2004 | | papers on December 20,2004 and determine whether he requires a |
| 12/03/2004 | | hearing or this ruling is to stand without further proceedings . |
| 12/03/2004 | | Notices mailed December 03, 2004 |
| 12/03/2004 | | copy of said endorsement sent to Judge Chernoff Superior Ct 40 |
| 12/03/2004 | | Thorndike St Cambridge, Ma 02141 |
| 04/04/2005 | 20 | Opposition to Petitioner's Request for a hearing(attorney sent copy |
| 04/04/2005 | 20 | to Judge Chernoff) |
| 04/06/2005 | 21 | Reply to Opposition to petitioner's request for hearing |
| 04/13/2005 | 22 | reply to respondents opposition to petitioners request for a hearing |
| 04/29/2005 | 23 | copy of supplement to petitioner's petition for relief pur. to |
| 04/29/2005 | 23 | MGL.c.211 sec3 and renewed motion for hearing-original document filed |
| 04/29/2005 | 23 | in Supreme Judicial Court |
| 04/29/2005 | 24 | Memorandum scheduling an on the record conference (Chernoff,J) |
| 04/29/2005 | 24 | (dated;4/12/05) |
| 05/18/2005 | 25 | Notice of docket entry received from SJC-denying relief under |
| 05/18/2005 | 25 | c211,s.3 withou prejudice pending the July 11.2005 status conference. |

| 05/24/2005 | 26 | Courtsey copy-Petition for relief pur to Mass Gen.L ch 211sec3 |

# Commonwealth of Massachusetts
## County of Norfolk
## The Superior Court

Civil Docket **NOCV2003-( 1 :10**

RE:   Goetzendanner v Spencer, Superintendent MCI Norfolk et al

TO:   Joseph F Krowski, Esquire
      Krowski Law Offices (Joseph F)
      30 Cottage Street
      Brockton, MA 02301

## CLERK'S NOTICE

This is to notify you that in the above referenced case the Court's action on **06/01/2 ) !4**:

*RE: Defendant Michael Toledo,Deputy Superintendent MCI Norfol,: ;*
*MOTION to Dismiss (MRCP 12b) Complaint of Darrien*
*Goetzendanner(rec'd6/27/03)*

**is as follows:**

**MOTION (P#7.0) to dismiss, or, in the alternative, for summary judgment-moti(r**
**is dismiss is allowed. Judgment entry, stayed 30 days. Notice to be sent to At y**
**Krowski, if nothing is filed by him at that time, Case will go to**
**judgment(Chernoff,J.) ns (d.5/28/04)**

Dated at Dedham, Massachusetts this 1st day of June,
2004.

Walter F. Tim il  ',
Clerk of the Co ⅃ Is

BY:

Assistant C  ϵ  ⟨

Telephone: (781) 326-1600

Copies mailed 06/01/2004

*Law Offices of*
## JOSEPH F. KROWSKI, ESQ.

JOSEPH F. KROWSKI, ESQ.
JASON C. HOWARD, ESQ.

30 COTT. 3E STREET
BROCKTO' . AASS. 02301
Tel. (5C8 587-3701
Fax (5C8 588-6035

Walter Timility, Clerk
Dedham Superior Court
650 High Street
Dedham, MA 02026

Re:    Darrien Goetzendanner v. Luis Spencer, et. al.
       Civil Docket No: CV2003-01010

Dear Mr. Timility:

On May 9, 2003 the Petitioner filed a Petition for Habeas Corpus, a supporting affidavit, a d a supporting memorandum of law with attached exhibits. The Petition was entered on June , 2003. According to Judge Cratsley's Order, a hearing was to be held on June 27, 2003. I at hearing did not occur because Judge Cratsley was scheduled to another matter.

On June 26, 2003, the respondent filed a motion to dismiss the petition which was suppot t l by a memorandum filed on July 29, 2003. I filed no opposition because the Respondent's m )i n to dismiss merely responded to the arguments advanced in my initial supporting memorandu r    I anticipated reassignment of a hearing date.

Much to my surprise, the Petition has been denied without a hearing, although a hearing v/: ordered by the court one year ago. Therefore, I request that the matter be marked for heari i ; as had been ordered by Judge Cratsley on June 5, 2003.

Very Truly Yours,
LAW OFFICES JOSEPH F. KROWSKI, ESQUIRE

JOSEPH F. KROWSKI, ESQUIRE

cc:   David Slade, Esquire

*Law Offices of*
### JOSEPH F. KROWSKI, ESQ.

JOSEPH F. KROWSKI, ESQ.
JASON C. HOWARD, ESQ.

30 COTT/ .C   STREET
BROCKTON, N  .SS. 02301
Tel. (508   .:7-3701
Fax (508    :.8-6035

June 3, 2004

Honorable Paul A. Chernoff
Dedham Superior Court
650 High Street
Dedham, MA 02026

RE: Darrien Goetzendanner v.  Luis Spencer, et al
      Civil Docket No. CV2003-01010

Dear Judge Chernoff:

Enclosed please find a copy of a response I filed in hand on today's date June 3, 2004, wi k the
Norfolk County Clerk's Office after receiving the Clerk's Notice on the above number da c
June 1, 2004.

I am sending you a copy to avoid you not becoming aware of this response in due course.

Thank you.

Very truly yours,

LAW OFFICES OF JOSEPH F. KROWSKI

JOSEPH F. KROWSKI, ESQUIRE

Encl.

cc: David Slade, Esquire

# Commonwealth of Massachusetts
## County of Norfolk
## The Superior Court

Civil Docket **NOCV2003-C1 :10**

RE:   Goetzendanner v Spencer, Superintendent MCI Norfolk et al

TO:   Joseph F Krowski, Esquire
Krowski Law Offices (Joseph F)
30 Cottage Street
Brockton, MA 02301

### CLERK'S NOTICE

This is to notify you that in the above referenced case the Court's action on **06/25/2 ) !4**:

*RE: Court received correspondence from Atty. Joseph Krowski re request for hrg.*

**is as follows:**

**re: p.#16.0-correspondence received from the plff-A hearing should be schedul :d to address: (1)whether the dismissal should be vacated; (2) whether the petitioner is presently entitled to a hearing under Judge Cratsley's order. Petitioner's counsel shall be prepared to argue merits of action on the hearing date in case the Court is willing to hear the matter. The Sessions Judge may ha :e this matter or send it to this Judge (Chernoff,J.)(d.6/24/04) ns**

Dated at Dedham, Massachusetts this 25th day of June, 2004.

Walter F. Tim il :/,
Clerk of the Cc u : s

BY:

Assistant C le :k

Telephone: (781) 326-1600

Copies mailed 06/25/2004

cvdresult_2.wpd 501791 mottext fosterv1

*Law Offices of*
## JOSEPH F. KROWSKI, ESQ.

JOSEPH F. KROWSKI, ESQ.
JASON C. HOWARD, ESQ.

30 COTTA 3  STREET
BROCKTON, V  SS. 02301
Tel. (508  5  7-3701
Fax (508  5  8-6035

August 31, 2004

Walter Timilty, Clerk
Dedham Superior Court
650 High Street
Dedham, MA  02026

Re:   Darrien Goetzendanner v. Luis Spencer, et al.
      Petition for Writ of Habeas Corpus
      Civil Docket No: CV2003-01010

Dear Mr. Timilty:

Pursuant to Judge Chernoff's order of June 25, 2004, kindly mark the petitioner's Rule 1? (
Motion for Judgment on the Pleadings for hearing on October 12, 2004, at 9:00 a.m. and ·n  ure
that Mr. Goetzendanner, a.k.a. Jah-Rab S.B. Allah, is habed and present on that date.

Because the present case addresses the petitioner's liberty interest as solemnized in the
Massachusetts Declaration of Rights and requests immediate release from incarceration in
accordance with In re Averett, 404 Mass. 28 (1989), a firm hearing date is necessary.

Thank you.

Very Truly Yours,
LAW OFFICES OF JOSEPH F. KROWSKI

_____

JOSEPH F. KROWSKI, ESQUIRE

   cc.   David Slade , Asst. Atty General
         Darrien Goetzendanner, a.k.a. Jah-Rab S.B. Allah

*Law Offices of*
## JOSEPH F. KROWSKI, ESQ.

JOSEPH F. KROWSKI, ESQ.
JASON C. HOWARD, ESQ.

30 COTTAGE : T  EET
BROCKTON, MA: S  02301
Tel. (508) 58: -:  01
Fax (508) 58 -  35

October 21, 2004

Mary K. Hickey
First Assistant Clerk
Dedham Superior Court
650 High Street
Dedham, MA 02026

Re:    Goetzendanner v. Luis Spencer, et al.
       Docket No: CV2003-01010

Dear Ms. Hickey:

I respectfully request that a status hearing be scheduled on October 29, 2004, regarding the above referenced matter and that a habe issue to ensure Mr. Goetzendanner's presence in cou r

Mr. Goetzendanner has a constitutional liberty interest that must be acknowledged promptly Specifically, Part II, ch. 6, article 7 of the Constitution of the Commonwealth guarantees the enjoyment of the writ of habeas corpus in the most free, cheap, expeditious, and ample mann e In re Averett, 404 Mass. 28, 30 (1989).

If the court cannot provide a prompt October 29th status hearing, I will need to explore alternative means of having this matter heard, as specified in Zatsky v. Zatsky, 36 Mass. Ap ). Ct. 7 (1994), which I know can be avoided.

Very Truly Yours,
LAW OFFICES OF JOSEPH F. KROWSKI

JOSEPH F. KROWSKI, ESQUIRE

cc     Darrien Goetzendanner
       David Slade, Esquire

m:cri\goetz.lttr.21oct04

**Commonwealth of Massachusetts**
## County of Norfolk
## The Superior Court

Civil Docket **NOCV2003-0  (  l0**

RE:    Goetzendanner v Spencer, Superintendent MCI Norfolk et al

TO:    Joseph F Krowski, Esquire
       Krowski Law Offices (Joseph F)
       30 Cottage Street
       Brockton, MA 02301

## CLERK'S NOTICE

This is to notify you that in the above referenced case the Court's action on **11/02/2 )( !**:

*RE:*

**is as follows:**

**notice of status hearing for Friday,December 3,2004 at 9:00A.M sent to all par(it :**

Dated at Dedham, Massachusetts this 2nd day of November,
2004.

Walter F. Tir ni  y,
Clerk of the C( t  ts

BY:

Assistant ( :l  rk

Telephone: (781) 326-1600

Copies mailed 11/02/2004

# Commonwealth of Massachusetts
## County of Norfolk
## The Superior Court

Civil Docket **NOCV2003-010 0**

RE:   Goetzendanner v Spencer, Superintendent MCI Norfolk et al

TO:   Joseph F Krowski, Esquire
      Krowski Law Offices (Joseph F)
      30 Cottage Street
      Brockton, MA 02301

## CLERK'S NOTICE

This is to notify you that in the above referenced case the Court's action on **12/03/2( (**:

*RE: Court received correspondence from Atty.Joseph Krowski re.*
*request for hrg.*

**is as follows:**

**MOTION (P#16.0) Judge Chernoff has, after reviewing the papers, dismissed t**ı**i**
**habeas petition on the merits. He should hear this matter(Gershengorn,Justic** **)**
**dated 12/3/04------ The Clerk reports after speaking to Judge Chernoff-Judge**
**Chernoff will review the papers on December 20,2004 and determine whether** **ı**
**requires a hearing or this ruling is to stand without further proceedings . Noti**ı **ε**
**mailed December 03, 2004**

Dated at Dedham, Massachusetts this 3rd day of December,
2004.

                                        Walter F. Tir ıi y,
                                        Clerk of the Cı ı ts

                            BY:

                                        Assistant (:ı ı k

Telephone: (781) 326-1600

Copies mailed 12/03/2004

cvdresult_2.wpd 537915 mottext kenneyma

*Law Offices of*
## JOSEPH F. KROWSKI, ESQ.

JOSEPH F. KROWSKI, ESQ.
JASON C. HOWARD, ESQ.

30 COTTA: STREET
BROCKTON, V SS. 02301
Tel. (508) 7-3701
Fax (508) 3-6035

December 6, 2004

The Honorable Paul A. Chernoff
c/o Walter F. Timilty, Clerk
Dedham Superior Court
650 High Street
Dedham, MA 02026

Re:    Goetzendanner v. Spencer, et al.
       Civil Docket NOCV2003-01010

Dear Judge Chernoff:

In regards to the issue of whether or not Mr. Goetzendanner is entitled to an oral argument the merits of his habeas corpus petition, I respectfully direct your attention to Judge Cratsley's ne 3, 2003, order setting the matter for hearing on June 27, 2003. On the scheduled hearing da , Judge Cratsley was on trial in another matter and arguments were not held.

Judge Cratsley's order establishes the "law of the case" regarding Mr. Goetzendanner's entitlement to an oral argument on the merits. See Arizona v. California, 460 U.S. 605, 618 (1983)("when a court decides upon a rule of law, that decision should continue to govern t same issue in subsequent stages in the same case").

In addition, Mr. Goetzendanner's petition raises a meritorious claim for immediate release l sed on reasons distinct and apart from his underlying trial. A full oral argument will assist the c art in flushing out the finer points of law contained in the parties' memoranda and provide a f l record upon which to base a fair decision.

Therefore, an oral argument is in order.

Very Truly Yours,
LAW OFFICES OF JOSEPH F. KROWSKI

JOSEPH F. KROWSKI, ESQUIRE

Encl
cc.    Darrien Goetzendanner, a.k.a Jah-Rab S.B. Allah
       David Slade, Esquire

*Law Offices of*
## JOSEPH F. KROWSKI, ESQ.

JOSEPH F. KROWSKI, ESQ.
JASON C. HOWARD, ESQ.

30 COTTAGE STREET
BROCKTON, MASS. 02301
Tel. (508) 5  '-3701
Fax (508) 5  3-6035

December 13, 2004

Walter F. Timilty, Clerk
Dedham Superior Court
650 High Street
Dedham, MA 02026

Re:     Goetzendanner v. Spencer, et al.
        Civil Docket NOCV2003-01010

Dear Mr. Timility:

In accordance with Part 2, Chapter 6, Article 7 of the Massachusetts Constitution and In re
Averette, 404 Mass. 28, 31 (1989) a "habeas corpus petitions must be **heard** freely, easily,
cheaply, expeditiously, and amply." Its protections are constitutionally based and are separate
and distinct from a Rule 30 motion and must not be treated as same.

Therefore, please ensure that Mr. Goetzendanner is habed into court and is present on December
20, 2004, when Judge Chernoff is scheduled to review his petition for habeas corpus.

Very Truly Yours,
LAW OFFICES OF JOSEPH F. KROWSKI

JOSEPH F. KROWSKI, ESQUIRE

cc.     David Slade
        Darrien Goetzendanner

COMMONWEALTH OF MASSACHUSETTS
SUPREME JUDICIAL COURT FOR SUFFOLK COUNTY

SUFFOLK, ss                                    DOCKET NO:

_____
                                                )
DARRIEN GOETZENDANNER, a.k.a.                   )
JAH RAB S.B. ALLAH,                             )
        Petitioner                              )
                                                )
v.                                              )
                                                )
LUIS SPENCER, Superintendent, MCI-Norfolk;      )
MICHAEL TOLEDO, Deputy Superintendent,          )
MCI-Norfolk; & NORFOLK COUNTY                   )
SUPERIOR COURT                                  )
        Respondents                             )
_____         )

## PETITION FOR RELIEF PURSUANT TO MASS.GEN.L.CH. 211,§3

### PARTIES

1.      Petitioner, Darrien Goetzendanner a.k.a. Jah Rab. S.B. Allah is an
        imprisoned indigent individual[1] residing in Norfolk County at 2 Clark
        Street, Norfolk, Massachusetts, in the custody Luis Spencer,
        Superintendent MCI-Norfolk.

2.      Respondents Luis Spencer, Superintendent, MCI-Norfolk; and Michael
        Toledo, Deputy Superintendent, MCI-Norfolk are the officers by whom
        the Petitioner is so imprisoned.

3.      Respondent Norfolk County Superior Court is a division of the Superior
        Court Department of the Massachusetts Trial Court located at 650 High
        Street, Dedham, Massachusetts.

### JURISDICTION

4.      Petitioner seeks relief in the nature of mandamus, pursuant to the court's
        general powers of superintendence Mass. Gen. L. ch. 211,§3, ordering the
        Respondents to act on the Petitioner's Writ of Habeas Corpus.

_____
[1] Affidavit of Indigency attached as Exhibit 1

1

## PRESENT CONTROVERSY

5.  On March 26, 1992, Mr. Goetzendanner was arraigned in Berkshire County Superior Court and ordered to be held on five thousand dollar ($5,000.00) bail cash or surety on indictment numbers 92-8378-84 and 92-0668.[2]

6.  Mr. Goetzendanner never posted bail; he remained incarcerated awaiting trial on the indictments.

7.  The indictments for which Mr. Goetzendanner was arraigned arose from incidents occurring while he was at liberty on parole.

8.  Based on the new offenses, a parole violation warrant issued.[3]

9.  The Petitioner was not and could not be served with a parole violation warrant while being held in lieu of bail.

10. On February 5, 1993, Petitioner after trial by jury, was sentenced to twenty to thirty (20-30) years "from and after the expiration of all previous sentences which [he had] been ordered to serve.[4]"

11. Under Massachusetts law, a sentence for a new crime committed while a person is on parole cannot be imposed and implemented from and after the original parole sentence unless a parole violation warrant had been served upon the person prior to sentencing.  Mass. Regs. Code tit. 120 §30316(2)(b)(2).

12. Therefore, by force of law, Petitioner's incarceration was to be structured so that he commenced serving the 20-30 year sentence prior to the remaining balance on his parole sentence.

13. Nevertheless, Petitioner's sentence was unlawfully structured so that he resumed serving the balance of his parole sentence prior to serving his intervening sentence.

14. On February 1, 1997, Petitioner was discharged from the parole sentence.[5]

15. Petitioner is presently serving an unlawful from and after sentence and has been so serving the unlawful sentence since February 1, 1997.

---

[2] Docket Sheets contained as Attachment A to Exhibit 2 Petition for Writ of Habeas Corpus
[3] Warrant is Attachment B to Exhibit 2
[4] Attachment D, p.95ln 4-6 to Exhibit 2
[5] Attachment F to Exhibit 2

## PRIOR PROCEEDINGS

16.     On May 9, 2003, the Petitioner filed a Writ of Habeas Corpus with supporting Affidavit and Memorandum challenging the legality of his present incarceration.[6]

17.     On June 3, 2003, the case was entered and docketed.[7]

18.     The Honorable John C. Cratsley, Associate Justice Norfolk Superior Court, ordered a hearing for June 27, 2003, and a return to be filed no late · than June 19, 2003.[8]

19.     On June 27, 2003, eight (8) days past the court ordered June 19th date, a return[9] was filed with a motion to dismiss or for summary judgment[10], and a motion for enlargement of time to July 11, 2003, to file a supporting memorandum[11].

20.     No June 27th hearing was held as ordered by the court.

21.     Respondent Norfolk County Superior Court had no available judges to hear the matter.[12]

22.     On July 23, 2003, Petitioner filed a motion to strike an overdue memorandum of law which the superintendent of MCI-Norfolk had not filed by the court allowed filing date of July 11, 2003.[13]

23.     On July 29, 2003, the superintendent of MCI-Norfolk filed a second motion to enlarge the time for filing a supporting memorandum.[14]

24.     On July 29, 2003, the superintendent of MCI-Norfolk filed a memorandum in support of the motion to dismiss or in the alternative for summary judgment.[15]

25.     On July 31, 2003, petitioner filed an opposition to the second motion to enlarge and moved that the second motion for enlargement of time be

---

[6] Exhibit 2

[7] Docket Sheets attached as Exhibit 3

[8] Attached as Exhibit 4

[9] Attached as Exhibit 5

[10] Attached as Exhibit 6

[11] Attached as Exhibit 7

[12] Affidavit of Counsel attached as Exhibit 8, ¶3

[13] Attached as Exhibit 9

[14] Attached as Exhibit 10

[15] Attached as Exhibit 11

denied, the opportunity to file a memorandum be waived, the respondents' memorandum be stricken, and the petitioner be immediately released.[16]

26. On August 6, 2003, Respondent Norfolk County Superior Court allowed the second motion for enlargement of time to file a memorandum.[17]

27. On May 28, 2004, The Honorable Paul A. Chernoff, Associate Justice Norfolk County Superior Court, allowed the superintendent's motion to dismiss Mr. Goetzendanner's petition for writ of habeas corpus without oral arguments contrary to the June 3, 2003, ruling of the Honorable John C. Cratsley ordering a hearing.[18]

28. The entry of judgment was stayed thirty (30) days.

29. On June 3, 2004, Petitioner hand delivered a correspondence to the Respondent Norfolk County Superior Court explaining the posture of the case and requesting a hearing as had been ordered on June 5, 2003.[19]

30. A courtesy copy of the June 3, 2004, correspondence was sent to the Honorable Paul Chernoff who had allowed the motion dismissing the Petitioner's petition without a hearing.[20]

31. On June 14, 2004, Petitioner filed a Mass. R. Civ. P. 12 (c) motion for judgment on the pleadings.[21]

32. The motion was accompanied by a request for a prompt hearing date of June 30, 2004.

33. Although the court received the motion, The Norfolk County Superior Court did not mark the motion for hearing.

34. On June 24, 2004, the Norfolk County Superior Court, The Honorable Paul A. Chernoff ordered that a hearing would be scheduled to address whether or not the May 28, 2004, dismissal order should be vacated and whether or not Petitioner was entitled to a hearing on the merits in accordance with The Honorable John C. Cratsley's order of June 3, 2003.[22]

35. Because no hearing was scheduled by the court, On August 31, 2004, petitioner wrote to the Respondent Norfolk County Superior Court and

---

[16] Attached as Exhibit 12
[17] Attached as Exhibit 13
[18] Attached as Exhibit 14
[19] Attached as Exhibit 15
[20] Attached as Exhibit 16
[21] Attached as Exhibit 17
[22] Attached as Exhibit 18

4

> requested an October 12, 2004, hearing date and requested that Petitioner be present for the hearing.[23]

36. On October 7, 2004, Petitioner had a telephone conversation with the clerk's office of Norfolk County Superior Court. Petitioner was advised that the Petitioner's case would not be marked for hearing on October 12th as requested.[24]

37. On October 7, 2004, the respondent Norfolk County Superior Court advised that the Petitioner would not be habed into court and that petition for habeas corpus were handled via teleconferencing and the court did not have the necessary equipment in place to facilitate the conference.[25]

38. On October 12, 2004, Petitioner went to the clerk's office in person to address the court's failure to schedule a hearing with the petitioner physically present in court. [26]

39. Despite the in person conference, no hearing date was scheduled.

40. On October 21, 2004, the Petitioner wrote to the respondent Norfolk County Superior Court and advised that if a prompt hearing date would not be scheduled for October 29th, Petitioner would explore alternative means of having the matter heard.[27]

41. On October 26, 2004, Petitioner had a telephone conference with the Norfolk County Superior Court clerk's office. The court advised that the October 29th date was not available but one would be assigned promptly [2]

42. The court marked December 3, 2004, as hearing date and the Petitioner would be physically present for the hearing.[29]

43. On December 3, 2004, a hearing was held in Norfolk Superior Court on the matter before the Honorable Wendie I. Gershengorn.

44. After hearing the Judge ruled that Judge Chernoff was the appropriate Judge to hear the matter. She took no action and referred the matter back to him.[30]

---

[23] Attached as Exhibit 19
[24] Exhibit 8, ¶20
[25] Exhibit 8, ¶21
[26] Exhibit 8, ¶23
[27] Attached as Exhibit 20
[28] Exhibit 8, ¶26
[29] Exhibit 21
[30] Exhibit 22

5

45. On December 3, 2004, the clerk's office advised that Judge Chernoff would be sitting in Norfolk Superior Court on December 20, 2004, and would review the papers and determine whether or not he would hold a hearing.

46. On December 6, 2004, the Petitioner wrote to the Honorable Paul A. Chernoff stressing the importance of his petition and requesting a hearing.[31]

47. On December 13, 2004, the Petitioner requested that he be present in cou t on December 20, 2004, when Judge Chernoff was to review his case.[32]

48. Judge Chernoff did not sit in Norfolk County Superior Court on December 20, 2004

49. The Petitioner was not present in Norfolk County Superior Court on December 20, 2004.

50. To date, Judge Chernoff has yet to hold a hearing as ordered by Judge Cratsley on the merits of Mr. Goetzendanner's petition for a writ of habea s corpus.

## PRAYER FOR RELIEF (MANDAMUS)

51. Based on the forgoing, the Petitioner has consistently been denied the opportunity to participate in a meaningful hearing on the merits of his petition for a writ of habeas corpus despite The Honorable John C. Cratsley's June 3, 2003, order.

52. Based on the forgoing, the Norfolk County Superior Court has consistently refused to schedule the Petitioner's matter for any meaningful hearing.

53. The Petitioner filed his Petition for a Writ of Habeas Corpus with the Respondent approximately twenty-two (22) months ago and still has had no meaningful hearing on the merits of his Petition despite a court order requiring a hearing.

54. The twenty-two (22) month delay is a far departure from the proper administration of justice.

55. The twenty-two (22) month delay has caused the Petitioner to suffer irreparable, irremediable, and irreversible harm in that he continues to be

---

[31] Exhibit 23

[32] Exhibit 24

6

deprived of his liberty by means of unlawful incarceration in violation of state and federal law.

56.   The Petitioner's claim addresses substantial, substantive rights including the right to be free from cruel and unusual punishment, the right to be free from a deprivation of liberty without due process of law; and the right to be free from double jeopardy as guaranteed by the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution and Articles Twelve, Twenty-Four, and Twenty-Six of the Massachusetts Declaration of Rights.

57.   If a hearing is not held, the petitioner will continue to be unlawfully deprived of his liberty without state recourse, compelling the Petitioner to seek federal redress consistent with Bartone v. United States, 375 U.S. 52, 54 (1963); Wells v. Marshall, 885 F. Supp. 314, 317 (D. Mass. 1995).

**WHEREFORE,** the Petitioner prays that this Court ,in accordance with its general powers of superintendence pursuant to Mass. Gen. L. ch. 211, §3, issue the following orders:

a.)   An order in the nature of mandamus compelling the Respondent Norfolk County Superior Court to set a firm date for a meaningful hearing on the merit's of Petitioner's petition for a writ of habeas corpus before the Honorable Paul A. Chernoff;

b.)   An order in the nature of mandamus compelling the Respondent Norfolk County Superior Court to take all necessary steps to ensure that the Petitioner will be physically present for the said hearing date.

c.)   Any additional orders in law and/or equity which this court deems appropriate and just.

Petitioner
By his Attorney

JOSEPH F. KROWSKI, ESQUIRE
LAW OFFICES OF JOSEPH F. KROWSKI
30 Cottage Street
Brockton, MA 02301
Date: March 2, 2005                    BBO: 280540
m:civcom\civcom\goetz.211.3            (508) 587-3701

7

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS                           SUPERIOR COURT
                                      CIVIL NO. 2003-01(: ()

DARRIEN GOETZENDANNER        :
                             :
VS.                          :
                             :
LUIS SPENCER, ET AL          :

### MEMORANDUM

The Norfolk Superior Court has forwarded an Order from a sessions judge, Gershengorn J., from December 2004 referring the above-identified matter to me.  ı recent weeks, at least one of the parties has supplemented the record with a memorandum.

Although I will not grant a formal hearing at this time on either a request to vacate the finding of dismissal or a request to consider again the merits of the dispositive motion, I am willing to meet with counsel upon my return to the Norf,ıl Superior Court in July.

Accordingly, this judge will conduct an on-the-record conference with counsel ɛt the Norfolk Superior Court at 3 p.m. on July 11, 2005. If this date interferes witl  ı attorney's vacation or other court commitment, then counsel should confer with oı another and then contact Assistant Clerk Michael Hulak at the Norfolk Superior Court at (781) 326-1600.

                            Judge Paul A. Chernoff
                            Lowell Superior Court

Dated: April 12, 2005

COMMONWEALTH OF MASSACHUSETTS
SUPREME JUDICIAL COURT FOR SUFFOLK COUNTY

SUFFOLK, ss                          DOCKET NO: SJ-2005-0117

                                          )
DARRIEN GOETZENDANNER, a.k.a.             )
JAH RAB S.B. ALLAH,                       )
     Petitioner                           )
                                          )
v.                                        )
                                          )
LUIS SPENCER, Superintendent, MCI-        )
Norfolk; MICHAEL TOLEDO, Deputy           )
Superintendent, MCI-Norfolk; & NORFOLK    )
COUNTY SUPERIOR COURT                      )
     Respondents                          )
                                          )

**STATUS REPORT TO THE SINGLE JUSTICE**

Now comes the Petitioner how hereby states the

following regarding the May 16, 2005, Judgment of the

Single Justice denying the Petitioner's Petition

pursuant to G.L. c. 211,§3 without prejudice pending a

July 11, 2005, status conference before the Honorable

Judge Chernoff at the Norfolk County Superior Court

   1.   On April 12, 2005, the Honorable Paul A.
        Chernoff issued a Memorandum indicating that an
        on the record status conference would be held
        on July 11, 2005, regarding the Petitioner's
        Petition for Habeas Corpus which has been
        pending for twenty-six (26) months.

   2.   The status conference was not held this day,
        July 11, 2005.

   3.   The clerk referenced is not in this week.

1

4.   Judge Chernoff is not available until August.

5.   The above further demonstrates the pattern of inordinate delay and avoidance of the petitioner's meritorious Habeas Corpus Petition.

6.   The Superior Court continues to remain unwilling to grant the Petitioner a meaningful opportunity to be heard on his Habeas Corpus Petition in complete violation of the law of this commonwealth which states that "habeas corpus petitions must be **heard** freely, easily, cheaply, expeditiously, and amply…" In Re Averett, 404 Mass. 28, 31 (1989)(emphasis added).

7.   Each passing day represents an irreparable unlawful deprivation of the Petitioner's liberty in violation of statutory, regulatory, decisional and constitutional law.

Wherefore, the Petitioner moves the Single Justice to Reconsider the May 16, 2005, order denying his G.L. c.211, §3 petition without prejudice and issue an order in the nature of mandamus directing the Norfolk County Superior Court to conduct forthwith a meaningful hearing on the Petitioner's Habeas Corpus Petition.

Petitioner
By his Attorney

JOSEPH F. KROWSKI, ESQUIRE
LAW OFFICES OF JOSEPH F. KROWSKI
30 Cottage Street
Brockton, MA 02301
BBO:280540
(508) 587-3701

Date: July 11, 2005
m:cri\goetz.status.singjustice

## CERTIFICATE OF SERVICE

I, Joseph F. Krowski, Esquire, hereby certify
that I have this 11th day of July, 2005, served a copy
of the above Status Report to the Single Justice on
David Slade, Esquire, Department of Corrections Legal
Division, 70 Franklin Street, Suite 600, Boston, MA
02110; and Cathryn A. Neaves, Assistant Attorney
General, Office of the Attorney General, One Ashburton
Place, Boston, MA 02108 by first class mail postage
prepaid.

JOSEPH F. KROWSKI, ESQUIRE