UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| | ) | |
| DARRIEN GOETZENDANNER | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-11553-JLT |
| | ) | |
| LUIS SPENCER, Superintendent, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**RESPONDENT'S REPLY TO OPPOSITION TO
MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS**

**INTRODUCTION**

The respondent, Luis Spencer, hereby appears and replies to the opposition of the

petitioner to respondent's motion to dismiss.  As a reply, the respondent states that the petition

must be dismissed as untimely since the petitioner has not shown either that his petition was filed

within the statutory time limits or that he is entitled to equitable tolling.  Moreover, the claim

must be dismissed because the petitioner has not exhausted the claim and he cannot receive

federal habeas relief which the merits of the underlying state claim are currently under

advisement by a Justice of the Massachusetts Superior Court.

**ARGUMENT**

I.     **The Petitioner Has Not Shown Either That His Federal Habeas Claim Was Brought
       Within the Statutory Time Limit or That His Claim Should Be Subject to Equitable
       Tolling.**

       A.     The Petitioner's Claim Was Not Timely Filed under AEDPA's Statute of
              Limitations.

       The petitioner argues that his claim was brought within the one-year period prescribed by

AEDPA, asserting that the "factual predicate of the claim" was "the August 26, 2002, discovery of the discharge certificate from the parole sentence" and that he brought a state petition for habeas relief within one-year of the August 26, 2002, date.[1]  *See* Petitioner's Memorandum, p. 8. However, the petitioner does not provide any reason why he could not have learned the facts contained in the discharge certificate prior to August 26, 2002, particularly since his sentencing took place more than nine years earlier, in February 1993.  The petitioner offers no facts to explain why he could not have learned the factual basis of his claims within the statutory period (*i.e.*, by October 6, 1998, more than five and one-half years after the sentencing) except to say that he received the certificate on August 26, 2002, "[a]fter diligent pursuit." *See* Petitioner's Memorandum, p. 3.  Indeed, the petitioner states that his attorney at the time of sentencing was "not entirely on top of [the petitioner's] parole status," and that his attorney "took no steps to correct the implicit incorrect assumptions the judge made in issuing the sentence." *See id.*  The petitioner thus appears to acknowledge that if either he or his attorney had been diligent in their review of the "running records" to which the petitioner refers, they would have discovered the factual predicate of this claim long before the statute of limitations expired in October of 1998.

The petitioner argues that his federal habeas petition should be considered timely since he filed a state habeas petition was filed within one year of his August 2002 receipt of the discharge certificate.  It is true that AEDPA's statute of limitations can be tolled for the time "during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).  However,

---

[1] This reply does not address whether the state habeas petition would qualify as a motion for "post-conviction relief" under AEDPA since even with the May 9, 2003, filing of the state habeas petition the federal habeas petition is untimely.

this tolling only applies to motions for post-conviction review which were filed during the one-year grace period. *Dunker*, 154 F.Supp.2d at 102-03.  This provision does not serve to resurrect an otherwise time-barred claim. *See id.; see also Tinker v. Moore,* 255 F.3d 1331, 1333 (11th Cir. 2001)(state court motion for post-conviction relief filed "following the expiration of the federal limitations period 'cannot toll that period because there is no period remaining to be tolled'").  Since the petitioner cannot show that he filed any motion for post-conviction relief before the statute of limitations for his federal habeas claim expired, his claim is time-barred and must be dismissed.

B.      The Petitioner's Claim Is Not Subject to Equitable Tolling.

The petitioner has not shown that the time period for bringing his claim should be subject to equitable tolling.  Although the First Circuit has recognized that in very limited situations the one-year statute of limitations for filing a habeas petition may be equitably tolled, it has cautioned that the doctrine should be invoked only "sparingly" and is "justified only in extraordinary circumstances."  *Neverson v. Farquharson*, 366 F.3d 32, 42 (1st Cir. 2004) (citations omitted).  *See also David v. Hall,* 318 F.3d 343, 346 (1st Cir.), *cert. denied*, 540 U.S. 815 (2003)("If equitable tolling is available to extend section 2244(d)'s limitations period, it can only do so for the most exceptional reasons"); *Donovan v. Maine*, 276 F.3d 87, 93 (1st Cir. 2002)("We have made it pellucid" that if equitable tolling is permissible under 28 U.S.C. § 2244(d)(1), it may be invoked only in the most "extraordinary circumstances"); *Delaney v. Matesanz*, 264 F.3d 7, 14-15 (1st Cir. 2001).   Equitable tolling is "not available to rescue a litigant from his own lack of due diligence," and is appropriate "only when circumstances

beyond the petitioner's control have prevented him from filing on time."[2]  *Neverson*, 366 F.3d at

42.

The party seeking to invoke the equitable tolling doctrine "bears the burden of

establishing the basis for it."  *Neverson*, 366 F.3d at 41.  *See also Pace*, __ U.S. __, 125 S.Ct.

1807, 1814 (2005). "Ignorance of the law alone, even for incarcerated *pro se* prisoners, does not

excuse an untimely filing."  *Lattimore v. Dubois*, 311 F.3d 46, 55 (1st Cir. 2002), *cert. denied,*

538 U.S. 966 (2003), citing *Delaney*, 264 F.3d at 15 (other citations omitted).

Here, the petitioner cannot show that there were extraordinary circumstances beyond his

control which prevented him from timely filing his habeas petition.  The petitioner asserts that

equitable tolling should apply to his claim because at the time of his sentencing he did not know

that "the Department of Corrections would impose his sentence in a manner inconsistent with  . .

. law."  *See* Petitioner's Memorandum, p. 10.  The petitioner further asserts that his attorney at

sentencing "was not entirely on top of [the petitioner's] parole status" and that his attorney did

not "correct "the implicit incorrect assumptions the judge made in issuing the sentence."  *Id.*, p.

3.  However, an attorney's error in not timely bringing forth claims which would support a

habeas petition does not constitute grounds for equitable tolling. *See David*, 318 F.3d at 345-46;

*see also Kreutzer v. Boweresox*, 231 F.3d 460, 463 (8th Cir. 2000); *Harris v. Hutchinson*, 209

F.3d 325, 330 (4th Cir. 2000).   Likewise, the petitioner's own ignorance of the law is not

---

[2] Similarly, other circuits have curtailed the availability of equitable tolling in the context
of habeas petitions.  *See e.g., United States v. Marcello,* 212 F.3d 1005, 1010 (7th Cir.
2000)("the threshold necessary to trigger equitable tolling is very high, lest the exceptions
swallow the rule."); *Sandvik v. United States*, 177 F.3d 1269 (11th Cir. 1999) ("[E]quitable
tolling is appropriate when a movant untimely files because of extraordinary circumstances that
are both beyond his control and unavoidable even with diligence."); *Davis v. Johnson*, 158 F.3d.
806, 811 (5th Cir. 1998) (§2244(d)(1) can be tolled in "rare and exceptional circumstances").

grounds for equitable tolling.  *See David*, 318 F.3d at 346; *Lattimore*, 311 F.3d at 55; *Delaney*,

264 F.3d at 15.

The petitioner has not shown any of the sort of exceptional circumstances beyond his

control which have been noted in those cases in which the equitable tolling doctrine has been

invoked.  For example, in *Baldayaque v. United States*, 338 F.3d 145 (2d Cir. 2003), the Second

Circuit held that "sufficiently egregious" behavior by counsel could constitute an extraordinary

circumstance as required for equitable tolling where the attorney failed to file a motion to vacate

despite being specifically asked to do so, to meet or speak to his client, or to do any legal

research.  *See Baldayaque,* 338 F.3d at 152;  *see also Spitsyn v. Moore*, 345 F.3d 796, 801 (9th

Cir. 2003) (attorney's failure to prepare a habeas corpus petition despite repeated requests to do

so, while still maintaining control of petitioner's file, justifies equitable tolling).  Equitable

tolling was also warranted when the district court clerk's office erroneously rejected a *pro se*

petition for stylistic problems and then lost the body of the petition, consuming 258 days of the

365-day limitation on filing.  *See Corjasso v. Ayers*, 278 F.3d 874, 878 (9th Cir. 2002).  *See also*

*Phillips v. Donnelley*, 216 F.3d 508, 511 (5th Cir. 2000) (delay of four months between denial of

appeal of state court and receipt of notification could qualify for equitable tolling).  Similarly, it

has been held that intentional confiscation of prisoner's legal documents by a corrections officer

shortly before filing deadline may justify equitable tolling, *Valverde v. Stinson*, 224 F.3d 129,

133 (2d Cir. 2000), and that an attorney's deception which caused the habeas petitioner to miss

the filing deadline could warrant equitable tolling.  *Seitzinger v. Reading Hosp. and Med. Ctr.,*

65 F.3d 236 (3d Cir. 1997).  The petitioner has not shown any such extraordinary circumstances

beyond his control which would justify equitable tolling.

Furthermore, even when "extraordinary circumstances" exist, a petitioner is not entitled to equitable tolling unless he can show he pursued his judicial remedies with diligence. *See, e.g., Pace,* __ U.S. __, 125 S.Ct. 1807, 1814; *Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 95 (1990); *Donovan*, 276 F.3d at 93-94 (habeas petitioner who did not diligently pursue his rights was not entitled to equitable tolling); *Brackett v. United States,* 270 F.3d 60, 71 (1st Cir. 2001), *cert. denied*, 535 U.S. 1003 (2002); *Trenkler v. United States*, 268 F.3d 16, 25 (1st Cir. 2001); *Delaney,* 264 F.3d at 14 (recognizing diligence requirement). *See also Smaldone v. Senkowski*, 273 F.3d 133, 138 (2nd Cir. 2001)("[T]he petitioner must demonstrate that he acted with 'reasonable diligence' during the period he wishes to have tolled"). Here, the petitioner has not made a showing of diligence in this matter. The petitioner does not offer any reason why he could not have discovered the factual predicate of his claim in the more than five years between his sentencing (in February 1993) and the expiration of the limitations period (in October 1998). Likewise, even accepting the petitioner's premise that he did not have any reason to suspect that his sentence was being administered "improperly" until October 2001, he does not set forth what "diligent" efforts he made to obtain his state prison records. Furthermore, the petitioner does not offer any justification for the nine month delay between the time he received the discharge certificate and the time he brought his state habeas petition. The numerous, unexplained delays between the petitioner's sentencing and the filing of any attack on the sentence or conviction in the state court show a lack of diligence on the petitioner's part, and militates against a finding of equitable tolling. *See Neverson*, 366 F.3d at 43-44; *Delaney*, 264 F.3d at 14 (equitable tolling not justified where, *inter alia*, petitioner waited until ten months after AEDPA was enacted to file a habeas petition). *See also David*, 366 F.3d at 346 ("One of AEDPA's main purposes was

to compel habeas petitions to be filed promptly after conviction and direct review . . . . To bypass

these restrictions for reasons other than those given in the statute could be defended, if at all,

only for the most exigent reasons").

**II.    The Petitioner Has Failed to Meet the Requirement That he Exhaust His Claims in State Court.**

The petitioner asserts that he is not required to exhaust his state court remedies because,

he alleges, the state courts have "inordinately delayed the matter to [his] prejudice." *See*

Petitioner's Memorandum, pp. 10-11.   However, whatever delays the petitioner may have

encountered in the time his state habeas petition has been pending,[3] it cannot now be disputed

that the plaintiff has finally received a hearing on the merits of his petition. *See Affidavit of*

*David Slade,* filed herewith as Exhibit A, ¶ 2; *see also* Petitioner's Memorandum, p. 6.  The

matter is currently taken under advisement by Justice Chernoff of the Massachusetts Superior

Court.  *See id.*  Once the Superior Court issues its ruling on the motion to dismiss, the petitioner

will have the option of appealing the ruling if he believes the Superior Court's ruling to be in

error.  The Supreme Court has held that "[i]t would be unseemly in our dual system of

government for a federal district court to upset a state court conviction without an opportunity to

the state courts to correct a constitutional violation." *Picard v. Connor,* 404 U.S. 270, 275

(1971), quoting *Darr v. Buford*, 339 U.S. 200, 204 (1950).   Accordingly, this Court should

decline to hear the petitioner's claims until the petitioner has exhausted them in the

---

[3] As is noted in the "Statement of Proceedings" section of the Petitioner's Memorandum, the Superior Court dismissed the petitioner's state habeas claim on May 28, 2004. *See* Petitioner's Memorandum, pp. 4-5. The petitioner, however, requested a hearing on the motion before the judgment would become final, and the Superior Court set a hearing date of December 3, 2004. *See id.,*  pp. 5-6.  At the December 3, 2004, session, Justice Wendie I. Gershengorn decided that Justice Chernoff should conduct any hearing on the matter. *Id.*

Massachusetts state courts.

## CONCLUSION

For the foregoing reasons, and for the reasons set forth in the memorandum of law in

support of the respondent's motion to dismiss, the respondent respectfully requests that this

Court dismiss the instant petition for a writ of habeas corpus.


Respectfully submitted,

LUIS SPENCER,

By his attorneys,

THOMAS F. REILLY
ATTORNEY GENERAL


/s/ Maura D. McLaughlin
Maura D. McLaughlin
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200 ext. 2857
BBO No. 634923

Dated: October 13, 2005


## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon counsel for the
petitioner, Darrien Goetzendanner, on October 13, 2005, by depositing the copy in the office
depository for collection and delivery by first-class mail, postage pre-paid, addressed as follows:
Joseph F. Krowski, Sr., Esq., Law Offices of Joseph F. Krowski, Esq., 30 Cottage Street,
Brockton, Massachusetts 02301.


/s/ Maura D. McLaughlin

Maura D. McLaughlin