UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DARRIEN GOETZENDANNER )
)
Petitioner, )
)
v. ) Civil Action No. 05-11553-JLT
)
LUIS SPENCER, Superintendent, )
)
Respondent. )

## RESPONDENT'S SUPPLEMENTAL REPLY TO OPPOSITION TO MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS

### INTRODUCTION

The respondent, Luis Spencer, hereby appears and supplements his filings with respect to the his motion to dismiss the petition for a writ of habeas corpus to bring to the Court's attention certain actions in the state court proceedings which have occurred since the last filing in this case which bear on the respondent's argument concerning exhaustion.

### BACKGROUND

Since the filing of the respondent's reply brief on October 13, 2005, the following relevant facts have transpired: On October 13, 2005, the Massachusetts Superior Court (Chernoff, J.), issued a memorandum and ruling on the habeas petition which the petitioner had filed in state court. *See* Memorandum and Ruling on the Petition for a Writ of Habeas Corpus, attached hereto as Exhibit A; *see also* Judgment, attached hereto as Exhibit B. On November 2, 2005, the petitioner served a Notice of Appeal expressing his intent to appeal the Superior Court's order. *See* Notice of Appeal, attached hereto as Exhibit C.

## ARGUMENT

**The Petitioner's Claim Should Not Be Addressed by this Court While the Same Claim in Pending Before the Massachusetts Appeals Court.**

Based upon the well-established principle that federal courts will not intervene where the federal court's action would greatly disrupt the state court's proceedings, it is clear that this Court should at this time refrain from addressing the petitioner's claim. The subject matter of the petitioner's claims are being presented to the Massachusetts Appeals Court. *See* Notice of Appeal, Exhibit C. As of this date, the Appeals Court has not had the opportunity to review the petitioner's claims. If this Court were to rule on the question of whether the petitioner's confinement is unlawful while this same question is pending in the Massachusetts Appeals Court, such a decision would "seriously disrupt state judicial processes. *See In re Justices of the Superior Court*, 218 F.3d 11, 18 n.5 (1st Cir. 2000). "It would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation." *Picard v. Connor*, 404 U.S. 270, 275 (1971), quoting *Darr v. Buford*, 339 U.S. 200, 204 (1950). Accordingly, this Court should decline to hear the petitioner's claims until the petitioner has exhausted them in the Massachusetts state courts.

## CONCLUSION

For the foregoing reasons, and for the reasons set forth in the memorandum of law in support of the respondent's motion to dismiss and the respondent's reply brief, the respondent respectfully requests that this Court dismiss the instant petition for a writ of habeas corpus.

Respectfully submitted,

LUIS SPENCER,

By his attorneys,

THOMAS F. REILLY
ATTORNEY GENERAL

_____
Maura D. McLaughlin
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200 ext. 2857
BBO No. 634923

Dated: December 8, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon counsel for the petitioner, Darrien Goetzendanner, on December 8, 2005, by depositing the copy in the office depository for collection and delivery by first-class mail, postage pre-paid, addressed as follows: Jason Howard, Esq., Law Offices of Joseph F. Krowski, Esq., 30 Cottage Street, Brockton, Massachusetts 02301.

_____
Maura D. McLaughlin

# EXHIBIT A

Case 1:05-cv-11153-JLT    Document 145-2    Filed 12/09/2005    Page 4 of 14

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.                                               SUPERIOR COURT
                                                           CIVIL NO. 03-01010

DARRIEN GOETZENDANNER

vs.

LUIS SPENCER,
Superintendent, MCI-Norfolk, and

MICHAEL TOLDEO,
Deputy Superintendent, MCI-Norfolk

## MEMORANDUM AND RULING ON THE PETITION FOR A WRIT OF HABEAS CORPUS, RESPONDENTS' MOTION TO DISMISS THE PETITION, AND PETITIONER'S MOTION FOR JUDGMENT ON THE PLEADINGS

### INTRODUCTION

On May 9, 2003, Darrien Goetzendanner ("Petitioner") filed a Petition for a Writ of Habeas Corpus in the Norfolk Superior Court. On June 5, 2003, the Regional Administrative Justice, through a margin note, indicated that the case should enter and be sent to a tracking session for a hearing. Luis Spencer and Michael Toldeo ("Respondents") subsequently filed a Motion to Dismiss, and this judge, who was assigned to a tracking session, reviewed the pleadings and on June 1, 2004 ruled on the merits of the motion without granting a hearing. It is this judge's view that hearings are not required for all Habeas Corpus Petitions; rather the granting of a hearing is discretionary. However, this judge regrets that his actions were inconsistent with the margin note of the intake judge. Counsel for the Petitioner was appropriately diligent in pursuing this matter further and this judge has elected to bring the attorneys and the Petitioner himself before the Court for a hearing on the merits of the dispositive Motion to Dismiss, which also constitutes a hearing on the Petitioner's Rule 12(c) Motion for Judgment on the Pleadings. Although this

judge has the same resolve at this time as he had in June 2004 as to the merits of the Petition, the discretionary hearing was very helpful to the resolution of the case.[1]

The Petitioner may have been aggrieved by the actions of the Superior Court and/or the Parole Board and/or the Department of Correction, but even if the issues raised by those actions were resolved in his favor, it would not command the immediate release of the Petitioner. These actions may well give rise to an action for declaratory relief or to an action for habeas corpus at some time in the future. Focusing on the Petitioner's demand for immediate release based on the theory that he is currently serving an invalid sentence, this Court finds that there is no merit to the Petition.

## THE OPERATIVE FACTS

On March 26, 1992, the Petitioner was held on a bail of $5,000 pursuant to his arrest for aggravated rape. The Petitioner never made bail. On March 31, 1992, the Parole Board issued a parole violation warrant that was lodged against the Petitioner as a detainer. At that time, the Petitioner had four years remaining on his parole sentence. On February 5, 1993, the Petitioner was convicted and sentenced by Simons J. to 20-30 years "to be served from and after the expiration of all previous sentences which you have been ordered to serve." The Petitioner was awarded 320 days of jail credit for the time served while awaiting trial. The Parole Board's institutional parole officer, in an attempt to carry out the terms of the judge's sentence, served the parole violation warrant later in the day after the petitioner was transported and logged in at MCI-Cedar Junction. Upon execution of the parole warrant, the Department of Correction started crediting the Petitioner with service on the four years remaining on the revoked parole

---

[1] At the hearing, the Petitioner was permitted to supplement the oral presentation of his attorney.

sentence. After discharge of the parole sentence in February of 1997, the Department of Correction began crediting the Petitioner with time on the 20-30 year intervening sentence, after first applying the 320 days of jail credit.

## RULINGS

The Parole Board did not have a statutory right to execute its detainer after the imposition of the intervening sentence. By the express language of G. L. c. 127, § 149:

> Service of the parole violation warrant shall be made effective forthwith upon arrest and imprisonment of the parole violator unless he is convicted of commission of a crime or found guilty of violating the conditions of federal or another state's parole or probation, then service of said parole violation warrant shall not be effective until the expiration of any additional sentences by parole or otherwise.

Moreover, Title 120, Section 303:16 of the Code of Massachusetts Regulations states, *inter alia*, that, "[t]he parole violation warrant must be served prior to the imposition of any sentence for a crime committed on parole in order for such sentences to run concurrently or consecutively to the underlying sentence." 120 Code Mass. Regs. § 303.16(2)(b)(2) (2005).

When the sentencing judge pronounced the intervening sentence and revoked the bail, the 20-30 year intervening sentence commenced then and there. Thereafter, the Parole Board executed the parole violation warrant later in the day. Consequently, the Parole Board action was contrary to the requirements of Section 149 because the Petitioner had been "convicted of [the] commission of a crime" at the time the Parole Board executed the parole violation warrant. Even if the execution of the warrant were construed as happening before the effective service of the 20-30 year intervening sentence, the execution was still prohibited because the Petitioner was held in lieu of bail until imposition of the intervening sentence.

3

The execution of the parole warrant involved a violation of the state statute, but did not involve state or federal constitutional rights. The Petitioner argues that, with the expiration of the parole sentence, the Petitioner could not "resume" the intervening sentence and hence the 20-30 year intervening sentence should be invalidated and he should be set free. There is neither case nor statutory law to support such a position.[2]

The clear statutory purpose of G. L. c. 127, § 149 is to insure that a revoked parole sentence is served consecutively with a sentence for a crime committed while on parole. The only way in which the parole violator can potentially escape such a statutory consequence is to make bail or convince the court pre-trial to release him on his own recognizance so that the Parole Board can execute its parole violation warrant.[3] Of course, the parolee can escape the consequences of a consecutive sentence if the Parole Board either lifts the detainer or withdraws the parole warrant.

It should be noted that the Petitioner sought relief from the Hampden Superior Court in 2001 pursuant to a Motion for a New Trial on four grounds: (1) counsel's failure to request certain instructions; (2) the judge's failure to give certain instructions; (3) improper bolstering of the credibility of the complaining witnesses; and (4) unlawful sentencing on the underlying convictions. The Court, Velis J., denied the Motion for a New Trial, and his ruling which is embodied in a Memorandum of Decision and Order on Defendant's Motion for a New Trial is presently before the Appeals Court. As to the "Unlawful Sentences" claim, Judge Velis found,

---

[2] Unlike the cited case of Townsend v. Burke, 334 U.S. 736 (1948), this case does not involve a sentencing based upon materially untrue assumptions.

[3] In this judge's experience, this has happened on occasion as part of a plea agreement where the defendant's bail is reduced to personal recognizance, the parole violator's warrant is served, and the defendant then pleads guilty on the pending charge. Under such circumstances, the judge would have the authority to sentence concurrently with the parole violation sentence. See 120 Code Mass. Regs. § 303.16(2)(b)(2) (2005).

as does this judge, that the execution of the parole violator's warrant was not a violation of the Petitioner's constitutional rights. Judge Velis appreciated that the parole sentence was improperly executed and resolved the issue by stating that the 20-30 year intervening sentence should be deemed to be running from the date of imposition, and that "The defendant, therefore, will not commence serving his parole violation sentence until the expiration of the concurrent sentences he is presently serving.[4]"

When this judge queried counsel as to whether the decision of Judge Velis regarding the "Unlawful Sentences" claim was the law of the case subject only to the review of the Appeals Court, counsel responded that that portion of his ruling was dicta because Judge Velis was only called upon to decide whether a new trial should be granted. Since this judge is only called upon to decide whether or not the Petitioner should be immediately released, any decision as to the viability of the four-year parole violation sentence would be dicta. Even if this Court were to determine that the execution of the warrant rendered the four-year sentence invalid and would never have to be served,[5] the Petitioner has neither completed service of, nor has he been paroled on, the 20-30 year sentence and hence he could not be released by this Court. It would seem that the Petitioner might have a declaratory relief avenue available to determine his present parole eligibility. Such an action might require a Court to address whether the "unlawful sentences" portion of the decision of Judge Velis would be the "law of the case" as to the liability of the petitioner regarding the service of the four-year parole violation sentence. This judge has jurisdiction on this Habeas Corpus Petition to rule only on the issue of immediate release.

---

[4] Memorandum of Decision and Order on Defendant's Motion for a New Trial, Velis J., page 7.

[5] The determination on the validity of that sentence may be for another day.

5

## ORDER

Accordingly, the Petition for a Writ of Habeas Corpus is **DENIED**, Respondents' Motion to Dismiss the Petition is **ALLOWED**, and the Petitioner's Motion for Judgment on the Pleadings is **DENIED**.

*[signature]*
Paul A. Chernoff
Justice of the Superior Court

DATE: October 13, 2005

A TRUE COPY
Attest: *[signature]*
10/25/05
RECEIVED & FILED
CLERK OF THE COURTS
NORFOLK COUNTY

6

# EXHIBIT B

RECEIVED
OCT 26 2005
DEPT. OF CORRECTION

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK ss,                                             SUPERIOR COURT
                                                        CIVIL ACTION
                                                        NO 03-1010

DARRIEN GOETZENDANNER                                   Petitioner

vs.

LUIS SPENCER, Superintendent MCI-Norfolk and            Respondent(s)
MICHAEL TOLEDO, Deputy Superintendent, MCI-Norfolk

### JUDGMENT

This action came on for review before the Court, Chernoff, J., presiding, and the issues having been duly considered on the papers including the respondent's motion to dismiss the petition for writ of habeas corpus and petitioner's motion for judgment on the pleadings

IT IS ORDERED AND ADJUDGED:

The petition for writ of habeas corpus is denied, respondents' motion to dismiss the petition is allowed, and the petitioner's motion for judgment on the pleadings is denied. Petition for habeas corpus is dismissed.

(Chernoff, J.)

_____
Assistant Clerk

Dated: October 25, 2005 at Dedham, Massachusetts

A TRUE COPY
Attest: _____
Deputy Assistant Clerk
10/25/05

# EXHIBIT C

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss                                                    DEDHAM SUPERIOR COURT
                                                               CIVIL NO: 03-01010

                                              )
DARRIEN GOETZENDANNER                         )
       Petitioner                             )
                                              )
v.                                            )
                                              )
LUIS SPENCER, Superintendent,                 )
MCI Norfolk, and MICHAEL TOLEDO               )
Deputy Superintendent, MCI-Norfolk            )
       Respondents                            )
                                              )

## NOTICE OF APPEAL

Pursuant to Rule 3 of the Massachusetts Rules of Appellate Procedure, the Petitioner, Darrien Goetzendanner, gives notice of his intent to appeal certain opinions, rulings, findings, and judgments of the court in the above captioned matter including, but not limited to, an October 25, 2005, Judgment dismissing the petitioner's Petition for Habeas Corpus based upon an October 13, 2005, <u>Memorandum and Ruling on the Petition for a Writ of Habeas Corpus, Respondents' Motion to Dismiss the Petition, and Petitioner's Motion for Judgment on the Pleadings</u>. (Chernoff, J.).

By his Attorney

*[signature]*
JOSEPH F. KROWSKI, ESQUIRE
LAW OFFICE OF JOSEPH F. KROWSKI
30 Cottage Street
Brockton, MA 02301
(508) 587-3701
BBO: 280540

Date: November 2, 2005