UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DARRIEN GOETZENDANNER )<br>)<br>Petitioner )<br>)<br>v. )<br>)<br>LUIS SPENCER, Superintendent, )<br>)<br>Respondent. )<br>) | C.A. No. 05-11553-JLT |

## REPORT AND RECOMMENDATION ON RESPONDENT'S MOTION TO DISMISS

SOROKIN, M.J.

Respondent moves to dismiss the Petition on the grounds both that it is untimely and that Petitioner has failed to exhaust his remedies in state court. Petitioner opposes. For the reasons set forth below, I recommend that the Court ALLOW the Respondent's Motion and Dismiss the Petition.

### BACKGROUND

On February 5, 1993, a jury sitting in the Berkshire County Superior Court convicted Petitioner of multiple crimes, including two counts of aggravated rape, two counts of assault and battery with a dangerous weapon and one count of kidnapping. This conviction became final on October 6, 1997, ninety days after the Massachusetts Supreme Judicial Court affirmed Petitioner's conviction. At the time of Petitioner's arrest on these charges he was on parole from an earlier conviction.

The instant petition challenges Petitioner's confinement on one ground only: that he has been incarcerated past the point at which he is entitled to release, due to an unlawful implementation of the sentence he received on the above offenses combined with the remainder of his sentence from the conviction for which he was on parole.

On June 5, 2003, Petitioner filed a petition for a writ of habeas corpus with the Massachusetts Superior Court for Norfolk County raising the very issue set forth in this federal petition. On June 1, 2003, without a hearing, the court (Chernoff, J.) granted a motion to dismiss filed by Respondent. Petitioner was unhappy with the outcome and with the process, in light of an earlier margin note from a different judge of the superior court, which note indicated that the court would hold a hearing.

Petitioner raised this issue with the superior court. A series of aborted hearings and delays ensued arising from the unavailability of clerks or judges. Further delay ensued when the matter did come before the superior court for a hearing in December 2004, but the judge sitting that day determined that the matter should be deferred for consideration by the original motion judge. Ultimately, on September 29, 2005, Petitioner received a hearing before the original motion judge (Chernoff, J.) on the Motion to Dismiss and Petitioner's corresponding Motion for Judgment under Mass. R. Civ. P. 12(c). On October 13, 2005, Petitioner received a written decision from the superior court denying his Motions and reaffirming the decision to grant the Respondent's Motion to Dismiss. Judgment has entered and Petitioner has filed a Notice of Appeal. That appeal remains pending before the Massachusetts Appeals Court.

Other matters remain pending in the Commonwealth's courts. While pressing for the hearing that he eventually obtained before the motion judge, Petitioner filed a mandamus petition

with the single justice of the Supreme Judicial Court. The single justice denied the petition; Petitioner appealed to the full bench of the SJC, and it appears that this appeal is still pending. In addition, Petitioner filed a Motion for New Trial in the Hampden Superior Court in 2001, which was denied. Petitioner's appeal from that decision is presently pending before the Massachusetts Appeals Court.

DISCUSSION

The "federal court should not consider questions posed in a habeas petition until the 'power of the highest state court in respect to such questions' has been exhausted." Mele v. Fitchburg District Court, 850 F.2d 817, 819 (1st Cir. 1988)(quoting United States ex rel. Kennedy v. Tyler, 269 U.S. 13, 17 (1925)); see also Rose v. Lundy, 455 U.S. 509, 518-19 (1982). Petitioner does not dispute this settled principle of law.

Rather, Petitioner argues that this court may exercise jurisdiction over an unexhausted habeas petition when the state places obstacles in the way of a petitioner's efforts to seek remedies for his unconstitutional restraint. Petitioner's Opposition Memo. at 10 (citing Bartone v. United States, 375 U.S. 52, 53 (1963) and Wells v. Marshall, 885 F. Supp. 314, 316 (D. Mass. 1995)). On the record before the court, these cases have no application to the present Petition. The superior court ruled conclusively on Petitioner's state court petition and judgment has entered. Petitioner's appeal is pending before the Massachusetts Appeals Court. Nothing in the record suggests that either the Appeals Court or the Commonwealth is blocking resolution of this appeal. Whatever difficulties Petitioner encountered in the superior court were resolved while the parties were briefing the Motion to Dismiss filed in this court. Accordingly, as the Petitioner has not exhausted his remedies in state court, I recommend that the Respondent's Motion to

3

Dismiss be allowed.

## CONCLUSION

For the foregoing reasons, I recommend that the Court ALLOW Respondent's Motion to Dismiss the Petition (Docket #10) for failure to exhaust.[1]

                                        /s/ Leo T. Sorokin
                                        Leo T. Sorokin
                                        UNITED STATES MAGISTRATE JUDGE

Date: December 29, 2005

---

[1] The parties are advised that, under the provisions of Rule 3(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party objecting to the proposed findings and recommendations of this Report and Recommendation must file a written objection thereto within 10 days of receipt of this Report and Recommendation. The written objections must identify with specificity the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections. See Fed. R. Civ. P. 72. The parties are further advised that the United States Court of Appeals for the First Circuit has repeatedly held that failure to comply with this Rule shall preclude further appellate review.